# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MELVIN DAVIS, WAYNE ANDERSON, SHAWNETTA JORDAN and DAKOTA KING, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>MAGNA INTERNATIONAL OF AMERICA, INC., et al.<br>            Defendants. | CIVIL ACTION NO.:<br>2:20-cv-11060-NGE-RSW<br><br>**Hon. Nancy G. Edmunds**<br><br>**Magistrate R. Steven Whalen** |

## JOINT DISCOVERY PLAN

A Rule 16 Scheduling Conference is scheduled for May 25, 2021 at 10:00 a.m. Appearing for the parties will be:

Plaintiffs: Mark Gyandoh and Gabrielle P. Kelerchian (Capozzi Adler)

Defendants: Mark B. Blocker (Sidley Austin LLP), Thomas G. McNeill (Dickinson Wright PLLC)

**1. JURISDICTION**

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, and pursuant to 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction over actions brought under Title I of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). This Court has personal jurisdiction over Defendants.

**2. JURY OR NON-JURY:** The Court has already ruled, and the parties agree, that this is a non-jury case.

1

3. **STATEMENT OF THE CASE**

**For Plaintiffs:**
The Plaintiffs, Melvin Davis, Wayne Anderson, Shawnetta Jordan, and Dakota King (hereinafter, "Plaintiffs"), were employees of the Defendant, Magna International of America, Inc. (hereinafter, "Magna"). During their employment they participated in the retirement plan offered by Magna known as the Magna Group of Companies Retirement Savings Plan (the "Plan"). The Plaintiffs allege in the Class Action Complaint (the "Complaint") that the Defendants breached their fiduciary duties under ERISA by, among other things, allowing the Plan to be charged excessive recordkeeping and administrative fees, imprudently selecting and retaining funds available to plan participants when identical lower cost alternatives were available, and selecting and failing to remove excessively expensive and poor performing funds.

The Plaintiffs seek to represent a group of similarly situated individuals who participated in the Plan from April 30, 2014 through the date of judgment ("Class Period"). Plaintiffs allege that the Defendants' actions have cost the Plan millions of dollars in lost retirement savings. Among other relief, pursuant to 29 U.S.C. §§ 1109(a) and 1132(a)(2), Plaintiffs seek to have Defendants restore to the Plan all losses caused by their breaches of fiduciary duties, and also restore any profits resulting from such breaches.

On March 31, 2021, the Court entered an order denying Defendants' motion to dismiss the complaint.

**For Defendants:**
Defendants will show that their oversight of the Plan has been exemplary and did not breach any fiduciary duty under ERISA. As to the recordkeeping claim, Defendants will show that the Plan's fees were in a reasonable range throughout the class period, and that Defendants negotiated for and obtained reductions in the fees midway through the class period. As to the investment options claims, Defendants will show that the relevant fiduciary committee had a rigorous process for reviewing investment options, and that the resulting investment options offered to participants were reasonable and prudent.

### 4. PENDENT STATE LAW CLAIMS

This case does not include state law claims.

### 5. MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held telephonically on Friday, May 14, 2021. Participating in the meeting were Mark K. Gyandoh and Gabrielle P. Kelerchian, on behalf of Plaintiffs, and Mark B. Blocker and Caroline Wood on behalf of Defendants.

### 6. CASE RESOLUTION PLAN

**For Plaintiffs:** Plaintiffs are amenable to mediation with a neutral mediator when enough discovery has taken place for Plaintiffs to realistically assess their case.

**For Defendants:** Defendants believe that mediation is premature at this time, but will revisit the issue after the parties have taken some discovery.

### 7. RULE 26(a)(1) DISCLOSURES

The Parties shall exchange initial Rule 26(a)(1) disclosures on June 14, 2021. The Parties agree that documents referenced by the Rule 26(a)(1) disclosures will be exchanged as soon as practicable after the disclosures are made.

### 8. DISCOVERY AND PRE-TRIAL SCHEDULE

The Parties propose the following pre-trial schedule:

A. The parties shall exchange initial Rule 26(a)(1) disclosures on June 14, 2021.

B. Fact discovery shall be completed by March 25, 2022.

C. Motions to amend or to add parties: July 25, 2021. Any motion to amend must be accompanied by the proposed amended pleadings, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with

all other counsel and shall state in the motion to amend whether or not the motion is opposed.

D. Disclosure of expert witnesses and reports:

    Plaintiffs: April 1, 2022

    Defendants: May 13, 2022

E. Depositions of expert witnesses: June 10, 2022.

F. Dispositive motions shall be filed July 18, 2022. Responses to dispositive motions shall be filed within 30 days after the filing of the motion. Optional replies may be filed within 21 days after the filing of the response.

G. Plaintiffs' Motion for Class Certification shall be due July 18, 2022.

H. Defendants' Response to Plaintiffs' Motion for Class Certification shall be due August 29, 2022.

I. Plaintiffs Reply in Support of Motion for Class Certification shall be due September 12, 2022.

## 9. DISCOVERY DISPUTES

No discovery disputes may be brought to the Court for resolution before lead counsel for all Parties has conducted an in-person or telephonic meeting and made a good faith effort to resolve any disputes. Discovery disputes that cannot be resolved after the meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery related motions. All discovery motions shall be filed by no later than forty-five days before the end of fact discovery.

## 10. ELECTRONIC DISCOVERY

The Parties have preservation steps in place to preserve any relevant electronic discovery in this case. The Parties are not aware at this time of any special issues relating to electronic discovery.

## 11. CONFIDENTIALITY ORDER

The Parties would like a confidentiality order entered before discovery begins. The parties shall file a proposed confidentiality order with the Court by June 25, 2021.

## 12. PRIVILEGED DOCUMENTS

To the maximum extent permitted by Fed. R. Evid. 502(d) and applicable law, the inadvertent production of documents protected by the attorney-client privilege or work product doctrine shall not be deemed a waiver of privilege by that fact alone and such documents shall be returned to the producing party.

## 13. NUMBER OF DEPOSITIONS

The parties agree to no more than ten depositions for each side.

## 14. INTERROGATORY LIMIT

The Parties agree to a maximum interrogatory limit of 15.

## 15. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:

The parties estimate a maximum trial length of approximately 10 to 14 days, and substantially shorter if some portions of the case are dismissed or not certified.

Dated:      May 18, 2021

Stipulated and approved:

| CAPOZZI ADLER, PC | SIDLEY AUSTIN LLP |
|---|---|
| */s/ Mark K. Gyandoh* <br> Mark K. Gyandoh <br> 312 Old Lancaster Road <br> Merion Station, PA 19066 <br> markg@capozziadler.com <br> (610) 890-0200 | */s/ Mark B. Blocker* <br> Mark B. Blocker <br> Eric S. Mattson <br> Benjamin I. Friedman <br> Caroline A. Wong <br> M. Caroline Wood <br> One South Dearborn St. |

**ANTHONY L. DELUCA, PLC**
Anthony L. DeLuca (P-64874)
14950 East Jefferson Avenue, Suite 170
Gross Pointe Park, MI 48230
anthony@aldplc.com
(313) 821-5905

*Counsel for Plaintiffs and the Putative Class*

Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
mblocker@sidley.com
emattson@sidley.com
benjamin.friedman@sidley.com
caroline.wong@sidley.com
cwood@sidley.com

**DICKINSON WRIGHT PLLC**
Thomas G. McNeill
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
tmcneill@dickinson-wright.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2021, a copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

> By: */s/ Mark K. Gyandoh*
> Mark K. Gyandoh