## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MELVIN DAVIS and DAKOTA KING, individually and on behalf of all others similarly situated,

              Plaintiffs,

    v.

MAGNA INTERNATIONAL OF AMERICA, INC., et al.,

              Defendants.

Case No. 2:20-cv-11060-NGE-RSW

Hon. Nancy G. Edmunds
Magistrate R. Steven Whalen

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Melvin Davis and Dakota King (collectively, "Plaintiffs"), individually and on behalf of the Magna Group of Companies Retirement Savings Plans (the "Plan"), respectfully submit this Motion for Class Certification (the "Motion") and hereby move this Court, pursuant to FED. R. CIV. P. 23, for an Order certifying this action ("Action") as a class action, appointing Plaintiffs as representatives of the proposed class defined below ("Class"), and appointing Plaintiffs' counsel as counsel for the Class ("Class Counsel"). For the reasons explained in the accompanying Memorandum of Law and other supporting papers,

Plaintiffs respectfully submit that the Court should certify the following proposed

Class:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014 through the date of judgment (the "Class Period").

In addition, for the reasons stated in the accompanying Memorandum of Law and supporting papers, Plaintiffs also respectfully submit that they should be appointed as representatives of the proposed Class and that their attorneys should be appointed as Class Counsel.

Pursuant to Local Civil Rule 7.1(a)(2), Plaintiffs' counsel, Mark K. Gyandoh, in good faith sought concurrence in the relief requested in this motion from Plaintiffs' counsel, Mark B. Blocker, during a phone call on March 1, 2022. Defendants' counsel has opposed the relief requested in the motion.

Dated: March 3, 2022                    Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/S/ Mark K. Gyandoh*
Mark K. Gyandoh
(*admitted pro hac vice*)
Gabrielle Kelerchian
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile:  (717) 233-4103
Email: markg@capozziadler.com
gabriellek@capozziadler.com

**CAPOZZI ADLER, P.C.**
Donald R. Reavey
(*admitted pro hac vice*)
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile:  (717) 233-4103
Email: donr@capozziadler.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2022, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By:  <u>*/s/Mark K. Gyandoh*</u>
Mark K. Gyandoh, Esq.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MELVIN DAVIS and DAKOTA
KING, individually and on behalf of
all others similarly situated,

               Plaintiffs,

     v.

MAGNA INTERNATIONAL OF
AMERICA, INC., et al.,

               Defendants.

Case No. 2:20-cv-11060-NGE-RSW

Hon. Nancy G. Edmunds

Magistrate R. Steven Whalen

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

I.  INTRODUCTION .....................................................................................1

II.  CONCISE STATEMENT OF THE ISSUES PRESENTED .....................4

   A.  Nature of the Plan ..........................................................................4

   B.  Defendants Were Fiduciaries of the Plan ......................................5

   C.  Named Plaintiffs ...........................................................................6

III.  STANDARD FOR CLASS CERTIFICATION .......................................7

IV.  PLAINTIFFS ASSERT VIABLE CLAIMS .............................................8

V.  ARGUMENT ..........................................................................................10

   A.  Plaintiffs Have Standing To Pursue Claims on Behalf of the Plan ...10

   B.  The Proposed Class Satisfies the Requirements of Federal Rule
       of Civil Procedure 23(a)................................................................ 12
       1.  The Proposed Class Satisfies the "Numerosity" Requirement
           of 23(a)(1)...............................................................................12

       2.  The Class Satisfies the "Commonality" Requirement of 23(a)(2)
           ..................................................................................................13

       3.  Plaintiffs' Claims Satisfy the "Typicality" Requirement
           of 23(a)(3)..............................................................................14

       4.  Plaintiffs Will Adequately Protect the Interest of the Class,
           Satisfying Rule 23(a)(4) .........................................................15

           a.  Plaintiffs Are Adequate Class Representatives......................15

           b.  Plaintiffs' Counsel Have No Conflicts With the Class,
               Are Qualified and Experienced, and Will Vigorously
               Prosecute This Action for the Class .......................................21

   C.  The Class May Be Properly Certified Under Rule 23(b)(1) ..............23

1.    Certification Under Rule 23(b)(1)(B) is Most Appropriate ........23

2.    Certification is Also Appropriate Under Section 23(b)(1)(A) ....24

VI.    CONCLUSION ......................................................................25

## <u>TABLE OF AUTHORITIES</u>

PAGE(S)

**Cases**

*In re AEP ERISA Litig.*,
2008 WL 4210352 (S.D. Ohio Sept. 8, 2008) ........................................................16

*Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*,
133 S.Ct. 1184 (2013) ...............................................................................................8

*In re Am. Med. Sys., Inc.*,
75 F.3d 1069 (6th Cir. 1996) ...................................................................................14

*Bacon v. Honda of Am. Mfg., Inc.*,
370 F.3d 565 (6th Cir. 2004) ............................................................................ 12, 13

*Baffa v. Donaldson*,
222 F.3d 52 (2d Cir. 2000)........................................................................................16

*Banyai v. Mazur*,
205 F.R.D. 160 (S.D.N.Y. 2002) .............................................................................13

*Beach v. JPMorgan Chase Bank, N.A.*,
2019 WL 2428631 (S.D.N.Y. June 11, 2019) .....................................................2, 11

*Beattie v. CenturyTel, Inc.*,
511 F.3d 554, 560 (6th Cir. 2007) ........................................................................7, 14

*Boley, et al. v. Universal Health Servs., Inc., et al.*,
2021 WL 859399 (E.D. Pa. Mar. 8, 2021).............................................................23

*Braden v. Wal-Mart Stores, Inc*,
588 F.3d 585 (8th Cir. 2009) ...................................................................................10

*Buus v. WAMU Pension Plan*,
251 F.R.D. 578 (W.D. Wash. 2008) ........................................................................21

*Cassell v. Vanderbilt Univ.*,
2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018) .......................................................11

*Cassell v. Vanderbilt Univ., et al.*,
No. 3:16-cv-02086 (M.D. Tenn. Oct. 23, 2018) ...................................................1, 2

*Clark v. Duke Univ.*,
2018 WL 1801946 (M.D.N.C. April 13, 2018) ...................................... 2, 10, 21, 24

*Coan v. Kaufman*,
457 F.3d 250 (2d Cir. 2006)........................................................................................3

*Cryer v. Franklin Templeton Res., Inc.*,
2017 WL 4023149 (N.D. Cal. July 26, 2017)............................................................2

*Cunningham, et al. v. WAWA, Inc., et al*,
387 F.Supp.3d 529 (E.D. Pa. 2019) ...........................................................................2

*Cunningham et al. v. Cornell Univ.*,
2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ..............................................................2

*Disselkamp v. Norton Healthcare, Inc., et al.*,
No. 3:18-cv-00048-GNS-CHL (W.D. Ky. March 1, 2021).......................................1

*Fuller, et al. v. SunTrust Banks, Inc., et al.*,
2018 U.S. Dist. LEXIS 113108 (N.D. Ga. June 27, 2018).....................................18

*General Tel. Co. of Southwest v. Falcon*,
457 U.S. 147 (1982)....................................................................................................7

*Glass Dimensions, Inc. v. State Street Bank & Trust Co.*,
285 F.R.D. 169 (D. Mass. 2012) .............................................................................11

*Griffin v. Glagstar Bancorp, Inc.*,
2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ........................................................2

*Gunnells v. Healthplan Servs., Inc.*,
348 F.3d 417 (4th Cir. 2003) ...................................................................................16

*Hay v. Gucci America, Inc., et al.*,
2018 WL 4815558 (D.N.J. Oct. 3, 2018)....................................................11

*Henderson, et al., v. Emory Univ., et al.*,
2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) ......................................2, 18

*Jacobs v. Verizon Communications, Inc.*,
2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020)...........................................19

*Johnson et al. v. Fujitsu Tech. and Bus. of Am., Inc.*,
250 F.Supp. 3d 460 (N.D. Cal. Apr. 11, 2017).........................................11

*Johnson v. Providence Health & Services, et al.*,
2018 WL 1427421 (W.D. Wash. Mar. 22, 2018) ......................................11

*Jones v. NovaStar Fin., Inc.*,
257 F.R.D. 181 (W.D. Mo. 2009).............................................................17

*Karg v. Transamerica Corp.*,
2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) ...............................Passim

*Koch v. Dwyer*,
2001 WL 289972 (S.D.N.Y. Mar. 23, 2001).............................................25

*Larson v. Allina Health Sys.*,
350 F.Supp. 3d 780 (D. Minn. 2018).........................................................11

*Leber, et al., v. Citigroup 401(k) Plan Inv. Comm.*,
323 F.R.D. 145 (S.D.N.Y. 2017) ..........................................................1, 2

*Leber v. Citigroup 401(k) Plan Investment Committee*,
2017 WL 5664850 (S.D.N.Y. Nov. 27, 2017).......................................... 11

*Marshall, et al., v. Northrop Grumman Corp.*,
2017 WL 6888281 (C.D. Cal. Nov. 2, 2017) .............................................2

*Massachusetts v EPA,*
549 U.S. 497 (2007)...................................................................................11

*Mass. Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985) ..................................................................................7

*McDonald v. Jones*,
2017 WL 372101 (E.D. Mo. Jan. 26, 2017) ...........................................11

*Mehling v. New York Life Ins. Co. et al.*,
246 F.R.D. 467 (E.D. Pa. 2007)...............................................................24

*In re: Merck & Co., Inc., Securities, Derivative & ERISA Litig.*,
2009 WL 331426 (D.N.J. Feb. 10, 2009) ...................................................2

*Moore v. Comcast Corp.*,
268 F.R.D. 530 (E.D. Pa. 2010)..................................................................2

*Moreno, et al., v. Deutsche Bank Ams. Holding Corp.*,
2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017)........................................2, 18

*New Directions Treatment Serv. v. City of Reading*,
490 F.3d 293 (3d Cir. 2007).....................................................................19

*In re Nortel Networks Corp. ERISA Litig.*,
2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009)...............................Passim

*Rankin v. Rots*,
220 F.R.D. 511 (E.D. Mich. 2004) .............................................................1

*Rozo v. Principal Life Ins. Co.*,
2017 WL 2292834 (S.D. Iowa May 12, 2017).............................................2

*Sacerdote v. New York Univ.*,
2018 WL 840364 (S.D.N.Y. Feb. 13, 2018)................................... 2, 16, 24

*In re: Schering-Plough Corp. Enhance ERISA Litig.*,
2012 WL 1964451 (D.N.J. Dec. 16, 2010).................................................2

*In re Schering Plough Corp. ERISA Litig.*,
589 F.3d 585 (3d Cir. 2009).......................................................................3

*Senter v. Gen. Motors Corp.*,
532 F.2d 511 (6th Cir. 1976) ....................................................................15

*Shanehchian v. Macys, Inc., et al.*,
2011 WL 883659 (S.D. Ohio March 10, 2011) ....................................1, 24

*Shirk v. Fifth Third Bancorp*,
2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) ........................... 1, 13, 24

*Sims v. BB&T Corp.*,
2017 WL 3730552 (M.D.N.C. Aug. 28, 2017)............................ 2, 15, 19

*Sprague v. General Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ....................................................................14

*Stanford* v. *Foamex, L.P.*,
263 F.R.D. 156 (E.D. Pa. 2009).................................................... 2, 15, 17

*Surowitz v. Hilton Hotels Corp.*,
383 U.S. 363 (1966)...................................................................................21

*Szczubelek v. Cendant Mortgage Corp.*,
215 F.R.D. 107 (D.N.J. 2003).....................................................................19

*Troudt v. Oracle Corp., et al.*,
325 F.R.D. 373 (D. Colo. 2018) .................................................................2

*Tussey v. ABB, Inc.*,
2007 WL 4289694 (W.D. Mo. Dec. 3, 2007) ...........................................11

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
2016 WL 4507117 (C.D. Cal. Aug. 5, 2016) ...........................................11

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
2017 WL 2655678 (C.D. Cal. June 15, 2017) ...........................................2

*Vellali v. Yale Univ.*,
33 F.R.D. 10 (D. Conn. 2019).....................................................................1

*Wal-Mart Stores, Inc. v. Dukes,*
564 U.S. 338 (2011) .................................................................... 13

*Wildman v. Am. Century Servs., LLC,*
2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) ..................................... 2, 21

*In re: Wilmington Trust Corp.,*
2013 WL 4757843 (D. Del. Sept. 4, 2013) ......................................... 4

*Yost v. First Horizon Nat'l Corp.,*
2011 WL 2182262 (W.D. Tenn. June 3, 2011) ..................................... 1

**Statutes**

29 U.S.C. § 1104 ....................................................................... 25

29 U.S.C. § 1132(a)(2) .............................................................. 4, 10

FED. R. CIV. P. 23 ................................................................ Passim

FED. R. CIV. P. 23(a) ............................................................. Passim

FED. R. CIV. P. 23(a)(2) .......................................................... 13, 14

FED. R. CIV. P. 23(a)(3) ............................................................. 14

FED. R. CIV. P. 23(a)(4) .......................................................... 15, 21

FED. R. CIV. P. 23(b) ................................................................. 7

FED. R. CIV. P. 23(b)(1) ........................................................ Passim

FED. R. CIV. P. 23(b)(2) ............................................................ 25

FED. R. CIV. P. 23(b)(1)(A) .................................................... 2, 24, 25

FED. R. CIV. P. 23(b)(1)(B) .................................................... Passim

FED. R. CIV. P. 23(g) ............................................................. 21, 22

FED. R. CIV. P. 23(g)(1)(A) ...................................................................21, 22

FED. R. CIV. P. 23(g)(1)(B) ....................................................21, 22, 23, 24

29 U.S.C. § 1104 ...........................................................................................25

29 U.S.C. § 1132(a)(2) ..............................................................................4, 10

29 U.S.C. § 1104(a)(1)(B)

**Other Sources**

Employee Retirement Income Security Act of 1974 ("ERISA") .............. 1, 2, 4, 22

Plaintiffs Melvin Davis and Dakota King (collectively, "Plaintiffs"), individually and on behalf of the Magna Group of Companies Retirement Savings Plans (the "Plan"), respectfully submit this memorandum in support of their motion for class certification.  Defendants oppose this motion.

## I.      INTRODUCTION

Plaintiffs allege claims under ERISA[1] § 502(a)(2) for breaches of fiduciary duty of the type routinely certified in this Circuit and courts throughout the country. *See, e.g.*, *Yost v. First Horizon Nat'l Corp.*, 2011 WL 2182262, at \*64, n. 82 (W.D. Tenn. June 3, 2011) (listing cases); *Cassell v. Vanderbilt Univ., et al.*, No. 3:16-cv-02086 (ECF No. 127) (M.D. Tenn. Oct. 23, 2018) (granting plaintiffs' motion for class certification); *Disselkamp v. Norton Healthcare, Inc., et al.*, No. 3:18-cv-00048-GNS-CHL (ECF No. 120) (W.D. Ky. March 1, 2021) (same); *Shanehchian v. Macys, Inc., et al.*, 2011 WL 883659 (S.D. Ohio March 10, 2011) (same); *Shirk v. Fifth Third Bancorp*, 2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) (same); *In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009) (same); *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004) (same).[2]  Indeed, "[i]n

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

[2] Many other recent decisions have certified classes in ERISA actions alleging breach of fiduciary duty due to inclusion of imprudent investment options in retirement plans.  *See, e.g. Karg v. Transamerica Corp.*, 2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) (certifying class alleging  defendants breached fiduciary duties by selecting poorly performing investment options); *Vellali v. Yale Univ.*, 33 F.R.D.

1

light of the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." *Griffin v. Glagstar Bancorp, Inc.*, 2013

---

10 (D. Conn. 2019) (certifying class in case alleging fiduciaries saddled retirement plan with investment options that charged excessive management fees); *Cunningham et al. v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) (same); *Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019) (same); *Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018) (same); *Leber, et al., v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017) (same); *Moreno, et al., v. Deutsche Bank Ams. Holding Corp.,* 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) (same); *Henderson, et al., v. Emory Univ., et al.*, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) (certifying class under 23(b)(1)(A) and (B)); *Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. April 13, 2018) (same); *Sacerdote v. New York Univ.,* 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) (same); *Troudt v. Oracle Corp., et al.*, 325 F.R.D. 373 (D. Colo. 2018) (certifying class and subclasses pursuant to Rule 23(b)(1)(A)); *Wildman v. Am. Century Servs., LLC,* 2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) (certifying class and subclasses pursuant to Rule 23(b)(1)); *Marshall, et al., v. Northrop Grumman Corp.*, 2017 WL 6888281 (C.D. Cal. Nov. 2, 2017) (certifying class and subclasses pursuant to Rules 23(a) and 23(b)(1)); *Sims v. BB&T Corp.*, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) (same); *Cryer v. Franklin Templeton Res., Inc.*, 2017 WL 4023149 (N.D. Cal. July 26, 2017) (certifying class and subclasses pursuant to Rule 23(b)(1)); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017) (same); *Rozo v. Principal Life Ins. Co.*, 2017 WL 2292834 (S.D. Iowa May 12, 2017) (certifying class and subclasses pursuant to Rules 23(a) and Rule 23(b)(1)(A)); *In re: Merck & Co., Inc., Securities, Derivative & ERISA Litig.*, MDL No. 1658, 2009 WL 331426, at *10-12 (D.N.J. Feb. 10, 2009); *Stanford* v. *Foamex, L.P.*, 263 F.R.D. 156, 175 (E.D. Pa. 2009); *In re: Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451 (D.N.J. Dec. 16, 2010); *Moore v. Comcast Corp.*, 268 F.R.D. 530, 538 (E.D. Pa. 2010); *Cunningham, et al. v. WAWA, Inc.*, *et al*, 387 F.Supp.3d 529 (E.D. Pa. 2019).

WL 6511860, at *6 (E.D. Mich. Dec. 12, 2013) (quoting *Schering Plough*, 589 F.3d at 604).

Plaintiffs seek to certify the following class pursuant to FED. R. CIV. P. 23(a) and (b)(1):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan,[3] at any time between April 30, 2014 through the date of judgment (the "Class Period").

Additionally, Plaintiffs respectfully request that this Court appoint them as representatives for the certified Class, and appoint their counsel, Capozzi Adler, P.C., ("Capozzi Adler") as Class Counsel.

As discussed below, Plaintiffs' ERISA claims satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b): (1) there are more than twenty-thousand participants in the Plan; (2) Plaintiffs are typical of the participants;  (3) common issues abound regarding the manner in which Defendants managed the Plan's assets;  and (4) Plaintiffs have retained experienced class counsel and are adequate to represent the interests of the class.[4] Notably, in addition to the decisions

---

[3] All capitalized and undefined terms used herein shall have the same meanings ascribed to them in the Complaint ("Cmplt.") (ECF No. 1).

[4] Plaintiffs seek class certification because it will likely afford Plan participants the best possible representation and the best protection of their interests (including via the Court's Rule 23(d) supervisory authority). *See, e.g.*, *Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006) (finding plaintiff's failure to proceed under Rule 23 meant the case was "without the benefit of a procedural mechanism for the protection of the interested parties").  However, Plaintiffs do not concede that class certification

cited above, dozens of ERISA actions alleging similar breaches of fiduciary duty have been certified in this Circuit and throughout the country.[5]   The same is warranted here.

## II.   CONCISE STATEMENT OF THE ISSUES PRESENTED

### A. Nature of the Plan

Magna International of America, Inc. ("Magna") is the Plan sponsor and a named fiduciary of the Plan.  *See* Gyandoh Decl. at ¶ 31 (citing Magna Group of Companies Defined Contribution Plans Investment Policy Statement dated March 10, 2015 ("IPS") (MGA-00010044)).  As a "defined contribution" retirement plan, the Plan enables its participants to invest money contributed from their salary or employer matching funds in a number of investment options.  *See* Gyandoh Decl. at ¶ 32 (citing The Magna Group of Companies Retirement Savings Plans Effective January 1, 2011 dated February 2016 ("2016 Plan Document") at 2 (MGA-00000454); The Magna Group of Companies Retirement Savings Plans Effective

is required for them to prosecute claims on behalf of the Plan and all participants. *See, e.g.*, *In re: Wilmington Trust Corp.*, 2013 WL 4757843, at *3 (D. Del. Sept. 4, 2013) (granting plaintiffs' motion to proceed derivatively on behalf of all plan participants without class certification, because of the nature of such claims).

[5] *See* Exhibit 3 to the accompanying Declaration of Mark K. Gyandoh (the "Gyandoh Decl.") (a non-exhaustive list of decisions certifying classes in ERISA breach of fiduciary duty actions like the instant action brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), including at least 25 decisions certifying classes in "excessive fee" suits).  All Exhibits referenced herein are attached to the Gyandoh Declaration.

January 1, 2016 dated June 2018 ("2018 Plan Document") at 2 (MGA-00000454, MGA-00000560)).

### B. Defendants Were Fiduciaries of the Plan[6]

Magna, as the Plan sponsor, "establishes the basic structure and objectives of the Plan and appoints the members of the Pension and Retirement Savings, and Investment Committees" (collectively, "Committee").  *See* Gyandoh Decl. at ¶ 35 (citing Magna Group of Companies Defined Contribution Plans Investment Policy Statement dated March 10, 2015 (MGA-00010046)).  The Pension and Retirement Savings Committee "is responsible for the preparation and maintenance of the Investment Policy Statement."  *Id.*  The Investment Committee "is responsible for prudently selecting investment options in accordance with this IPS."  *Id.*  The Plan's assets under management for all funds as of December 31, 2019 was $1,973,629. *See* Gyandoh Decl. at ¶ 39 (citing The Magna Group of Companies Retirement Savings Plans, Financial Statements and Supplemental Schedules, Years Ended December 31, 2019 and 2018 (MGA_00007935)).

Although not a Defendant in this action, several entities have a role in this litigation.  Gyandoh Decl. at ¶ 40.  Principal Financial Group ("Principal") provided recordkeeping and administrative services to the Plan from January 1, 2014 through

---

[6] To the extent any Defendants deny being a fiduciary, this will be a question decided on a class-wide basis.

the present.    *See* Gyandoh Decl. at ¶ 41 (citing Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories Directed to Defendants) ("Defs. Resp. to First Interrog."). Principal also provided certain investment advisory services to the Plan from January 1, 2014 through February 14, 2021.  Gyandoh Decl. at ¶ 42.  Other service providers to the Plan were Wilshire Associates Inc. ("Willshire"), which also provided investment advisory services, and CapFinancial Partners LLC ("CAPTRUST") which has provided investment advice and other Plan-related services to the Plan from February 15, 2021 through the present. Gyandoh Decl. at ¶ 43.

The prudent selection and monitoring of the investment options by the Committee is crucial to fulfill the purpose of the Plan, which is, among other things, "to provide eligible employees with a vehicle to help them save for retirement."  *See* Gyandoh Decl. at ¶ 44 (citing IPS at MGA-00010045).  There were at least over 20,000 participants each year during the Class Period.  *See* Gyandoh Decl. at ¶ 45 (citing 2014 through 2019 Form 5500s (MGA-00000001 through MGA-00007935)).  As of December 31, 2020 and August 1, 2021, there were 27,295 and 26,759 participants, respectively, with account balances in the Plan.  Gyandoh Decl. at ¶ 46 (citing Defs. Resp. to First Interrog.")

### C. Named Plaintiffs

Defendants admit each of the Named Plaintiffs was a participant in the Plan during the Class Period and was invested in one or more of the options currently at issue. Defendants Answer to Plaintiffs' Complaint (ECF No. 30) ("Defs. Answer") at ¶¶ 13, 16. Plaintiff Dakota King was a participant in the Plan during the Class Period and was invested in the Principle LifeTime Hybrid 2050 CIT. *See* Gyandoh Decl. ¶ 60; Exhibit 5, ¶ 5 (Declaration of Dakota King) ("King Decl."). Plaintiff Melvin Davis was a participant in the Plan during the Class Period and was invested in the Principle LifeTime Hybrid 2030 CIT. *See* Gyandoh Decl. ¶ 61; Exhibit 6, ¶ 5 (Declaration of Melvin Davis) ("Davis Decl.").

## III.   STANDARD FOR CLASS CERTIFICATION

Plaintiffs must show that the class satisfies the four prerequisites of Rule 23(a) (commonly referred to as numerosity, commonality, typicality, and adequacy), and that it "falls within one of the three types of class actions under Federal Rule of Civil Procedure 23(b)." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007). The Supreme Court has acknowledged the virtues of the class action device and the utility of FED. R. CIV. P. 23 in bringing private rights of action. *See, e.g.*, *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) ("[T]he class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23."); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985)

(noting that Congress expressed intent that ERISA "actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole").

Although courts must conduct a "rigorous" analysis of the Rule 23 elements, this is not a "license to engage in free-ranging merits inquiries at the certification stage." *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S.Ct. 1184, 1194–95 (2013). "Merits questions may be considered to the extent—but only to the extent— that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 1195.

## IV.   PLAINTIFFS ASSERT VIABLE CLAIMS

Plaintiffs' alleged facts are set forth in the Complaint and the Gyandoh Declaration.  *See* ECF No. 1; Gyandoh Decl. ¶¶ 9-12.  In short, the Plan plays a central role in the retirement planning for Plaintiffs and the other Class members, and thus the performance of their Plan investments will directly impact their financial security during retirement.  Accordingly, the prudent selection and monitoring of the investment options by the Committee is crucial to fulfill the purpose of the Plan, which is, among other things, "to provide eligible employees with a vehicle to help them save for retirement."  *See* Gyandoh Decl. at ¶ 44 (citing IPS at MGA-00010045).

In the Complaint, Plaintiffs assert the following claims: (1) Count I against the Committee Defendants for their failure to prudently manage the Plan's assets

because during the Class Period, "[t]hey did not make decisions regarding the Plan's investment lineup based solely on the merits of each investment and what was in the best interest of the Plan's participants" and "[i]nstead, the Prudence Defendants selected and retained investment options in the Plan despite the high cost of the funds in relation to other comparable investments." Cmplt. ¶ 131; and (2) Count II against the Monitoring Defendants for breach of their fiduciary duties to monitor the Prudence Defendants because, during the Class Period, they "fail[ed] to monitor and evaluate the performance of the Committee or have a system in place for doing so, standing idly by as the Plan suffered significant losses as a result of the Committees imprudent actions and omissions"; "fail[ed] to monitor the processes by which the Plan's investments were evaluated and the Committee's failure to investigate the availability of identical lower-cost funds"; and "fail[ed] to remove the Committee as a fiduciary whose performance was inadequate in that it continued to maintain imprudent, excessively costly, and poorly performing investments within the Plan." Cmplt. ¶ 139.

Fact and expert discovery is now closed. Plaintiffs deposed 3 members of the Committee, including a 30(b)(6) deposition of Magna's corporate designee, and have deposed two experts proffered by Defendants. Gyandoh Decl. ¶ 28. The depositions confirm the viability of Plaintiffs' claims. Nonetheless, Plaintiffs

understand there will be disputed issues of fact.  As set forth below, the claims here are ideally suited for class treatment.

### V.   ARGUMENT

#### A. Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan

A suit under 29 U.S.C. §1132(a)(2) is "brought in a representative capacity on behalf of the plan as a whole," and remedies under §1109 "protect the entire plan." *Braden v. Wal-Mart Stores, Inc*, 588 F.3d 585, 593 (8th Cir. 2009).  Thus, plaintiffs in an ERISA case like this one may seek recovery on behalf of the ***entire plan***, even if they did not personally invest in every one of the funds that caused injury.  The court in *Clark v. Duke University*, 2018 WL 1801946 (M.D.N.C. April 13, 2018), an analogous ERISA action, explained it this way:

> The cases cited by the defendants do not require a different conclusion. Those cases involve allegations that the ERISA fiduciaries breached their duties in buying or keeping specific funds in which the named plaintiff did not invest.
>
> ****
>
> That is not the case here, where the plaintiffs are invested in some of the challenged funds and where they allege that the breach of fiduciary duty arose from the overall decision-making processes, or lack thereof.
>
> 'At bottom, the gist of the question of standing is whether [plaintiffs] have such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination.'

*Id.* at * 4-5 (quoting *Massachusetts v EPA,* 549 U.S. 497, 517 (2007)); *see also Cassell*, 2018 WL 5264640 at * 3 (while certifying class, observing that like Plaintiffs here, "[p]laintiffs allege that Defendants failed independently to evaluate investment options and adequately to monitor those investments, resulting in injuries to the Plan…. [The   plaintiffs] were invested in only some of those allegedly imprudent funds. To the extent this allegedly imprudent practice of Defendants resulted in investment in allegedly imprudent funds, participants in those funds were injured.").  Nearly all courts that have examined the issue are in accord.[7]  Here, each of the Plaintiffs is a former participant in the Plan and participated in at least one of

---

[7] *See, e.g.*, *Hay v. Gucci America*, *Inc., et al.*, 2018 WL 4815558, at * 4 (D.N.J. Oct. 3, 2018) ("Although in certain types of matters, courts have found that a plaintiff cannot suffer an injury from an investment that he or she did not purchase, 'courts have declined to apply the above bright-line rule when addressing ERISA claims for breach of fiduciary duties.'") (citation omitted); *Beach v. JPMorgan Chase Bank, Nat'l Assn.,* 2019 WL 2428631, at *5 (S.D.N.Y. June 11, 2019) (finding plaintiffs had standing to assert claims related to funds in which they did not invest); *Larson v. Allina Health Sys.*, 350 F.Supp. 3d 780, 792 (D. Minn. 2018) (same); *Johnson v. Providence Health & Services, et al.*, 2018 WL 1427421, at * 4 (W.D. Wash. Mar. 22, 2018) (same); *Johnson et al. v. Fujitsu Tech. and Bus. of Am., Inc.*, 250 F.Supp. 3d 460, 465   (N.D. Cal. Apr. 11, 2017) (same); *Leber v. Citigroup 401(k) Plan Investment Committee*, 2017 WL 5664850, at * 6 (S.D.N.Y. Nov. 27, 2017)  (same); *Glass Dimensions, Inc. v. State Street Bank & Trust Co.*, 285 F.R.D. 169, 175 (D. Mass. 2012) (same); *Tussey v. ABB, Inc.*, No. 06-cv-4305, 2007 WL 4289694, *2 (W.D. Mo. Dec. 3, 2007) (same); *McDonald v. Jones*, 2017 WL 372101, at * 3 (E.D. Mo. Jan. 26, 2017) (same); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2016 WL 4507117, at *4-5 (C.D. Cal. Aug. 5, 2016) (same).

the challenged funds.  *See* Davis Decl., ¶ 5; King Decl., ¶ 5.  Plaintiffs also allege "Defendants breaches of their fiduciary duties, relating to their overall decision-making, resulted in the selection (and maintenance) of several funds in the Plan throughout the Class Period that wasted the assets of the Plan … because of unnecessary costs." Cmplt. at ¶ 75.  Accordingly, Plaintiffs have standing to pursue the Plan and class members' claims.

### B. The Proposed Class Satisfies the Requirements of Federal Rule of Civil Procedure 23 (a)

A class must first satisfy the four basic prerequisites of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. FED. R. CIV. P. 23(a); *Nortel Networks*, 2009 WL 3294827, at *4.  Plaintiffs have satisfied all four elements of Rule 23(a).

### 1. The Proposed Class Satisfies the "Numerosity" Requirement of 23(a)(1)

Rule 23(a)(1) calls for certification if "the class is so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).  With 20,000 Plan participants this factor is easily satisfied.[8]  *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (finding that a class of 800 was "well beyond the point

---

[8] *See* Gyandoh Decl. ¶ 45 (citing 2014 through 2019 Form 5500s (MGA-00000001 through MGA-00007935)).

that joinder would be feasible").

### 2. The Class Satisfies the "Commonality" Requirement of 23(a)(2)

Commonality concerns "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (resolution of issue must "advance the litigation."). "Even a single common question will do." *Dukes*, 564 U.S. at 359 (cleaned up). "Variations in the circumstances of class members are acceptable, as long as they have at least one issue in common." *Bacon*, 370 F.3d at 570).

"The commonality requirement is particularly easy to meet when the defendant has engaged in a course of conduct which gives rise to a single cause of action." *Nortel*, 2009 WL 3294827, *5. Typically, "the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries." *Shirk*, 2008 WL 4425535, *2 (quoting *Banyai v. Mazur,* 205 F.R.D. 160, 163 (S.D.N.Y. 2002)).

Here, the overarching questions of law and fact applicable to all Plan participants are whether Defendants breached fiduciary duties owed to the Plan and its participants by: selecting and retaining investment options in the Plan despite the high cost of the funds in relation to other comparable investments;  failing to investigate the availability of lower-cost share classes of certain mutual funds in the

Plan; and failing to monitor or control the compensation paid for recordkeeping and administration services. *See* Gyandoh Decl., ¶¶ 9-12.  Moreover, as noted *supra* in Section II, all Plan participants were subject to the Committee's decisions about selection of Plan investments. *See Wal-Mart*, 564 U.S. at 355.  All of these questions are sufficient to satisfy plaintiffs' burden under Rule 23(a)(2) because they all "are focused solely on Defendants and their actions, and will require the same proof for all class members."  *Nortel*, 2009 UWL 3294827, *8.  Consequently, "for purposes of Rule 23(a)(2), the proposed class satisfies the requirement that all its members have at least one issue in common."  *Nortel*, 2009 UWL 3294827, *6.

### 3. Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3)

Under FED. R. CIV. P. 23 (a)(3), Plaintiffs also must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class."  FED. R. CIV. P. 23 (a)(3).  A plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie*, 511 F.3d at 561 (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082). Conversely, typicality is lacking if the plaintiff can prove his own claim but not "necessarily have proved anybody's else's claim." *Id*. (quoting *Sprague*, 133 F.3d at 399). However, "a representative's claim need not always involve the same facts or law, provided there

is a common element of fact or law." *Id*. (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 525 n.31 (6th Cir. 1976)).

Here, Plaintiffs easily satisfy the typicality prong of Rule 23 because "[a]s common investors in the Challenged Funds, plaintiffs and proposed class members allege similar harm resulting from defendants' alleged fiduciary breaches.  In fact, the harm may be identical."  *Karg*, 2020 WL 3400199, at * 3;  *see also Stanford*, 263 F.R.D. at 167 (finding typicality requirement satisfied "because plaintiff challenges the same conduct that affects both the plaintiff and the absent class members");  *Sims v. BB&T Corp*., 2017 WL 3730552, at*4 (M.D.N.C. Aug. 28, 2017) (finding typicality where "each named plaintiff's claim and each class member's claim is based on the same events and legal theory—a breach of fiduciary duty stemming from the defendants' alleged disloyal and imprudent process for selecting, administering, and monitoring the [p]lan's investments" and where "the remedial theory . . . is identical for the named plaintiffs and the class members.") (citations omitted).

### 4. Plaintiffs Will Adequately Protect the Interest of the Class, Satisfying Rule 23(a)(4)

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a)(4).

### a.  Plaintiffs Are Adequate Class Representatives

"When considering the named Plaintiffs' involvement in the case, 'the threshold for establishing adequacy is quite low.'" *Nortel*, 2009 WL 3294827, *12 (quoting *In re AEP ERISA Litig.*, 2008 WL 4210352, at *2 (S.D. Ohio Sept. 8, 2008)). A representative need not have detailed knowledge of the facts, particularly in complex cases "in which the defendant's liability can be established only after a great deal of investigation and discovery by counsel against a background of legal knowledge[.]" *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003); *Baffa v. Donaldson*, 222 F.3d 52, 61 (2d Cir. 2000)(noting Supreme Court has "expressly disapproved" attacking "the adequacy of a class representative based on the representative's ignorance."). The more important factor is whether the plaintiff is willing and able to devote time to the case by participating in discovery. *See Nortel*, 2009 WL 3294827, *13 (plaintiffs adequate where they maintained contact with counsel, reviewed complaint, and generally understood the claims).

Further, the interests of all Plan participants are aligned because the named Plaintiffs "have identical legal and effectively identical financial interests in this action as do the proposed class members" *Sacerdote*, 2018 WL 840364, *4. Plaintiffs have no interests antagonistic with each other, the Class, or any segment of the Class. To the contrary, Plaintiffs' interests are identical to those of the Class. Named Plaintiffs seek to establish Defendants breached their fiduciary duties by continuing to offer inferior investment alternatives and pay excessive recordkeeping

fees which caused the Plan and its participants an economic loss.  As such, each member of the proposed Class, just like the Named Plaintiffs, has a similar interest in recovering losses suffered by the Plan as a result of the conduct of the Defendants. In other words, Plaintiffs, like all Class members, were participants during the Class Period, and they seek Plan-wide relief for Defendants' identical breaches of fiduciary duty that equally affected similarly situated participants, as discussed above. *See, e.g.*, *Stanford*, 263 F.R.D. at 171("Because Stanford is challenging the same course of conduct and seeking the same relief as the rest of the absent class members, the court finds that Stanford's interests are sufficiently aligned with the those of the class.");  *Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 192 (W.D. Mo. 2009) ("There is no indication that [plaintiff's] interests are antagonistic to those of the class (citation omitted). . . .Again, in an action seeking to recover on behalf of a plan, the focus is on the impact of the defendants' actions on that plan.  Indeed [plaintiff] has an incentive to maximize recovery to the Plan because she will be affected.").

Plaintiffs must prove the same wrongdoing by Defendants as any and every absent Class members would need to show to establish Defendants' liability. Moreover, each Plaintiff has confirmed that he is ready, willing, and able to fulfill the duties required of a class representative.  Each Plaintiff has submitted a declaration attesting to his efforts to date and confirming their desire to serve as a

representative of the Class.  Up to this point in this litigation, they have: reviewed the allegations in the Complaint and provided information to counsel prior to the initiation of this action; provided documents and assisted counsel in discovery matters; maintained regular communication with counsel in order to stay informed about the case; and presented for a deposition.  *See* Davis Decl., ¶ 9; King Decl., ¶ 9.  As noted in their declarations, Plaintiffs understand their responsibilities and duties as class representatives and will take all steps necessary to protect the interests of the proposed Class.  *See* Davis Decl., ¶¶ 10-11; King Decl., ¶¶ 10-11.  Courts have relied upon similar declarations as evidence of the named plaintiffs' adequacy. *See, e.g.*, *Karg*, 2020 WL 3400199, at * 3 (noting plaintiffs "have submitted signed declarations to the Court attesting to their active participation here, their willingness to undertake additional responsibility, and their understanding of their role as class representatives to fairly and adequately protect the class members' interests."); *Henderson,* 2018 WL 6332343, at *7 (finding adequacy prong met where, among other things, plaintiffs "submitted affidavits attesting to their participation in [the] action and vowing to vigorously pursue the case."); *Fuller, et al. v. SunTrust Banks, Inc., et al.*, 2018 U.S. Dist. LEXIS 113108, at *17 (N.D. Ga. June 27, 2018) ("Although the affidavits are pro forma documents prepared by counsel, each Plaintiff signed at the bottom acknowledging that the affidavit contained their true contentions"); *Moreno,* 2017 WL 3868803, at * 7 ("Each Plaintiff has filed a

18

declaration attesting that they have reviewed the allegations of the [c]omplaint, are aware that the suit concerns allegations that [d]efendants' investment offerings were improper ...."); *Sims*, 2017 WL 3730552, at *5 (finding adequacy prong met where "[t]he Plaintiffs have declared that they will fairly and adequately represent the interests of the class, Docs. 147-1 to 147-12").

"A class representative need only possess 'a minimal degree of knowledge necessary to meet the adequacy standard.'" *New Directions Treatment Serv. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007) (quoting *Szczubelek v. Cendant Mortgage Corp.*, 215 F.R.D. 107, 119 (D.N.J. 2003)); *see also Jacobs v. Verizon Communications, Inc.*, 2020 WL 5796165, at * 9 (S.D.N.Y. Sept. 29, 2020) (finding adequacy met where "Plaintiff is 'aware of fundamental aspects of the case,' and that she has 'demonstrat[ed] [an] interest in the litigation [that] is considerable.'") Here, the evidence demonstrates Plaintiffs possess more than a "minimal degree of knowledge" necessary to satisfy the adequacy requirement. As addressed *supra*, Plaintiffs' declarations acknowledge Plaintiffs' intents to represent the interests of the class until the conclusion of this case. King Decl. at ¶¶ 10-11; Davis Decl. at ¶¶

10-11. Plaintiffs' deposition testimony demonstrated an understanding of the claims[9] and active participation in the lawsuit with the intent to represent the class.[10]

Plaintiffs need not possess an extensive financial background to meet the adequacy requirement. In fact, all of the Plaintiffs testified that they lack expertise

---

[9] Gyandoh Decl., Exhibit 6, King Deposition Tr. p. 36:6-9 ("Q: And what claims are you bringing in this case, Mr. King? A: Charging excessive fees as far as my 401(k)."); p. 36:22-23 ("Q: Have you read the complaint, Mr. King? A: I have."); Gyandoh Decl., Exhibit 7, Davis Deposition Tr. p. 65:24-25, 66:1-7 ("Q: Okay. Can you give me your general understanding, though, of what the complaint in this case says are the problems with the Magna 401(k) plan? A: There were plans that the participants could have been involved in which would have been a better plan or cheaper -- a lot less -- cheaper fees. That sums it all up. It could be different terms, but that's my understanding."); p. 73:10-13 ("Q: When was the first time that you read the complaint? A: Probably in April or May of 2020. Don't recall the date."); p. 69:15-18 ("Q: Okay. Do you know what time period this case covers? A: I think, if I'm understanding, I think it's April 2014 to the present.").

[10] Gyandoh Decl., Exhibit 6, King Deposition Tr. p. 42:2-15 ("Q: So you referenced 27,000 people, and so I believe the complaint says that you are a class representative. And so my question is as a class representative of those roughly 27,000 people, what are your responsibilities? A: Basically just to go over everything that I've talked about with my attorneys and being knowledgeable and keep up to date with what's going on and converse back and forth with them. Q: Okay. How have you fulfilled those responsibilities? A: Just going over the files that I've been sent, talking with my attorneys, you know, staying up to date with everything and what's going on."); Gyandoh Decl., Exhibit 7, Davis Deposition Tr. p. 68:6-16 ("Q: What is your understanding of what it means to be a class representative? A: That you represent all the participants. Q: Do you know approximately how many participants you are seeking to represent in this case? A: My understanding, about 26,000, approximately. Q: And, in your view, what are your responsibilities as a class representative? A: To seek justice for all the participants."); p. 69:8-14 ("Q: So I asked you to please describe your responsibilities as a class representative, and you said, 'To seek justice for participants.' Is there anything else that you would describe as being part of your responsibilities as class representative? A: No. Just answer everything that I know about it.").

in finance or investing. *See Buus v. WAMU Pension Plan*, 251 F.R.D. 578, 587 (W.D. Wash. 2008) ("Several decades ago, the Supreme Court remarked that Rule 23 should not be used to 'defeat the ends of justice' by facilitating the dismissal of class action complaints involving unsophisticated named plaintiffs.") (citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966)).

Further, in directly analogous actions, courts find plaintiffs, similar to Plaintiffs here, to be adequate.[11] In sum, Plaintiffs satisfy Rule 23(a)(4)'s adequacy requirement.

### b. Plaintiffs' Counsel Have No Conflicts With the Class, Are Qualified and Experienced, and Will Vigorously Prosecute This Action for the Class

The inquiry into the adequacy of class counsel is now decoupled from the Rule 23(a)(4) inquiry into the adequacy of the class representatives and is analyzed under factors set forth in Rule 23(g). *Karg*, 2020 WL 3400199, at *5 (citing FED. R. CIV. P. 23) ("If the motion includes a proposal for the appointment of class counsel, set forth with particularity the information the court must consider in assessing proposed class counsel's ability to represent the interests of the class fairly and adequately, as set forth in Federal Rules of Civil Procedure 23(g)(1)(A) and (B).") Rule 23(g) complements the requirement of Rule 23(a) that class representatives

---

[11] *See, e.g.*, *Clark*, 2018 WL 1801946 at *9 (finding plaintiffs met the adequacy requirement); *Wildman*, 2017 WL 6045487, at *5 (same).

adequately represent the interests of class members by focusing on the qualifications of class counsel.  Rule 23(g)(1)(A) instructs the court to consider, among other things:  (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A).  Rule 23(g) notes a court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B).

Here, Capozzi Adler satisfies all prerequisites. *First*, Capozzi Adler has done significant work identifying and investigating potential claims in this action.  It began its investigation of claims several months before filing suit.  Gyandoh Decl., ¶¶ 4-7.  This work included requesting documents from the Company pursuant to ERISA § 104(b)(4) and engaging consulting experts.  *Id*. *Second,* Capozzi Adler and the undersigned counsel have significant experience handling ERISA matters and have knowledge of the applicable law.  *Id*. at ¶¶ 47-55.  Mark K. Gyandoh is the chair of the Fiduciary Practice Group at Capozzi Adler and will lead the litigation of this action.  *Id*. at ¶¶ 2-3.  He has been litigating ERISA fiduciary breach lawsuits for 17 years and he and Capozzi Adler currently serve as counsel in over two dozen fiduciary breach actions across the country.  *Id*. at ¶¶ 48, 51.  Capozzi Adler was

recently appointed interim or co-lead counsel in several actions pending across the country and have defeated numerous motions to dismiss and settled analogous cases across the country. *Id*. at ¶¶ 51-54. Based on the foregoing, Capozzi Adler has the requisite qualifications to lead this litigation. *Third*, Capozzi Adler will commit the necessary resources to represent the class. With three office locations, the firm has been successfully serving clients for over 23 years offering a full range of legal services. *Id.* at ¶ 55.

Accordingly, appointment of Capozzi Adler as Class Counsel is warranted. *See Boley, et al. v. Universal Health Servs., Inc., et al.*, 2021 WL 859399 (E.D. Pa. Mar. 8, 2021) (appointing Capozzi Adler as co-lead counsel in analogous breach of fiduciary duty action); *Karg*, 2020 WL 3400199, at * 3 (appointing class counsel where "plaintiffs' counsel submitted documentation of their own qualifications and commitment.").

## C. The Class May Be Properly Certified Under Rule 23(b)(1)

### 1. Certification Under Rule 23(b)(1)(B) is Most Appropriate

Many courts have relied upon Rule 23(b)(1)(B) in certifying classes in analogous cases because it is particularly suited for cases alleging the breach of fiduciary obligations to plaintiffs. Indeed, the Advisory Committee Notes to Rule 23 explicitly instruct that certification under Rule 23(b)(1)(B) is appropriate in "an action which charges a breach of trust by an indenture trustee or other fiduciary

23

similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust."  FED. R. CIV. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment).  *See, e.g.*, *Mehling v. New York Life Ins. Co. et al*., 246 F.R.D. 467, 478 (E.D. Pa. 2007) (certifying the class pursuant to Rule 23(B)(1)(B) in an ERISA fiduciary duty case); *Nortel*, 2009 WL 3294827, *14-15 (same); *Shanehchian*, 2011 WL 883659, *9-10 (same); *Shirk*, 2008 WL 4425535, *5 (same); *Sacerdote*, 2018 WL 840364, *6 ("Most ERISA class action cases are certified under Rule 23(b)(1)."); *Clark*, 2018 WL 1801946, *9-10 (same).

Here, the Complaint alleges breaches of fiduciary duties under ERISA. Therefore, the only remedy available to participants in the Plan is Plan-wide relief, including the restoration of losses.  Thus, the proposed Class meets the requirements of FED. R. CIV. P. 23(b)(1), given the nature of this action and the relief sought on behalf of the Class.[12]

### 2.  Certification is Also Appropriate Under Section 23(b)(1)(A)

Rule 23(b)(1)(A) "takes in cases where the party is obligated by law to treat the members of the class alike . . . or where the [defendant] must treat all alike as a matter of practical necessity."  *Amchem*, 521 U.S. at 614 (citation omitted).  This is

---

[12] *See* Gyandoh Decl., Exhibit 3 (listing decisions certifying Rule 23(b)(1)(B) classes).

precisely such a case because the fiduciary duties imposed by ERISA are "duties with respect to a plan" that protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104.   In discharging their duties to the Plan, Defendants, as fiduciaries, were obligated to treat all participants (and all class members) alike.   However, once a court determines that a class of participants and beneficiaries seeking recovery from an ERISA fiduciary satisfies subsection (b)(1)(B) of Rule 23, it is not necessary to consider the alternative subsections of Rule 23(b).  *See, e.g.*, *Koch v. Dwyer*, No. 98-CV-5519, 2001 WL 289972, at *5 n.2 (S.D.N.Y. Mar. 23, 2001) ("Since class certification is proper under Rule 23(b)(1)(B), it need not be determined whether Plaintiff has also satisfied the requirements of Rule 23(b)(1)(A) or 23(b)(2).")

## VI.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court certify this action as a class action under Fed. R. Civ. P. 23(a) and (b)(1), appoint Plaintiffs Melvin Davis and Dakota King as representatives for the certified Class, and appoint Capozzi Adler as counsel for the certified Class.

Dated: March 3, 2022                Respectfully submitted,


                                   **CAPOZZI ADLER, P.C.**

                                   */S/ Mark K. Gyandoh*
                                   Mark K. Gyandoh
                                   (*admitted pro hac vice*)

Gabrielle Kelerchian
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com
gabriellek@capozziadler.com


**CAPOZZI ADLER, P.C.**
Donald R. Reavey
(*admitted pro hac vice*)
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2022, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


By: *<u>/s/Mark K. Gyandoh</u>*

Mark K. Gyandoh, Esq.