UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELVIN DAVIS and DAKOTA KING, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>MAGNA INTERNATIONAL OF AMERICA, INC., et al.,<br><br>    Defendants. | Case No. 2:20-cv-11060-NGE-RSW<br><br>Hon. Nancy G. Edmunds<br><br>Magistrate R. Steven Whalen |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

  Defendants submit this notice to bring to the Court's attention the recent decision in *Huang v. TriNet HR III, Inc.*, No. 8:20-CV-2293, 2023 WL 3092626 (M.D. Fla. Apr. 26, 2023) (attached as Exhibit A), as supplemental authority in support of Defendants' Motion for Summary Judgment (ECF No. 48). Defendants also respond to Plaintiffs' Notice of Supplemental Authority (ECF No. 83) regarding *McCool v. AHS Management Co.*, No. 3:19-CV-1158, 2023 WL 2752400 (M.D. Tenn. Mar. 31, 2023), and *Nunez v. B. Braun Medical, Inc.*, No. 20-4195 (E.D. Pa. Apr. 21, 2023), two decisions that have no bearing on Defendants' Motion for Summary Judgment.

*TriNet* is similar to this case because there, like here, the plaintiffs did "not put forth any evidence demonstrating that Defendants breached their fiduciary duties. In fact, the undisputed record evidence shows the opposite." *TriNet*, 2023 WL 3092626, at *11. With regard to the recordkeeping claim in *TriNet*, the court granted summary judgment because, like here, the defendants engaged in multiple competitive searches and benchmarking exercises and reduced the plan's recordkeeping fees several times throughout the class period. *Compare id. with* ECF No. 48, PageID.1503–1506. With regard to the investment claims, the court granted summary judgment because the uncontroverted evidence showed that the plan's committee "regularly met, received detailed reports regarding the performance of Plan investments, and discussed which funds should be included in the Plan." *TriNet*, 2023 WL 3092626, at *12. The same is true here. *See, e.g.*, ECF No. 59, PageID.8223–8225. Moreover, Plaintiffs' expert expressly declined to offer any opinion on the prudence of the funds. *See id.* (quoting ECF No. 48-50, Dyson Dep. 71:22–72:4: "I'm not offering an opinion on that."); *cf. TriNet*, 2023 WL 3092626, at *6 (noting that plaintiffs' expert "stated during his deposition that he was not offering an opinion on NFP's qualifications" in barring his expert testimony).

The undisputed facts before this Court are distinguishable from the facts as described in *McCool*. For example, on the investment claims, Plaintiffs here do not

2

dispute that the Committee not only met regularly to evaluate the investment options' fees and performance and followed an investment policy statement, but also relied on investment information from two independent consultants and met directly with investment managers. *Compare, e.g.*, ECF No. 59, PageID.8224 *with McCool*, 2023 WL 2752400, at *2–3. On the recordkeeping claim, not only did the Committee here conduct a request for proposals at the beginning of the class period, but complexities in Magna's payroll and funding systems made the Plan uniquely challenging to serve as a recordkeeper. *Compare* ECF No. 48, PageID.1503–1505 *and* ECF No. 59, PageID.8226–8227 *with McCool*, 2023 WL 2752400, at *3.

*Nunez* is distinguishable for similar reasons. Moreover, contrary to Plaintiffs' assertion (ECF No. 83, PageID.10650)*, Nunez* does not hold that the issue of fiduciary breach is categorically a question for a factfinder. As the new *TriNet* decision demonstrates, courts in ERISA cases like these routinely grant summary judgment where, as here, plaintiffs fail to provide evidence of imprudence or disloyalty. *See, e.g.*, *TriNet*, 2023 WL 3092626, at *11–12 (granting summary judgment); *Pizarro v. Home Depot, Inc.*, No. 18-cv-1566, 2022 WL 4687096, at *16–17, *19–29 (N.D. Ga. Sept. 30, 2022) (same); *Alas v. AT&T Servs.*, No. 2:17-CV-8106, 2021 WL 4893372, at *15 (C.D. Cal. Sept. 28, 2021)

(same); *Ellis v. Fidelity Mgmt. Tr. Co.*, 257 F. Supp. 3d 117, 126–31 (D. Mass. 2017) (same), *aff'd*, 883 F.3d 1 (1st Cir. 2018).

Dated: May 15, 2023

Respectfully submitted,

By: */s/ Mark B. Blocker*
Mark B. Blocker
Eric S. Mattson
Caroline A. Wong
M. Caroline Wood
Sidley Austin LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
mblocker@sidley.com
emattson@sidley.com
caroline.wong@sidley.com
cwood@sidley.com

*Counsel for Defendants*

Max A. Aidenbaum (P78793)
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
maidenbaum@dickinsonwright.com

*Local Co-Counsel for Defendants*
*Pursuant to Local Rule 83.20(f)*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all attorneys of record.

*/s/ Caroline A. Wong*
Caroline A. Wong
