UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DAVIS, et al.,

       Plaintiffs,                                 No. 20-11060

v.                                            Honorable Nancy G. Edmunds

MAGNA INTERNATIONAL OF AMERICA, INC.,
      et al.

       Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

The Court previously considered class certification in this case and found both named Plaintiff representatives to be inadequate. (ECF No. 80.) The Court denied class certification without prejudice and gave Plaintiffs 30 days to name new representatives. *Id.* On May 16, 2023, the Court issued an order granting Plaintiffs' motion to name new class representatives, and on June 7, 2023, Plaintiffs filed an Amended Complaint naming Scott Vollmar, Cory Harris, and Bobby Garrett as additional parties.[1] (ECF Nos. 88, 94.) Defendants filed an answer. (ECF No. 95.) The parties completed expedited discovery and briefing related to these new named Plaintiffs. (ECF Nos. 97, 99, 100, 101.) Plaintiffs now seek class certification.

---

[1] Grace Mercer was also added as an additional party in the Amended Complaint. (ECF No. 94.) The parties stipulated, however, and the Court ordered, her dismissal on June 26, 2023. (ECF Nos. 96, 98.)

1

I.   **Background**

The facts of this case were set forth in detail in the Court's order denying class certification, and in the order denying in part Defendant's motion for summary judgment. (ECF Nos. 80 and 93.) Put briefly, Plaintiffs are individuals who invested in a 401k plan called the Magna Group of Companies Retirement Savings Plan (the "Plan") during their past employment with Magna International of America, Inc. ("Magna"). On April 30, 2020, Plaintiffs filed a putative class action complaint for damages allegedly caused when the fiduciaries of the Plan breached their duties under sections 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109 and 1132. Plaintiffs allege that mismanagement of the Plan cost the Plan and its participants millions of dollars by investing in poorly performing funds and by paying excess fees. (*See* ECF No. 94, PageID.10739.) Plaintiffs define the class as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014 through the date of judgment (the "Class Period").

(ECF No. 94, PageID.10733.) Plaintiffs brought their claims against Magna, its Board of Directors, the United States Pension and Retirement Savings Committee, and Magna's Investment Committee ("Committee"). The Court granted Defendants' motion for summary judgement on Plaintiffs' claim that Defendants failed to adequately monitor other fiduciaries. (ECF No. 93.) Plaintiffs' claim that the Committee and its members breached ERISA's fiduciary duties of loyalty and prudence still stands. *Id.*

II.   **Standard of Review**

To represent a class under Rule 23, named plaintiffs must affirmatively demonstrate four characteristics—numerosity, commonality, typicality, and adequate

representation—to limit class claims effectively and fairly to those encompassed by the claims of appropriate representatives. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). District courts enjoy broad discretion to decide whether class certification is appropriate. *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017). In exercising this discretion, however, courts must engage in the rigorous analysis Rule 23(a) requires. *In Re Ford Motor Co.*, 86 F.4th 723, 727 (6th Cir. 2023). A "rigorous analysis" shows that not one or two, but all four Rule 23(a) prerequisites are met with precision. *Id.* at 726 (citing *Davis v. Cintas Corp.*, 717 F.3d 476, 484 (6th Cir. 2013)). "[O]ne citation to an out-of-circuit district court opinion does not a rigorous analysis make." *Id.* at 728.

The Court previously considered class numerosity, commonality, and typicality in this case, finding that Plaintiffs satisfied the requirements under Federal Rule 23(a)(1), (2) and (3). (ECF Nos. 80, 88, and 89.) Per the Court's Order and the parties' Joint Stipulation, ECF Nos. 88 and 89, the scope of the analysis considering new class representatives is limited here to their adequacy under Fed. R. Civ. P. 23(a)(4).

If all 23(a) requirements are met, Plaintiffs must also satisfy at least one subsection of Rule 23(b). *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013). Here, Plaintiffs seek certification pursuant to Rule 23(b)(1) or, alternatively, (b)(2).

### III. Analysis

#### A. Adequacy

Under Rule 23(a)(4), adequate class representatives must: (1) have common interests with the class, and (2) "vigorously prosecute the interests of the Class through

qualified counsel." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012). The rule serves to uncover conflicts of interest; appropriate representatives must "possess the same interest and suffer the same injury as the class members." *Id*. The rule also ensures class counsel are qualified, experienced, and generally able to conduct the litigation. *Id.*

Courts consider several factors when determining whether class representatives and class counsel meet the adequacy requirements. A plaintiff's willingness and ability to devote time to the case is important. *See e.g.*, *In re Nortel Networks Corp.*, 2009 WL 3294827, at *13 (holding the plaintiffs were adequate where they maintained contact with counsel, reviewed the complaint, and generally understood the claims.). So, too, is a plaintiff's honesty and trustworthiness. *See Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 431 (6th Cir. 2012). Plaintiffs should demonstrate a commitment to understand and advance the class claims and have no problematic conflicts with other class members. *Ramos v. Banner Health*, 325 F.R.D. 382, 396 (D. Colo. 2018). And while knowledge of class claims is important, "[c]lass plaintiffs need not demonstrate extensive or sophisticated knowledge about a case, nor are they required to show their participation in the litigation at every step of the way." *In re AEP ERISA Litig.*, No. C2-03-67, 2008 WL 4210352, at *2 (S.D. Ohio Sept. 8, 2008). Factors that establish class commonality and typicality also tend to merge with the requirement of adequate representation. *See, e.g.*, *Whirlpool* 722 F.3d at 853 (recognizing the "intertwined nature of commonality, typicality, and adequate representation."); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) ("The adequate representation requirement overlaps with the typicality requirement because in the absence of typical

4

claims, the class representative has no incentives to pursue the claims of the other class members.").

When considering original Plaintiffs Melvin Davis and Dakota King, this Court found that "past [criminal] convictions *and* the lack of knowledge about the claims" undermined their adequacy to represent the class. (ECF No. 80.) (emphasis added). While "the threshold for establishing adequacy is quite low," the combination of factors presented concerning Davis and King contributed to the Court's decision. *In re AEP ERISA Litig.*, at *2 (internal citations omitted).

Here, Plaintiffs attest that the new class representatives are adequate because they are dedicated and able to advocate claims of the case, their interests are sufficiently aligned with the case, and because they have sufficient knowledge to satisfy the adequacy requirement. (*See* ECF No. 97.) Defendants allege that the new class members fail to meet the adequacy requirements of Rule 23(a)(4) because they lack knowledge about the proposed class claims and are not monitoring class counsel, and because their incentives do not align with the interests of the proposed class because of intra-class conflict created by Plaintiffs' theories of fiduciary breach and their decision to invest in only one of the investment options challenged in this suit. (ECF No. 99, PageID.10855.) Defendants assert that the new named Plaintiffs "have largely the same issues" as the inadequate Plaintiffs Davis and King. (ECF No. 99, PageID.10857.)

1. **Knowledge**

The Court previously relied on *Bell* and *Ramos* to determine whether a Plaintiff's knowledge of the claims was sufficient to enable them to vigorously prosecute class interests. (ECF No. 80, PageID.10628.) In *Bell*, the court found a representative who

5

could not demonstrate a basic understanding of the class she represented to be inadequate. *Bell v. Pension Comm. of ATH Holding Co.*, 2018 WL 4385025, *10 (S.D. Ind. Sept. 14, 2018). The court in *Ramos* found that the named plaintiffs had "no meaningful knowledge" of the defendant's conduct or alleged ERISA violations that formed the basis of their claims. *Ramos*, 325 F.R.D. at 397.

This Court concluded that the previous named Plaintiffs demonstrated a similar lack of understanding of their claims and their role. (ECF No. 80, PageID.10627.) Plaintiff Davis testified that he had reviewed the complaint at most twice prior to his deposition. (ECF No. 80, PageID.10623.) Davis also confirmed that he did not know whether the complaint challenged record keeping fees. (ECF No. 80, PageID.10624.) Plaintiff King's testimony demonstrated some confusion about the class period, mentioning both 2014 and 2017 as starting points; King also could not answer whether the case was a class action, recognizing that he would represent 27,000 people but stating he was unsure of what the term "class action lawsuit" meant. (ECF No. 58-3, PageID.6963, 6962.)

In contrast, Plaintiffs joined in the Amended Complaint are "familiar in general terms with the facts underlying their claims, are familiar with the basic elements of their claims, and cannot be characterized as 'alarmingly unfamiliar' with the suit." *Ramos*, 325 F.R.D. at 395 (quoting *City P'ship Co. v. Jones Intercable, Inc.*, 213 F.R.D. 576, 585 (D. Colo. 2002)).

Plaintiff Corey Harris spent 8-10 hours total over several days reviewing documents in preparation for his deposition. (ECF No. 101-1, PageID.10939.) While he did rely on counsel for several questions, Plaintiff Harris was able to explain the role of a

class representative, the interests of the class, and the basis for class claims in his testimony. (*Id.*, PageID.10946.)

Plaintiff Bobby Garrett similarly identified the class size, definition, and period. (ECF No. 101-2, PageID.10995.) Garrett also testified that he was in regular contact with counsel regarding the case and understands the role of class representative. (ECF No. 101-2, PageID.10993.)

While Plaintiff Vollmar testified to have prepared very little prior to his deposition, he still accurately identified key elements of the case. (*See, e.g.*, ECF No. 101-3, PageID.11042, noting that preparation included about two hours on the phone with his attorney and an hour of reviewing documents.). (*But see id.*, PageID.11047, correctly identifying Defendants and demonstrating a basic understanding of the claims.); (*see also id.*, PageID.11050, correctly identifying the class and class period.)

Each of the proposed new class representatives has submitted a declaration attesting to their commitment to carry out their duties as class representatives. ECF Nos. 81-1, 81-2 and 81-3.) Each has invested time and effort in this litigation by meeting with counsel, preparing and sitting for a deposition, and maintaining contact with counsel. Each has indicated that they understand their role is to represent the class, not merely their own interests. Finally, none of the new Plaintiffs has a criminal record that calls their integrity into question. Here, the Court is satisfied that the named Plaintiffs are trustworthy and have a sufficient understanding of the class claims to willingly and vigorously prosecute the interests of the class.

    **2.**    **Class Conflicts**

"No class should be certified where the interests of the members are antagonistic, because the preclusive effect of the verdict may deprive unnamed class members of their right to be heard." *Smith v. Babcock*, 19 F.3d 257, 265 n.13 (6th Cir. 1994). Defendants allege that "Plaintiffs' legal theories create an intra-class conflict that pits participants who were allegedly harmed by the plan's revenue sharing arrangement against participants who benefited from that same arrangement." (ECF No. 99, PageID.10858.) Defendants also argue that differences in investment options across the class create a conflict of interest. (ECF No. 99, PageID.10877.) Defendants argue these conflicts undermine adequacy because some plan participants in the proposed class may have made money on their investments, and because the representatives may lack the incentive to prosecute all claims for all investments across the class. (ECF No 99, PageID.10873.)

While different investments could hypothetically create conflict, Defendants do not explain how the claims in this case might create opposing outcomes for different investments across the class to create such conflict. Plaintiffs' requested relief would not harm any class member. (*See* ECF No. 94, PageID.10766−67.) Even if a class member happened to make money on allegedly mismanaged Plan investments, relief would not require the class member to forfeit that profit. *Id.* All claims relate to mismanagement across all Plan investments, and all relief is tied to Plan losses, not to the loss of any individual fund. Neither the claims nor the relief sought pit investors against one another. "[T]he recovery in this case is on behalf of the Plan and is the same with respect to each Plaintiff and unnamed class member, that is, all of the loss to

8

the Plan caused by the alleged fiduciary breaches." *Lively v. Dynegy, Inc.*, No. 05-cv-00063, 2007 WL 685861, at *13 (S.D. Ill. Mar. 2, 2007).

Defendants originally raised the issue of intra-class conflict to challenge Rule 23(a) requirements of adequacy and typicality. (*See* ECF No. 58, PageID.6910.) The Court subsequently found that Plaintiffs satisfied the typicality requirement. (ECF No. 80, PageIDs.10616; 10629.) To the extent arguments supporting typicality addressed previously also bear on adequacy, the Court's preceding analysis applies here. This typicality of Plaintiffs' claims and the Plan-based relief sought here support a finding of common issues across the class.

The issues regarding different investments and different investment outcomes that Defendants raise do not create conflict and are immaterial to Plaintiffs' willingness to prosecute all claims. Plaintiffs are sufficiently knowledgeable and willing to vigorously prosecute all class interests. Additionally, adequacy of counsel is not in dispute; the Court finds counsel qualified to proceed. For these reasons, the Court finds the new named Plaintiffs will fairly and adequately protect the interests of the class and satisfy the requirements of 24(a)(4). Because the Court previously found that the class satisfied the other subsections, the class meets all factor requirements under 23(a).

### B.     Rule 23(b)

With Rule 23(a)'s prerequisites satisfied, the Court turns to Rule 23(b)'s subsections. Under Rule 23(b)(1), a non-opt-out class action may be certified where individual actions would create a risk of (A) inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class, or (B) would be dispositive of the interests of the other members of the class or

substantially impair or impede other class members' ability to protect their interests. *See Dukes*, 564 U.S. at 361 n.11. Rule 23(b)(3) applies if the court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Plaintiffs ask for class certification under either Rule 23(b)(1)(A) or (B). (ECF Nos. 44, PageID.542−44; and 94, PageID.10735.) Alternatively, Plaintiffs argue that certification under Rule 23(b)(2) is applicable. (ECF No. 94, PageID.10735). Defendants do not oppose certification on either basis.

This action may be properly certified under Rule 23(b)(1)(A) and (B). This Court, along with courts across the country, recognizes that ERISA fiduciary litigation presents a paradigmatic example of a Rule 23(b)(1) class. *See, e.g.*, Griffin v. Flagstar Bancorp, Inc., No. 2:10-CV-10610, 2013 WL 6511860, at *6 (E.D. Mich. Dec. 12, 2013) (citing *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (citing several cases concluding the same.)). Given this mostly uniform authority, the Court will not reiterate the analysis here.

    **C.**    **Appointing Plaintiffs' Counsel**

Under Rule 23(g), "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). In its motion for class certification, class counsel addressed the requirements of Rule 23(g). Defendants did not oppose. The Court finds the applicants adequate under Rule 23(g)(1) and (4).

    **D.**    **Dismissal of Inadequate Parties**

The Amended Complaint lists six named plaintiffs in this action: Melvin Davis, Dakota King, Scott Vollmar, Cory Harris, Bobby Garrett, and Gracie Mercer. (ECF No. 44.) The Court dismissed Gracie Mercer after considering the parties' Joint Stipulation of Dismissal. (ECF No. 98.) As discussed above, the Court found Davis and King to be inadequate representatives. (ECF No. 80.) Though the parties did not stipulate to their dismissal, the Court construes Plaintiff's Supplemental Brief to Certify the Class, ECF No. 97, also as a motion to dismiss Davis and King from this action. Rule 41(a)(2) permits dismissal at a plaintiff's request by court order, even over a defendant's objection. As Defendants will not be unduly prejudiced by the substitution, the Court finds the dismissal appropriate.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiffs' motion for class certification. The Court also GRANTS Davis and King their request to be dismissed from this action.

SO ORDERED.

       s/ Nancy G. Edmunds  
       Nancy G. Edmunds  
       United States District Judge

Dated: January 25, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2024, by electronic and/or ordinary mail.

       s/ Lisa Bartlett  
       Case Manager