## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| MELVIN DAVIS, DAKOTA KING, SCOTT E. VOLLMAR, CORY L. HARRIS, and BOBBY R. GARRETT, III, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>MAGNA INTERNATIONAL OF AMERICA, INC., et al.,<br><br>    Defendants. | Case No. 2:20-cv-11060-NGE-EAS<br><br>Hon. Nancy G. Edmunds<br>Magistrate Elizabeth A. Stafford |

**PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, MAINTAINING CLASS CERTIFICATION FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SCHEDULING A DATE <u>FOR A FINAL APPROVAL HEARING</u>**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ....................................2

    A.    The Parties and the Proposed Settlement Class ....................................2

    B.    Procedural History and Settlement Negotiations ..................................3

    C.    Claims for Relief ....................................................................7

    D.    The Settlement Amount ..........................................................7

    E.    Class Notice and Administration of Claims........................................8

    F.    Fees and Expenses ................................................................8

III.   ARGUMENT........................................................................9

    A.    The Court has Already Granted Class Certification ..............................9

    B.    The Settlement Meets All Rule 23 Settlement Approval
         Requirements......................................................................10

    C.    The Settlement Satisfies Sixth Circuit Requirements of Fairness
         and Adequacy ....................................................................12

         1.    There is no risk of fraud or collusion......................................12

         2.    The complexity, expense, and likely duration of the
            litigation weighs in Favor of Settlement approval...................13

         3.    Plaintiffs conducted enough discovery to understand their
            strengths and weaknesses ..............................................14

         4.    The likelihood of success on the merits warrants approval......15

         5.    Counsel for the Parties find the Settlement to be fair and
            adequate ..................................................................17

6.    The reaction of absent class members is not a matter for preliminary approval ................................................................18

7.    Approval of the Settlement is in the best public interest ..........18

D.    The Proposed Notice Plan Should Be Approved by The Court..........19

IV.    CONCLUSION..............................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bailey v. Verso Corporation*,
337 F.R.D. 500 (S.D. Ohio 2021) ...........................................................................12

*Baker v. John Hancock Life Ins. Co.*,
No. 20-cv-10397-RGS (D. Mass. June 2, 2021).....................................................15

*In re Broadwing, Inc. ERISA Litig.*,
252 F.R.D. 369 (S.D. Ohio 2006) ...........................................................................16

*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003) ..........................................................................16

*Carson v. Am. Brands*,
450 U.S. 79 (1981)....................................................................................................16

*In re China Sunergy Sec. Litig.*,
No. 07-cv-7895-DAB, 2011 WL 1899715 (S.D.N.Y. May 13, 2011) ....................15

*Daoust v. Maru Rest., LLC,*
No. 17-cv-13879 2019 WL 1055231 (E.D. Mich. Feb. 20, 2019) ..........................19

*Dover Glen Condo. Ass'n v. Oakland County*,
No. 22-cv-11468 2022, WL 17337815 (E.D. Mich. Nov. 30, 2022) ..........13, 14, 17

*Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co.*,
No. 12-cv-8918-DLC, 2014 WL 5455473 (S.D.N.Y. Oct. 28, 2014) .....................18

*Garner Props. & Mgmt., LLC v. City of Inkster*,
333 F.R.D. 614 (E.D. Mich. 2020) ...........................................................................2

*Harney v. Parrott*,
617 F. Supp. 2d 668 (S.D. Ohio 2007) ....................................................................18

*Johnson v. Fujitsu Tech. & Business of America, Inc.*,
No. 16-cv-03698-NC, 2018 WL 2183253 (N.D. Cal. May 11, 2018) ....................15

*Karpik v. Huntington Bancshares Inc.,*
No. 17-cv-1153, 2021 WL 757123 (S.D. Ohio Feb. 18, 2021) ...................... *Passim*

*Krueger v. Ameriprise,*
No. 11-cv-02781, 2015 WL 4246879 (D. Minn. July 13, 2015) ........................... 13

*Levell v. Monsanto Research Corp.,*
191 F.R.D. 543 (S.D. Ohio 2000) ........................................................................ 13

*Medoff v. CVS Caremark Corp.,*
No. 09-cv-554-JNL, 2016 WL 632238 (D.R.I. Feb. 17, 2016) ............................. 15

*Nolan v. Detroit Edison Co.,*
No. 18-cv-13359, 2022 WL 2813013 (E.D. Mich. July 14, 2022) ........................ 18

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC,*
636 F.3d 2354 (6th Cir. 2011) ....................................................................... 12, 15

*In re Rite Aid Corp. Sec. Litig.,*
146 F.Supp.2d 706 (E.D. Pa. 2001) ..................................................................... 15

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,*
No. 10-cv-4360, 2019 WL 4746744 (E.D. Mich. Sept. 30, 2019) ........................ 17

*Shy v. Navistar Int'l Corp.,*
No. 92-cv-00333, 2022 WL 2125574 (S.D. Ohio 2022) ................................. 13, 17

*Thomsen v. Morley Companies, Inc.,*
639 F. Supp. 3d 758 (E.D. Mich. 2022) ........................................................ *Passim*

*UAW v. General Motors Corp.,*
No. 05-cv-73991, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ......................... 16

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.,*
No. 15-cv-01614 (C.D. Cal. July 30, 2018) ......................................................... 15

*Velazquez v. Mass. Fin. Servs. Co.,*
No. 1:17-cv-11249-RWZ (D. Mass. June 25, 2019) ............................................ 15

*Vigna v. Emery Fed. Credit Union*,
No. 15-cv-51, 2016 WL 7034237 (S.D. Ohio Dec. 2, 2016)....................................12

*Williams v. Vukovich*,
720 F.2d 909 (6th Cir. 1983) ...................................................................................15

**STATUTES**

28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ..........................................................20

29 U.S.C. § 1104(a) ...................................................................................................3

FED. R. CIV. P. 23(a)................................................................................................10

FED. R. CIV. P. 23(b) ...............................................................................................10

FED. R. CIV. P. 23(e)(1)(B) .....................................................................................10

FED. R. CIV. P. 23(e)(1)(C) .....................................................................................12

FED. R. CIV. P. 23(e)(2) .....................................................................................10, 11

FED. R. CIV. P. 23(e)(3).......................................................................................3, 11

**Other Sources**

Class Action Fairness Act of 2005 ("CAFA") .........................................................20

Employee Retirement Income Security Act of 1974 .......................................1, 3, 13

*Newberg on Class Actions* § 13:10 (5th ed.) ............................................................2

Restatement (Third) of Trusts § 100.........................................................................16

# I.     INTRODUCTION

Plaintiffs, Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III (collectively "Named Plaintiffs"), by and through their undersigned counsel, respectfully submit this Unopposed Motion and Memorandum of Law in support of their motion for preliminary approval of the proposed Settlement of this ERISA[1] class action.[2] After years of hard-fought litigation, the Parties[3] are presenting for preliminary approval a proposed settlement of a cash payment of $2,900,000. Plaintiffs believe this is an excellent result which represents 31.2% of their best-case estimated damages of $9,300,000. The Parties agreed to the proposed Settlement only after vigorous, arms-length negotiations between counsel experienced in ERISA class actions and through mediation, initially with Robert A. Meyer of JAMS, a third-party private mediator with extensive experience mediating ERISA actions, and then with the Honorable Elizabeth A. Stafford, Magistrate Judge, United

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

[2] The Settlement Agreement is attached to the Declaration of Mark Gyandoh ("Gyandoh Decl."), filed contemporaneously with the memorandum, as Exhibit 1 and has several exhibits. These exhibits are: A (Settlement Notice); B (Plan of Allocation); C (Preliminary Approval Order); and D (Final Approval Order and Judgment). Undefined terms herein shall have the meaning ascribed to them in the Settlement Agreement.

[3] As used herein, "Parties" refers to "Settling Parties" which is defined in the Settlement Agreement as Defendants Magna International of America, Inc. ("Magna"), the Board of Directors of Magna International of America, Inc. (the "Board"), the Magna International of America, Inc. Investment Committee (the "Investment Committee"), and the United States Pension and Retirement Savings Committee (the "Retirement Savings Committee") and the Named Plaintiffs, on behalf of themselves, the Plan, and each of the Settlement Class Members.

States District Court for the Eastern District of Michigan, who helped broker the Settlement.

Plaintiffs believe the Settlement is an excellent result, providing a substantial, prompt payment to Settlement Class Members and eliminating the risks and cost of trial. A trial could result in a reduced recovery or no recovery at all. "[T]he question now before the Court is simply whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice." *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020) (citing *Newberg on Class Actions* § 13:10 (5th ed.)). As set forth below, the settlement is fair, reasonable, and adequate under governing law, and meets all prerequisites for preliminary approval and dissemination of the Class Notice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties and the Proposed Settlement Class

Plaintiffs are participants in the Magna Group of Companies Retirement Savings Plans (the "Plan"). *See* First Amended Complaint ("Amended Complaint") (ECF No. 94), ¶¶ 15-17); Settlement Agreement, ¶ 1.7. The Settlement Class is defined as "all persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan at any time during the Class Period." *Id.*, ¶ 1.44. The Class Period is defined as the period from "April 30, 2024

through the date of entry of the Preliminary Approval Order." *Id.*, ¶ 1.16.

Defendant Magna is the Plan sponsor and a fiduciary of the Plan. The Investment Committee and Retirement Committee consist of Magna employees. Plaintiffs alleged that the committee members were appointed by Magna through its Board.

### B.    Procedural History and Settlement Negotiations[4]

Initial plaintiffs, Melvin Davis, Wayne Anderson, Shawnetta Jordan and Dakota King, commenced this action by filing a complaint on April 30, 2020 (ECF No. 1). The initial complaint alleged violations of fiduciary duties of prudence, care, and loyalty imposed by ERISA § 404(a), 29 U.S.C. § 1104(a). Defendants filed a Motion to Dismiss the Complaint and Strike the Jury Demand (ECF No. 14) on August 7, 2020. On September 14, 2020, the initial plaintiffs filed their Brief in Opposition to Defendants' Motion to Dismiss (ECF No. 17) and Defendants filed their Reply Brief in Support of Motion to Dismiss (ECF No. 18) on September 28, 2020. On March 31, 2021, the Court issued an Opinion and Order Denying Defendants' Motion to Dismiss but striking the jury demand (ECF No. 28). Defendants filed their Answer to the initial complaint (ECF No. 30) on April 28, 2021. On October 6, 2021, initial plaintiffs filed an Unopposed Motion and Memorandum of Law to Drop Wayne Anderson and Shawnetta Jordan as Named

---

[4] The full procedural history of this matter is recounted in the Gyandoh Decl. at ¶¶ 3-29.

Plaintiffs Under Federal Rule of Civil Procedure 21 (ECF No. 37), which the Court granted via electronic notification on October 18, 2021.

On March 3, 2022, initial plaintiffs filed their Motion for Class Certification (ECF No. 44), and Defendants filed a Motion for Summary Judgment (ECF No. 48). On April 14, 2022, initial plaintiffs filed their Memorandum in Opposition to Defendants' Motion for Summary Judgment (ECF No. 53), and Defendants filed their Opposition to Plaintiffs' Motion for Class Certification (ECF No. 58). On April 28, 2022, Defendants filed their Reply in Support of their Motion for Summary Judgment (ECF No. 59), and initial plaintiffs filed their Reply in Support of Plaintiffs' Motion for Class Certification (ECF No. 60). The Court issued its Opinion and Order Denying Without Prejudice Plaintiffs' Motion for Class Certification (ECF No. 79) and an Amended Opinion and Order Denying Without Prejudice Plaintiffs' Motion for Class Certification (ECF No. 80) on March 27, 2023.

Initial plaintiffs filed their Motion and Memorandum to Name New Class Representatives (ECF No. 81) on April 26, 2023. On May 16, 2023, the Court entered an Order Granting in Part Plaintiffs' Motion to Name New Class Representatives (ECF No. 88). On June 5, 2023, the Court issued an Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 93). On June 7, 2023, plaintiffs Melvin Davis, Dakota King, Scott E. Vollmar, Cory L. Harris, Bobby R. Garrett, III, and Gracie Mercer, filed the

4

First Amended Complaint (ECF No. 94). Defendants filed their Answer to Plaintiffs'

First Amended Complaint (ECF No. 95) on June 21, 2023. Later, the Parties filed a

Joint Stipulation of Dismissal (ECF No. 96) on June 23, 2023, dismissing plaintiff

Gracie Mercer. Also on June 23, 2023, Plaintiffs filed their Supplemental Brief (ECF

No. 97) in Support of their Motion for Class Certification (ECF No. 44). On June

26, 2023, the Court issued an Order Granting the Joint Stipulation of Dismissal of

Gracie Mercer (ECF No. 98). Defendants filed their Supplemental Brief in

Opposition to Plaintiffs' Motion for Class Certification (ECF No. 99) on June 30,

2023 and Plaintiffs filed their Reply in Support of their Supplemental Brief in

Support of their Motion for Class Certification (ECF No. 100) on November 3, 2023.

On January 25, 2024, the Court issued an Opinion and Order Granting

Plaintiffs' Motion for Class Certification (ECF No. 104). Then, on January 26, 2024,

the Court issued an Order of Reference to United States Magistrate Judge (ECF No.

105) to conduct a settlement conference.

Subsequently, on February 8, 2024, Defendants filed a Petition for Permission

to Appeal from a Class Certification Order (6th Cir. ECF No. 1-2) with the United

States Court of Appeals for the Sixth Circuit. Plaintiffs (Respondents) filed their

Response in Opposition to Defendants' Petition for Permission to Appeal (6th Cir.

ECF No. 13-1) on February 21, 2024. On May 6, 2024, Defendants (Petitioners)

filed an Unopposed Motion to Stay Proceedings on Petition for Permission to Appeal

in Light of Impending Settlement (6th Cir., ECF No. 17).  The Sixth Circuit Court

of Appeals issued an Order on May 7, 2024, granting the Motion to Stay Proceedings

(6th Cir. ECF No. 18).

Before filing the initial complaint, the initial plaintiffs conducted informal

discovery by investigating publicly filed Plan documents, reviewing the Plan

information of the initial plaintiffs, and consulting with experts. Gyandoh Decl., ¶

30. On March 20, 2020, before filing suit, initial plaintiffs requested numerous

documents and information from Defendants pursuant to Section 104(b)(4) of

ERISA. *Id*. at ¶ 31. Defendants responded by providing numerous documents on

April 10, 2020, which the initial plaintiffs reviewed. *Id*. at ¶ 32. The Settling Parties

also conducted extensive discovery.  *Id.*

Discovery led to the production of approximately 50,000 pages of documents

and eight fact witness depositions. Gyandoh Decl., ¶¶ 32-44.  In addition, the Parties

exchanged a total of five expert reports, three for Plaintiffs, and two for Defendants,

and all five experts were also deposed. *Id*.

The Parties voluntarily attended a mediation session on November 28, 2023

with Robert A. Meyer of JAMS, who is well-versed and experienced in mediating

ERISA matters. Gyandoh Decl., ¶¶ 45-47; *see also* curriculum vitae of Mr. Meyer

at https://www.jamsadr.com/meyer/. Prior to the mediation, Named Plaintiffs sent

Defendants their initial settlement demand. *Id.* The mediation did not lead to a

settlement.  However, on May 3, 2024, the Parties attended a settlement conference with Magistrate Judge Elizabeth A. Stafford, where the Parties reached a settlement in principle.

### C.    Claims for Relief

Plaintiffs' claims concern Defendants' alleged breaches of fiduciary duties as Plan fiduciaries by, *inter alia*, (1) failing to investigate and select lower cost alternative investment funds; and (2) failing to monitor or control the Plan's recordkeeping expenses. Amended Complaint, at ¶¶ 135-48. The claims alleged in the Amended Complaint are as follows:

COUNT I: Breaches of Fiduciary Duty of Prudence (asserted against the Investment Committee).

COUNT II: Failure to Adequately Monitor Other Fiduciaries (asserted against all Defendants).

Defendants deny all of these claims and deny that they ever engaged in any wrongful conduct.

### D.    The Settlement Amount

Through arm's length negotiations informed by extensive discovery, the Parties reached an agreement to settle the case on a class basis for $2,900,000. All three Named Plaintiffs and their counsel believe this is a fair and adequate settlement amount.

### E.      Class Notice and Administration of Claims

Plaintiffs have selected Analytics LLC ("Analytics") to be the Settlement Administrator. Analytics is highly experienced in class action claims administration. Upon preliminary approval, Analytics will send, by first-class mail, the Court-approved Settlement Notice (or "Notice") to Settlement Class Members using addresses from documents associated with the Plan. Analytics will administer a skip trace and receive updated address information for notices that are returned for lack of a forwarding address and re-mail the notices to the updated addresses. Additionally, Analytics will establish a settlement website providing Settlement Class Members with important case documents, pertinent information, and contact information for the Settlement Administrator, Class Counsel, and Defense Counsel. Lastly, Analytics will institute a case-specific toll-free number for members to listen to an Interactive Voice Response system or speak with a live agent. The Notice, website, and telephone number will inform Settlement Class Members of their rights to object, deadline to object, their inability to opt-out, Plaintiffs' requested case contribution awards, and Class Counsel's request for attorney's fees and expenses.

### F.      Fees and Expenses

The Gross Settlement Amount is inclusive of an attorney fees award not to exceed one-third of the Gross Settlement Amount. Put differently, the attorney fee award cannot exceed $966,667. The Settlement Agreement also allows Class

Counsel to seek reimbursement of expenses up to $100,000, and Case Contribution Awards up to $10,000 for each of the Named Plaintiffs for their work in bringing the case forward. These amounts are to be paid from the Gross Settlement Amount.

## III.   ARGUMENT

### A.   The Court has Already Granted Class Certification

Given that the Court has previously certified a class and appointed class counsel and class representatives, it is unnecessary for the Court to re-evaluate the basis for granting class certification in the first instance.[5] *See* ECF No. 80 (the Court holding that numerosity, commonality, and typicality are satisfied); ECF No. 104 (the Court holding that the Plaintiffs satisfy the adequacy requirement). Accordingly, Plaintiffs seek pursuant to the Settlement Agreement that the Court maintain the status of the certified class while slightly modifying the Settlement Class definition to be:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan at any time during the Class Period [April 30, 2014, through the date of entry of the Preliminary Approval Order].

Settlement Agreement, ¶ 1.44.[6]

---

[5] The basis for certifying a class, including the adequacy of plaintiffs and their counsel, was set forth in the plaintiffs' memoranda and supporting declarations in support of their motion for class certification, which are incorporated here by reference. *See* ECF Nos. 44, 45, 81, 97, 100, and 101.

[6] The prior certified class was defined as "All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014, through the date of judgment." ECF No. 104.

9

The amended class definition provides an end date to the Settlement Class that occurs prior to the date Settlement Notice must be sent, thus ensuring all Settlement Class Members will be identified and sent notice of the Settlement. Further, the slightly modified Settlement Class meets the requirements of Rules 23(a) and (b).

### B.    The Settlement Meets All Rule 23 Settlement Approval Requirements

Pursuant to FED. R. CIV. P. 23(e), at the preliminary approval stage, the court must determine whether it "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." FED. R. CIV. P. 23(e)(1)(B). Rule 23(e)(2), in turn, specifies factors the court must ultimately consider at the final approval stage:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under
Rule 23(e)(3)[7]; and

(D) the proposal treats class members equitably relative to
each other.

FED. R. CIV. P. 23(e)(2).

Here, as discussed above: (1) the settlement was negotiated at arm's length by
experienced counsel with the assistance of an experienced private mediator and
Magistrate Judge Stafford after significant litigation; (2) the Settlement Class was
adequately represented by Plaintiffs and Class Counsel; and (3) the relief provided
is adequate and equitable to all Settlement Class Members as the proposed Plan of
Allocation provides for a *pro rata* distribution and each Settlement Class Member
will be entitled to at least the minimum amount of $10. In addition, the Settlement
Agreement ensures a substantial and prompt payment to Settlement Class Members,
including through direct payments into the Plan accounts of Settlement Class
Members who currently participate in the Plan. This substantial relief is far
preferable to the possibility of a smaller recovery or none at all. In short, the
proposed Settlement is an excellent result and merits preliminary approval. The
Sixth Circuit has also enumerated factors that encompass the scope of the FED. R.
CIV. P. 23(e)(2) factors described above, and which Plaintiffs satisfy.

---

[7] Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any
agreement made in connection with the proposal." FED. R. CIV. P. 23(e)(3). There are no
agreements, other than the Settlement itself, in this case.

### C.     The Settlement Satisfies Sixth Circuit Requirements of Fairness and Adequacy

In determining if a preliminary settlement satisfies FED. R. CIV. P. 23(e)(1)(C), the Sixth Circuit evaluates seven factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Karpik v. Huntington Bancshares Inc.*, No. 17-cv-1153, 2021 WL 757123, at *4 (S.D. Ohio Feb. 18, 2021) (quoting *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 244 (6th Cir. 2011)).

"The court need not make an affirmative determination of each factor but, rather, should grant preliminary approval if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Bailey v. Verso Corporation*, 337 F.R.D. 500, 505 (S.D. Ohio 2021) (quoting *Vigna v. Emery Fed. Credit Union*, No. 15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016)). Here an evaluation of the seven factors warrants preliminary approval.

#### 1.     There is no risk of fraud or collusion

Courts within the Sixth Circuit presume settlements are not the product of

fraud or collusion unless presented with contrary evidence. *Karpik,* 2021 WL 757123 at * 4; *see also, Shy v. Navistar Int'l Corp.*, No. 92-cv-00333, 2022 WL 2125574, at *6 (S.D. Ohio 2022) ("Settlements resulting from arm's length negotiations conducted by competent counsel are *prima facie* fair."). There was no fraud or collusion in reaching this Settlement, because "[a]fter conducting informal discovery, the parties settled through a neutral mediator." *Thomsen v. Morley Companies, Inc.*, 639 F. Supp. 3d 758, 768 (E.D. Mich. 2022).

### 2. The complexity, expense, and likely duration of the litigation weigh in favor of settlement approval

The second factor considers whether a settlement "accomplishes what parties wanted and is adequate given the costs, risks, and delay of trial and appeal." *Dover Glen Condo. Ass'n v. Oakland County*, No. 22-cv-11468, 2022 WL 17337815 at *4 (E.D. Mich. Nov. 30, 2022). "It is well known that 'ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation.'" *Karpik*, 2021 WL 757123, at *9 (quoting *Krueger v. Ameriprise,* No. 11-cv-02781, 2015 WL 4246879, at *1 (D. Minn. July 13, 2015)). Of course, class action trials are a "long, arduous process requiring great expenditures of time and money on behalf of both the parties and the court." *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 556 (S.D. Ohio 2000). Here, in the absence of settlement, the Parties would continue toward trial, and likely an appeal of any verdict by the losing side. The likely appeal from a trial, plus the potential appeal that the Sixth Circuit may have

permitted from the Court's class certification ruling, would exacerbate the expense, duration, and complexity of the litigation to the detriment of the Plaintiffs and the Settlement Class.

### 3.     Plaintiffs conducted enough discovery to understand their strengths and weaknesses

"The relevant inquiry with respect to this factor is whether the plaintiff has obtained a sufficient understanding of the case to gauge the strengths and weaknesses of the claims and the adequacy of the settlement." *Dover Glen Condo. Ass'n,* 2022 WL 17337815, at *3. In addition to the ample information gathered prior to filing the Action, including Plaintiffs' account statements and publicly available Plan information, the Parties engaged in substantial fact and expert discovery resulting in the production of approximately 50,000 pages of documents from Defendants, the taking of eight fact witness depositions, and the exchange of five expert reports, three of whom were Plaintiffs' experts. Gyandoh Decl., ¶¶ 15-22.

During mediation, Plaintiffs focused on the recordkeeping allegations portion of their case as that was likely the most viable of Plaintiffs' claims in their assessment. Plaintiffs' expert opined the Plan paid an average of $73 per participant from 2014 through 2020 when the reasonable fee should have been $30 per participant during that time-frame.   This resulted in claimed damages of approximately $9.3 million, inclusive of interest. Gyandoh Decl., ¶ 48.  Defendants disputed Plaintiffs' calculations, asserting that even under Plaintiffs' theory of the

14

case, recordkeeping damages were far lower.

In sum, Plaintiffs had ample discovery to understand the strengths and weaknesses of their case, and this factor weighs in favor of settlement approval. The 31.2% recovery of the potential damages, as calculated by Plaintiffs, falls within the range of fair, reasonable and adequate settlements.[8]

### 4.   The likelihood of success on the merits warrants approval

"The likelihood of success on the merits 'provides a gauge from which the benefits of the settlement must be measured.'" *Thomsen*, 639 F. Supp. 3d at 770 at *6 (quoting *Poplar Creek Dev.*, 636 F.3d 245 (6th Cir. 2011)). However, a court "has no occasion to determine the merits of the controversy or the factual underpinning of the legal authorities advanced by the parties." *Williams v. Vukovich*,

---

[8] *See Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-01614 (ECF No. 185) (C.D. Cal. July 30, 2018) (approving $12 million ERISA 401(k) settlement that represented approximately 25% of estimated total damages of $47 million); *Johnson v. Fujitsu Tech. & Business of America, Inc.*, 2018 WL 2183253, at *6-7 (N.D. Cal. May 11, 2018) (approving $14 million ERISA 401(k) settlement that represented "just under 10% of the Plaintiffs' most aggressive 'all in' measure of damages"); *In re Rite Aid Corp. Sec. Litig.*, 146 F.Supp.2d 706, 715 (E.D. Pa. 2001) (noting that since 1995, class action settlements have typically "recovered between 5.5% and 6.2% of the class members' estimated losses"); *Medoff v. CVS Caremark Corp.*, 2016 WL 632238, at *6 (D.R.I. Feb. 17, 2016) (settlement providing recovery of 5.33% of maximum recoverable damages was well above the median percentage of settlement recoveries in comparable securities class action cases); *Baker v. John Hancock Life Ins. Co.*, No. 1:20-cv-10397-RGS (ECF No. 67) (D. Mass. June 2, 2021) (preliminarily approving $14 million recovery therefore representing estimated 23% of the investment damage); *In re China Sunergy Sec. Litig.*, 2011 WL 1899715, at *5 (S.D.N.Y. May 13, 2011) (average settlement amounts in securities class actions over the past decade "have ranged from 3% to 7% of the class members' estimated losses" (internal citations and quotations omitted); *Velazquez v. Mass. Fin. Servs. Co.*, No. 1:17-cv-11249-RWZ (ECF No. 95) (D. Mass. June 25, 2019) (granting preliminary approval in ERISA class action where $6.875 million recovery represented approximately 30% of estimated damages).

720 F.2d 909, 921 (6th Cir. 1983) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)). Courts must only consider "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *UAW v. General Motors Corp*., No. 05-cv-73991, 2006 WL 891151, at *15 (E.D. Mich. Mar. 31, 2006) (citing *In re Cardizem CD Antitrust Litig*., 218 F.R.D. 508, 522 (E.D. Mich. 2003)).

"Plaintiffs have acknowledged the risk of continued litigation." *Thomsen*, 639 F. Supp. 3d at 770. Plaintiffs are confident their claims would prevail at any trial. However, Defendants have proven steadfast in their denial of all claims and maintain they have not breached any ERISA standards of fiduciary duties. If the Action were to go to trial, Defendants would assert multiple defenses arguing that Defendants followed prudent processes, the Plan's investment options and recordkeeping fees were reasonable at all times, and lastly, the Plan did not suffer any losses. Without a doubt, "[t]he Settlement agreement reached by the parties avoids the risks attendant to this 'battle of the experts,' which could result in a ruling against Plaintiffs." *In re Broadwing, Inc. ERISA Litig*., 252 F.R.D. 369, 373 (S.D. Ohio 2006).

Moreover, "[e]ven if Plaintiffs established a fiduciary breach, it is 'difficult' to measure damages in cases alleging imprudent or otherwise improper investments," meaning "the likelihood of success in this case was materially uncertain." *Karpik*, 2021 WL 757123, at *5 (citing Restatement (Third) of Trusts §

100 cmt. b(1)). And with respect to recordkeeping fees, as shown above, Defendants have maintained that even using Plaintiffs' own damages methodology, which Defendants do not agree with, would result in significantly less damages than Plaintiffs calculated. Put differently, "given the complex economic issues," a factfinder "may not credit Plaintiffs' evidence" or "may award less than the damages that would be sought at trial." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-4360, 2019 WL 4746744, at *3 (E.D. Mich. Sept. 30, 2019). Thus, "[b]ecause an adverse ruling on either liability or damages would significantly impact the Class," the benefit the Class receives in avoiding the risk of trial weighs in favor of preliminary approval. *Karpik*, 2021 WL 757123, at * 6.

### 5. Counsel for the Parties find the Settlement to be fair and adequate

Both sets of Parties have retained counsel with experience and knowledge of ERISA and the claims at issue. "Class Counsel are skilled in class actions and ERISA litigation, and their recommendation that the Court should approve the Settlement is entitled to some deference." *Karpik,* 2021 WL 757123 at * 6. *See also Shy*, 2022 WL 2125574 at * 7 ("All interested parties are in a position to fully analyze the strengths and weaknesses of their respective cases and determine that the Settlement at this stage of the litigation is appropriate. Accordingly, the informed recommendations of the parties and their experienced counsel weigh in favor of granting final approval."); *Dover Glen Condo. Ass'n,* 2022 WL 17337815 at *5 ("As

to the fifth factor, courts recognize that the opinion of experienced, informed, and competent counsel in favor of settlement should be afforded substantial consideration.”). In sum, the Parties are well informed of the strengths and weaknesses of their case and find the proposed Settlement to be fair.

### 6.     The reaction of absent class members is not a matter for preliminary approval

“This factor is neutral because the proposed settlement is in the prenotice stage.” *Thomsen,* 639 F. Supp. 3d at 770. However, dissemination of Notice will inform absent class members of the fairness hearing and deadlines for objections so their concerns may be addressed before final approval proceedings. *See Nolan v. Detroit Edison Co.*, 2022 WL 2813013 at * 6 (E.D. Mich. July 14, 2022) (“[T]he views of absent class members are not yet known, but the notice period will provide ample opportunity for them to weigh in or object.”).

### 7.     Approval of the Settlement is in the best public interest

“Public policy generally favors settlement of class action lawsuits.” *Karpik*, 2021 WL 757123 at *6 (quoting *Harney v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Not only does this settlement allow Settlement Class Members prompt and risk-avoidant relief, but “[a]dditionally, this ERISA Settlement confers broader public benefits, as ‘the protection of retirement funds is a great public interest.’” *Id.* at *6 (quoting *Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co.*, No. 12cv8918 (DLC), 2014 WL 5455473, at *9 (S.D.N.Y. Oct. 28, 2014)); *see also Nolan*, 2022

WL 2813013 at *6 ("Finally, the public interest favors resolution of the matter by way of a settlement that will secure a substantial recovery for the class members while avoiding the wastage of considerable time and expense by the parties and the Court, possibly only to reach the same end."). It is in the public interest to preliminarily approve the Settlement.

Accordingly, all the seven factors weigh in favor of preliminarily approving the Settlement.

### D.     The Proposed Notice Plan Should be Approved by The Court

"The Settlement Notice, claims review, and payment distribution services provided by the Settlement Administrator are essential to carry out the Settlement." *Karpik,* 2021 WL 757123, at *9. Moreover, "[t]he Rule 23 Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Daoust v. Maru Rest., LLC,* No. 17-cv-13879, 2019 WL 1055231 at *2 (E.D. Mich. Feb. 20, 2019). A notice plan is adequate if it "is [the] most practicable way under the circumstances to provide individual notice to the Class. It directs the Claims Administrator to mail notice to the members of the Class and provides detailed procedures for handling returned notices. It also establishes a settlement website that any member of the Class can access." *Thomsen*, 639 F. Supp. 3d at 771. As detailed in section II.E. *supra*, the

notice plan calls for dissemination of notice through first-class mail, has procedures for returned mail, creates a website and toll-free number for members, and informs members of their rights and procedures to object to the settlement. The proposed notice plan is the best practicable plan under the circumstances and warrants preliminary approval.

## IV.    CONCLUSION

Plaintiffs respectfully request the Court grant their instant motion and propose the Final Approval Hearing be scheduled at least 120 days after entry of the Preliminary Approval Order in order to provide the Settlement Class with fair notice and the opportunity to be heard, as well as to provide notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715. The submitted proposed Preliminary Approval Order sets forth the proposed schedule of events which are subject to the Court's approval. For the reasons set forth above, the Settlement meets the standard for preliminary approval under Rule 23.

Dated: August 1, 2024                        Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
James A. Maro
James A. Wells
312 Old Lancaster Road
Merion Station, PA 19066

Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com
        jamesm@capozziadler.com
        jayw@capozziadler.com

**MUHIC LAW LLC**
Peter A. Muhic
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Phone: (856) 324-8252
Fax:   (717) 233-4103
Email: peter@muhiclaw.com

**ANTHONY L. DELUCA, PLC**
Anthony L. DeLuca (P-64874)
14950 East Jefferson Avenue, Suite 170
Gross Pointe Park, MI 48230
Phone: (313) 821-5905
Fax: (313) 821-5906
Email: anthony@aldplc.com

*Attorneys for Plaintiffs, the Plan
and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all attorneys of record.

_/s/Mark K. Gyandoh_____