EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| MELVIN DAVIS, DAKOTA KING, SCOTT E. VOLLMAR, CORY L. HARRIS, and BOBBY R. GARRETT, III, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>MAGNA INTERNATIONAL OF AMERICA, INC., et al.,<br><br>          Defendants. | Case No. 2:20-cv-11060-NGE-EAS<br><br>Hon. Nancy G. Edmunds<br><br>Magistrate Elizabeth A. Stafford |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement is entered into between and among the Class Representatives, all Class Members, and the Defendants.

## 1.    ARTICLE 1 – DEFINITIONS

As used in this Agreement, unless otherwise defined, the following terms have the meanings specified below:

1.1.    "Action" means *Davis, et al. v. Magna International of America, Inc., et al.*, Case No. 2:20-cv-11060-NGE-EAS, in the United States District Court for the Eastern District of Michigan.

1.2.    "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of the time of calculation of the Final Entitlement Amount defined in the Plan of Allocation.

1.3.    "Administrative Expenses" means expenses incurred in the administration of this Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notice to Class

Members, including the fees of the Plan's Recordkeeper to identify the names and addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Section 4.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including the fees of the Plan's Recordkeeper associated with implementing the Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Settlement Administrator and Escrow Agent; (e) all fees and expenses of the Independent Fiduciary; and (f) all fees, expenses, and costs associated with providing CAFA Notices. Excluded from Administrative Expenses are the Settling Parties' respective legal fees and expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

1.4.    "Agreed Protective Order" means the agreed protective order signed by the Court on August 20, 2021 at Docket No. 36.

1.5.    "Agreement" or "Settlement Agreement" means this agreement, including any modifications or amendments.

1.6.    "Alternate Payee" means a Person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a qualified domestic relations order.

1.7.    "Amended Complaint" means the First Amended Complaint filed on June 7, 2023 at Docket No. 94.

1.8.    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services of Class Counsel. The amount of attorneys' fees for Class Counsel shall not exceed one-third of the Gross Settlement Amount (a maximum amount of $966,667 and shall be recovered from the Gross Settlement Amount. Class Counsel also will seek reimbursement for reasonable litigation costs and expenses they advanced during the Action, not to exceed $100,000, which also shall be recovered from the Gross Settlement Amount.

1.9.    "Authorized Administrator" means any entity, other than the Recordkeeper, with appropriate administrative authority under the Plan.

1.10.   "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive death benefits payable under the Plan, on either a primary or contingent basis, other than an Alternate Payee.

1.11.   "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

1.12.   "CAFA Notice" means notice of the proposed Settlement to the appropriate federal and state officials pursuant to CAFA, to be issued by Defendants.

1.13.   "Case Contribution Awards" means the monetary amount awarded by the Court to each Class Representative in recognition of the Class Representative's assistance in the prosecution of the Action, for which Class Counsel may seek an amount not exceeding $10,000 per Class Representative payable from the Gross Settlement Amount. Any Case Contribution Award shall be subject to the approval of the Court.

1.14.   "Class Counsel" means Capozzi Adler, P.C.

1.15.   "Class Members" or "Settlement Class Members" means all individuals in the Settlement Class, including the Class Representatives.

1.16.   "Class Period" means April 30, 2014 through the date of entry of the Preliminary Approval Order.

1.17.   "Class Representatives" means Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III.

1.18.   "Complaint" means the Complaint filed on April 30, 2020 at Docket No. 1 in this Action.

1.19.   "Court" means the United States District Court for the Eastern District of Michigan.

1.20.   "Defendants" means Magna International of America, Inc., the Board of Directors of Magna International of America, Inc., the Magna International of America, Inc. Investment Committee, the United States Pension and Retirement Savings Committee, and all of their

respective past and present predecessors, successors, members, employees, officers, directors, trustees, and affiliates.

1.21. "Defense Counsel" means Sidley Austin LLP and Dickinson Wright PLLC.

1.22. "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.

1.23. "Escrow Agent" means Analytics LLC, or another entity agreed to by the Settling Parties.

1.24. "Final Approval Hearing" means the hearing scheduled by the Court to consider (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Case Contribution Awards; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e). The Settling Parties agree that the Final Approval Hearing may be conducted telephonically or via videoconference.

1.25. "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of the judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. Absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is 30 days after its entry by the Court.

1.26. "Final Order" means the entry of the order and final judgment approving the Agreement, implementing the terms of this Agreement, and dismissing the Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit D.

1.27. "Former Participant" means a member of the Settlement Class who does not have an Active Account as of the time of calculation of the Final Entitlement Amount defined in the Plan of Allocation.

1.28. "Gross Settlement Amount" means $2,900,000, caused to be deposited into the Qualified Settlement Fund by Defendants and/or their insurer(s) in accordance with the Agreement. The Gross Settlement Amount shall be the sole payment to the Settlement Class, Plaintiffs, and Class Counsel made by or on behalf of Defendants in connection with the Settlement. Neither Defendants nor their insurer(s) will make any additional payment in connection with the Settlement of the Action.

1.29. "Independent Fiduciary" means an independent fiduciary who Magna selects to serve as a fiduciary to the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 2.1. The Independent Fiduciary shall have no pre-existing relationship with or interest in any of the Settling Parties.

1.30. "Magna" means Magna International of America, Inc.

1.31. "Net Settlement Amount" means the Gross Settlement Amount minus (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

1.32. "Person" means an individual, partnership, corporation, governmental entity, or any other form of entity or organization.

1.33. "Plaintiffs" means the Class Representatives and each member of the Settlement Class.

1.34. "Plan" means the Magna Group of Companies Retirement Savings Plans, and each of its predecessor plans, successor plans, merged

and/or acquired plans, individually and collectively, and any trust created under such plans.

1.35. "Plan of Allocation" means the method of allocating settlement funds to Class Members. A proposed form of the Plan of Allocation is attached as Exhibit B.

1.36. "Preliminary Approval Order" means the order of the Court in substantially the form attached as Exhibit C.

1.37. "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 of the Agreement and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.38. "Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

1.39. "Released Claims" means any and all actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification, or any other type of legal or equitable relief), actions, suits, demands, rights, obligations, liabilities, expenses, costs, and causes of action that any Class Member ever had, now has, or will have in the future whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought directly or indirectly, in an individual or representative capacity, whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts or failures to act through the date of the Final Order:

    1.39.1. That were asserted or could have been asserted in the Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, or could have been alleged, in the Complaint or Amended Complaint; and/or

    1.39.2. That arise out of, relate in any way to, are based on, or have any connection with (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plan's

investment options or service providers, including its recordkeeping and/or administrative service providers, its trustees, its auditors, and Magna in its role as a service provider to the Plan; (b) the selection, nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries; (c) fees, costs, or expenses charged to, paid by, or reimbursed by the Plan or any Class Member; (d) disclosures or failures to disclose information regarding the Plan's investment options, fees, or service providers; (e) the compensation received by the Plan's service providers; (f) the services provided to the Plan or the costs of those services; (g) the payment of compensation based on a percentage of total assets; (h) the management, oversight or administration of the Plan or its fiduciaries; (i) the use of Plan-related information by any of the Plan's service providers, including in marketing or selling any investment or wealth management products to the Plan's participants; (j) any use of the Plan's forfeiture account; or (k) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions under ERISA; or

1.39.3. That would be barred by *res judicata* based on entry of the Final Order; or

1.39.4. That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation;

1.39.5. That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone; or

1.39.6. That relate to the Settlement Administrator's work or any acts or omissions by the Settlement Administrator, unless brought against the Settlement Administrator alone.

1.39.7. For the avoidance of doubt, "Released Claims" do not include any claims for vested benefits that may be asserted against the Plan that the Class Representatives or any member of the Settlement Class has or may have arising solely under ERISA

7

§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to the extent such claims do not relate to the Released Claims in Section 1.39. However, other claims that were asserted, or which could have been asserted, in this action for breaches of fiduciary duty under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) or ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) are included within the definition of "Released Claims."

1.40.  "Released Parties" means (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Magna's direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, stockholders, agents, managers, members, employees, or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, recordkeepers (including Principal Life Insurance Company), service providers, investment advisors (including Wilshire Associates Incorporated and CapFinancial Partners, LLC, d/b/a/ CAPTRUST Financial Advisors), trustees (including Principal Trust Company), consultants, auditors, attorneys, agents, insurers, and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

1.41.  "Review Proceeding" has the meaning set forth in Section 1.25.

1.42.  "Settlement" means the settlement to be consummated under this Agreement and its exhibits, including any modifications or amendments adopted pursuant to Section 14.13.

1.43.   "Settlement Administrator" means Analytics LLC, the entity selected and retained by Class Counsel to administer the Settlement and Plan of Allocation.

1.44.   "Settlement Class" means all persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan at any time during the Class Period.

1.45.   "Settlement Effective Date" means the date on which the Final Order is Final, as long as the Settlement has not been terminated by then in accordance with Article 12.

1.46.   "Settlement Notice" means the Notice of Class Action Settlement and Final Approval Hearing to be sent to Class Members identified by the Settlement Administrator after issuance of the Preliminary Approval Order in substantially the form attached as Exhibit A.

1.47.   "Settling Parties" or "Parties" means the Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

1.48.   "Transferor" means Magna, as the "transferor" within the meaning of Treas. Reg. § 1.468B-1(d)(1).

## 2.   ARTICLE 2 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS

2.1.   <u>Independent Fiduciary</u>. The Independent Fiduciary, retained by Defendants on behalf of the Plan, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

2.1.1.   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

9

2.1.2.   The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defense Counsel), no later than 30 days before the Final Approval Hearing.

2.1.3.   All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

2.1.4.   Defendants, Defense Counsel, and Class Counsel shall respond to the Independent Fiduciary's reasonable requests for information so the Independent Fiduciary can evaluate the Agreement.

2.1.5.   If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within 14 days of receipt of the determination.

2.1.6.   A copy of the Independent Fiduciary determination letter and report shall be provided to Class Counsel, who may file it with the Court in support of final approval of the Settlement.

2.2.   <u>Preliminary Approval</u>. As soon as reasonably possible, the Class Representatives, through Class Counsel, shall move for preliminary approval of the Settlement and for entry of the Preliminary Approval Order in substantially the form attached as Exhibit C. Defendants will not object to this motion.

2.3.   <u>Settlement Administrator</u>. Defendants and Defense Counsel shall use reasonable efforts to promptly respond to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plan's Recordkeeper, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

2.3.1. The Settlement Administrator must agree to be bound by the Agreed Protective Order and any further non-disclosure or security protocol required by the Settling Parties.

2.3.2. The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator.

2.3.3. At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information relating to the Settlement to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of that information.

2.4. <u>Settlement Notice</u>. By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached as Exhibit A or as otherwise agreed by the Settling Parties. The Settlement Administrator shall use commercially reasonable efforts to locate Class Members whose Settlement Notice is returned and re-send the Settlement Notice one additional time if a new address is found.

2.5. <u>CAFA Notice</u>. No later than 10 days after the filing of the motion for preliminary approval of the Settlement, Defendants will serve the CAFA Notice on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715.

## 3.   ARTICLE 3 – FINAL SETTLEMENT APPROVAL

3.1. No later than 30 days before the date for filing objections set in the Preliminary Approval Order, Class Counsel shall submit to the Court a motion for entry of the Final Order (Exhibit D) in the form approved by Class Counsel and Defense Counsel, which shall request the Court's approval of the Settlement and entry of the Final Order.

3.2.   The Final Order and judgment entered by the Court approving the Agreement shall provide that upon its entry, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Agreement and the Final Order.

4.   **ARTICLE 4 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND**

4.1.   No later than 14 days after the Preliminary Approval Order is issued, the Settlement Administrator shall establish the Qualified Settlement Fund with the Escrow Agent. The Qualified Settlement Fund is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1. The Settlement Administrator shall timely make any elections that are necessary or advisable to carry out the provisions of this Section 4.1. If applicable, the Settlement Administrator (as the "administrator" pursuant to Section 4.2) and the Transferor shall fully cooperate in filing the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) to treat the Qualified Settlement Fund as coming into existence as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1 as of the earliest permitted date. Such elections shall comply with the procedures and requirements in those regulations. The Settlement Administrator shall prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties and cause the appropriate filing to be timely made.

4.2.   The "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3) shall be the Settlement Administrator. The Settlement Administrator shall timely and properly cause to be filed on behalf of the Qualified Settlement Fund all informational and other tax returns required by Treas. Reg. §§ 1.468B-2(k) and -2(l) with respect to the Gross Settlement Amount (including applying for a taxpayer identification number for the Qualified Settlement Fund pursuant to Internal Revenue Service Form SS-4 and in accordance with Treas. Reg. § 1.468B-2(k)(4)). These returns as well as any election described in Section 4.1 shall be consistent with this Article 4 and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Qualified

Settlement Fund shall be deducted and paid from the Gross Settlement Amount as provided in Section 4.3.

4.3.   Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed on Defendants with respect to any income earned by the Gross Settlement Amount for any period when the Gross Settlement Fund does not qualify as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 4 (including expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 4). Such taxes and tax expenses shall be Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Gross Settlement Amount. The Settlement Administrator shall ensure compliance with withholding and reporting requirements in accordance with Treas. Reg. § 1.468B-2(l) and shall be obligated (notwithstanding anything in the Agreement to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses. Neither the Released Parties, Defense Counsel, nor Class Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account. The Settling Parties agree to cooperate with the Settlement Administrator, Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 4.

4.4.   Within 60 days after the later of (a) the entry of the Preliminary Approval Order, or (b) the date the Qualified Settlement Fund is established and the Settlement Administrator (or Class Counsel) has furnished to Defendants and/or Defense Counsel in writing the Qualified Settlement Fund name, IRS W-9 Form, and all necessary wiring instructions, the Transferor shall deposit $100,000 into the Qualified Settlement Fund as the first installment of the Gross Settlement Amount.

13

4.5.   Within 21 days after the Settlement Effective Date, the Transferor shall deposit the remainder of the Gross Settlement Amount ($2,800,000) into the Qualified Settlement Fund.

4.6.   The Settlement Administrator shall, at the written direction of Class Counsel, cause the Escrow Agent to invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or one of its agencies, or fully insured by the United States Government or one of its agencies, and shall cause the Escrow Agent to reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.7.   The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion of it from the Qualified Settlement Fund except as provided in this Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Settlement Administrator is authorized to execute transactions that are consistent with the terms of this Agreement.

4.8.   The Settlement Administrator shall provide for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.9.   No later than February 15 of the year following the calendar year in which Defendants, their insurer(s), or agents make any transfer to the Qualified Settlement Fund pursuant to this Article 4, Defendants, their insurer(s), or agents shall timely furnish a statement to the Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to its federal income tax return filed for the taxable year in which Defendants, their insurer(s), or agents make a transfer to the Qualified Settlement Fund.

5. **PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND**

5.1. <u>Disbursements from Qualified Settlement Fund before the Settlement Effective Date</u>. Class Counsel, subject to the approval of Defendants (which shall not be unreasonably withheld) shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.1.1. <u>Settlement Notice Expenses</u>. After entry of the Preliminary Approval Order, the Escrow Agent shall be directed in writing to disburse from the Qualified Settlement Fund an amount sufficient for the payment of costs of the Settlement Notice. Class Counsel has selected the Settlement Administrator to assist with Class Notice, and Defendants agreed to this selection. The Settlement Administrator shall abide by the Agreed Protective Order to protect information relating to the Settlement. Any costs, expenses, or fees incurred in connection with the administration of this Settlement shall be paid out of the Qualified Settlement Fund.

5.1.2. For taxes and expenses of the Qualified Settlement Fund as provided in Section 4.3.

5.1.3. For fees and expenses of the Independent Fiduciary. The Escrow Agent shall be directed to disburse money from the Qualified Settlement Fund to pay the reasonable costs, fees, and expenses of the Independent Fiduciary. To the extent Defendants and/or their insurer(s) pay any costs, fees, or expenses to the Independent Fiduciary before proceeds from the Qualified Settlement Fund are available for distribution, the Escrow Agent shall be directed to reimburse Defendants and/or their insurer(s) for those amounts.

5.1.4. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement.

5.1.5. For costs and expenses incurred by the Recordkeeper (or Authorized Administrator) in implementing this Settlement. To the extent Defendants pay these costs, they will have the

right to recover any sums paid from the Qualified Settlement Fund.

5.2.    Following the payment of the second installment of the Gross Settlement Amount as set forth in Section 4.5, Class Counsel shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.2.1.    For Attorneys' Fees and Costs, as approved by the Court, within 28 days of the Settlement Effective Date. The Court's failure to approve in part any application for Attorneys' Fees and Costs sought by Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Settlement. If the Agreement does not become effective, or the judgment or the order making the fee and cost award is reversed or modified, or the Agreement is canceled or terminated for any other reason, and the reversal, modification, cancellation, or termination becomes Final and not subject to review, and if the fee and cost award has been paid to any extent, then Class Counsel with respect to the entire fee and cost award shall within 30 days from receiving notice from Defense Counsel or from a court of appropriate jurisdiction, refund to the Qualified Settlement Fund the fees and expenses previously paid to it from the Qualified Settlement Fund plus interest at the same rate earned on the Qualified Settlement Fund in an amount consistent with such reversal or modification.

5.2.2.    For Class Representatives' Case Contribution Awards, as approved by the Court, no later than 28 days of the Settlement Effective Date.

5.2.3.    For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement that were not previously paid.

5.2.4.    For costs and expenses incurred by the Recordkeeper (or Authorized Administrator) in implementing this Settlement that were not previously paid. To the extent Defendants pay these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

5.2.5.   The Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.3.   <u>Implementation of the Plan of Allocation</u>. Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached as Exhibit B, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount. The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to Class Members pursuant to the Plan of Allocation. Upon the Settlement Effective Date, and after the amounts payable pursuant to Sections 5.1 and 5.2 have been disbursed, or, in the case of future estimated expenses set aside and withheld, Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by this Agreement and the Plan of Allocation. The Recordkeeper or an Authorized Administrator shall allocate to the Plan accounts of Class Members who are not Former Participants any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation. Class Counsel shall direct the Settlement Administrator to provide to the Recordkeeper or Authorized Administrator the calculations made under the Plan of Allocation by no later than the date of the distribution of the Net Settlement Amount. The Settlement Administrator shall promptly notify Class Counsel as to the date(s) and amounts of allocations made to Class Members who are not Former Participants. The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to Former Participants as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to Former Participants. The Defendants shall have no responsibility or liability related to the structure or taxability of any allocations made from the Net Settlement Amount pursuant to this Agreement. Nothing in this Agreement shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.

17

5.4.   The Net Settlement Amount distributed pursuant to the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

5.5.   <u>Final List of Class Members</u>. Before the disbursement of the Net Settlement Amount to the Plan, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. This list shall be final, and only persons on the list or their Beneficiaries or Alternate Payees shall be eligible to receive any recovery from the Settlement.

5.6.   After the distribution of the Net Settlement Amount and allocation of the Net Settlement Amount pursuant to the Plan of Allocation, amounts allocable to Class Members who cannot be located or otherwise cannot receive their Settlement payment shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants.

**6.   ARTICLE 6 – ATTORNEYS' FEES AND EXPENSES**

6.1.   <u>Application for Attorneys' Fees and Expenses and Class Representatives' Case Contribution Awards</u>. Class Counsel intends to seek to recover attorneys' fees not to exceed $966,667, and reasonable litigation costs and expenses advanced by Class Counsel during the Action, not to exceed $100,000, which shall be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Case Contribution Awards in an amount not to exceed $10,000 each for Class Representatives Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III, which shall be recovered from the Gross Settlement Amount.

6.2.   Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least 30 days before the deadline set in the Preliminary Approval Order for objections to the proposed Settlement.

**7.   ARTICLE 7 – RELEASE AND COVENANT NOT TO SUE**

7.1.   As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 2.1) and each of the Class

Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties of and from all Released Claims, even if the Class Member discovers facts in addition to or different from those which the Class Member or Class Counsel now knows or believes to be true with respect to the Action and the Released Claims. This release will be effective whether or not each Class Member receives a monetary benefit from the Settlement, whether or not each Class Members actually receives the Settlement Notice, and whether or not Class Members objected to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs.

7.2.   As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 2.1) and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, expressly agree that they, acting individually or together, or in combination with others, shall not, directly or indirectly, sue or seek to file, initiate, institute, maintain, prosecute, argue, or assert in any action or proceeding (including an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission) any cause of action, demand, or claim (including third party claims, crossclaims, or counterclaims) on the basis of, connected with, or arising out of any of the Released Claims. Nothing in this Agreement shall preclude any action to enforce the terms of this Agreement in accordance with the procedures set forth in the Agreement. No Released Party shall be subject to liability or expense of any kind to any Class Member or their respective counsel related to the Released Claims except as provided in this Agreement.

7.3.   Class Counsel, the Class Representatives, Class Members, or the Plan may later discover facts in addition to or different from those they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive,

and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Nevertheless, each Class Member and the Plan shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Claims. The Class Representatives, Class Members, and the Plan acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key and material element of the Settlement embodied in this Agreement of which this release is a part.

7.4.   Each Class Representative, each Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon the Settlement Effective Date, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives, Class Members, and the Plan shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory in the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

7.5.   <u>Dismissal With Prejudice</u>. The Action and all Released Claims shall be dismissed with prejudice.

7.6   <u>No Impact on Prior Releases</u>. The release of the Released Claims shall not invalidate or impair any prior release of claims by any Class Members against any of the Released Parties.

**8.    ARTICLE 8 – COVENANTS**

The Settling Parties covenant and agree as follows:

8.1.    <u>Taxation</u>. Plaintiffs acknowledge that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiffs or Class Counsel receive from the Gross Settlement Amount. Plaintiffs further acknowledge that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund. Nothing in this Agreement shall constitute an admission or representation that any such taxes will or will not be due.

8.2.    <u>Cooperation</u>. Magna and Defense Counsel shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation.

8.2.1.    Magna or Defense Counsel shall coordinate with the Recordkeeper to provide to the Settlement Administrator and/or Class Counsel within 30 days of entry of the Preliminary Approval Order: (1) the names and last known addresses (to the extent available) of Class Members, as compiled from reasonably accessible electronic records maintained by the Recordkeeper; (2) the Social Security numbers of Class Members to enable the Settlement Administrator to perform a National Change of Address search to update out-of-date addresses; and (3) Plan participant data necessary to perform calculations pursuant to the Plan of Allocation. With respect to the Plan of Allocation data, the Plan's Recordkeeper shall take commercially reasonable steps to ensure the data provided is complete as it exists in the Recordkeeper's systems. Neither Plaintiffs, Class Counsel, Defendants, or Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this section.

8.2.2.    The Settlement Administrator shall use the information provided through this Section to compile a preliminary list of

Class Members for purposes of sending the Class Notice and calculating payments pursuant to the Plan of Allocation.

8.2.3.  Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 8.2 solely for the purpose of providing notice and administering this Settlement, and will take reasonable and necessary steps as required by law to maintain the security and confidentiality of this information.

8.3.  The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Order approving the Settlement unless expressly permitted by this Agreement. The Settling Parties shall suspend any and all efforts to prosecute and to defend the Action pending entry of the Final Order or termination of the Agreement.

## 9.  ARTICLE 9 – REPRESENTATION AND WARRANTIES

9.1.  <u>Settling Parties' Representations and Warranties</u>. The Settling Parties represent and warrant as follows, and each Settling Party acknowledges that each other Settling Party is relying on these representations and warranties in entering into this Agreement:

9.1.1.  That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Agreement as a result of arm's length negotiations; that in executing this Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, about the nature, extent, and duration of their rights and claims and about all matters relating to the subject matter of this Agreement; and that, except as provided in this Agreement, they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party. Each Settling Party assumes the risk of mistake as to facts or law. Each Settling Party further recognizes that additional evidence may have come to

light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

9.1.2. That they have read the contents of this Agreement, and this Agreement is signed freely by each Person executing it on behalf of each of the Settling Parties. Each Settling Party further represents and warrants to the others that he or it has investigated the facts pertaining to the Settlement and this Agreement to the extent he or it deems necessary.

9.2. <u>Signatories' Representations and Warranties</u>. Each Person executing this Agreement on behalf of any other Person personally represents and warrants to the other Settling Parties that he or she has the authority to execute this Agreement on behalf of, and fully bind, each principal he or she represents or purports to represent.

## 10. ARTICLE 10 – NO ADMISSIONS

10.1. This Agreement embodies a compromise of disputed claims, and, whether approved or not approved, nothing in this Agreement, nor any document, appendix, or instrument delivered pursuant to this Agreement, including the furnishing of consideration as described in the Agreement, shall be deemed to constitute any finding, admission, or suggestion, or give rise to any inference, in this or any other proceeding (i) of the truth of any of the allegations contained in the Complaint, (ii) of any wrongdoing or admission of wrongdoing or liability by any Defendant, or (iii) that any particular party had a fiduciary status under ERISA.

10.2. Defendants specifically deny any liability or wrongdoing and state that they are entering into this Agreement to eliminate the burden and expense of further litigation. Further, the Class Representatives, while believing that the claims brought in the Action have merit, have concluded that the terms of this Agreement are fair, reasonable, and adequate to the Plan, themselves, and members of the Settlement Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA litigation. Neither the fact nor the terms of this Agreement shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement or proceedings arising out of or relating to the Final Order.

10.3.   If this Agreement is terminated, or is reversed, vacated, or modified in any material respect, then Defendants' rights to contest whether a class should be certified in this Action, including in any proceedings under Federal Rule of Civil Procedure 23(f) or other appellate proceedings, shall revert to their status as of May 2, 2024, and no reference to this Agreement shall be made for any purpose relating to the parties' positions with regard to class certification.

## 11.   ARTICLE 11 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 11 being satisfied. The Settling Parties agree that if any of these conditions is not satisfied, then this Agreement is terminated (subject to Defendants' right to waive the condition set forth in Section 11.4) and the Action will, for all purposes with respect to the Settling Parties, revert to its status as of May 2, 2024. If that happens, Defendants will not be deemed to have consented to the class certification order referenced in Section 11.1, the agreements and stipulations in this Agreement concerning the class definition or class certification shall not be used as evidence or argument to support class certification in the Court or in any appellate proceedings, including any proceedings under Federal Rule of Civil Procedure 23(f), and Defendants will retain all rights with respect to challenging class certification.

11.1.   <u>Court Approval and Class Certification for Settlement Purposes</u>. The Court shall have maintained certification of the Settlement Class for settlement purposes, the Settlement shall have been approved by the Court, the Court shall have entered the Final Order substantially in the form attached as Exhibit D, and the Settlement Effective Date shall have occurred.

11.2.   <u>Finality of Settlement</u>. The Settlement shall have become Final.

11.3.   <u>Resolution of CAFA Objections (If Any)</u>. If any government officials object to and request modifications to the Settlement, Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome or resolve any objections and requested modifications. If any objections or requested modifications are not overcome or resolved, Defendants shall have the right to terminate the Agreement pursuant to Article 12.

24

11.4. <u>Settlement Authorized by Independent Fiduciary</u>. At least 30 days before the Final Approval Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement, and given a release to all of the Released Parties in its capacity as fiduciary of the Plan for and on behalf of the Plan in accordance with PTE 2003-39. If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then Defendants shall have the option to waive this condition within 14 days after the Settling Parties' receipt of the Independent Fiduciary's written determination.

12. **ARTICLE 12 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

12.1. The Agreement shall automatically terminate, and thereby become null and void with no further force or effect, if:

12.1.1. Under Section 2.1, (a) either the Independent Fiduciary does not approve the Agreement or disapproves the Agreement for any reason, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not agree to modify the terms of this Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) Magna does not exercise its option to waive this condition as provided in Section 11.4;

12.1.2. The Preliminary Approval Order or the Final Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

12.1.3. The Settlement Class is not maintained as defined in this agreement or in a form which is otherwise agreed to by the Settling Parties;

12.1.4. This Agreement is disapproved by the Court or fails to become effective and the Settling Parties do not agree to

25

modify the Agreement to obtain the Court's approval or otherwise effectuate the Settlement; or

12.1.5. The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not agree to any such modifications.

12.2. If the Agreement is terminated, the Action shall revert to its status as of May 2, 2024, and as though the Settling Parties never executed the Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned on it, shall be returned to Defendants or their insurer(s) within 30 days after the Agreement is terminated.

12.3. It shall not be deemed a failure to approve the Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards.

## 13. ARTICLE 13 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS

13.1. Except as explicitly set forth below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Action and the Agreement, except that they may discuss the negotiations with Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors and auditors, provided that they do so pursuant to agreements that those persons or entities shall not further disclose such information and shall comply with this Article 13.

13.2. Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not at any time make (or encourage or induce others to make) any public statement regarding the Action or the Settlement that disparages any Released Party; provided, however, that this prohibition does not preclude Class Counsel from restating the allegations made in the Complaint or Amended Complaint for purposes of the motion for preliminary approval of the Settlement,

motion for final approval of the Settlement, or the request for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Case Contribution Awards. This prohibition does not prohibit any Settling Party from making any statements pursuant to valid legal process or in response to a request or inquiry by a regulatory agency, or as required by law.

13.3.    Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not issue any press release regarding the Settlement, advertise the Settlement, or affirmatively contact any media sources regarding the Settlement, unless required by any applicable disclosure requirements or conventions or otherwise required by law.

13.4.    Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not publicly disclose the terms of the Settlement until the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary to administer the Settlement, or unless disclosure is made pursuant to valid legal process, in response to a request or inquiry by a regulatory agency, or as required by any applicable disclosure requirements or conventions or otherwise required by law.

## 14.    ARTICLE 14 – GENERAL PROVISIONS

14.1.    The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Order, and to do anything reasonably necessary to effectuate preliminary and final approval and the implementation of this Agreement. The Settling Parties agree to provide each other with copies of draft filings necessary to effectuate this Settlement reasonably in advance of filing.

14.2.    Defendants deny all allegations of wrongdoing. Defendants believe the Plan has been managed, operated, and administered reasonably and prudently, in the best interest of the Plan's participants, and in accordance with ERISA, including the fiduciary duty and prohibited transaction provisions of ERISA.

14.3.    Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to

(a) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for or liability with respect to any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

14.4.   The Released Parties shall not have any responsibility for or liability with respect to the Plan of Allocation, including the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

14.5.   The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation about the tax consequences of any of the payments described in the Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

14.6.   Each Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and

interest, related in any way to payments under the Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to any tax liability.

14.7. This Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent federal law does not govern, Michigan law.

14.8. The Settling Parties agree solely for purposes of this Action that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Agreement. Any motion or action to enforce this Agreement, including by way of injunction, may be filed in the U.S. District Court for the Eastern District of Michigan, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Agreement.

14.9. Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, the Agreement may be modified or amended only if the modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves the modification or amendment in writing. Following entry of the Preliminary Approval Order, the Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and by the Court.

14.10. The provisions of this Agreement may be waived only in a writing executed by the waiving party. The waiver of any breach of this Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or a waiver by any other party.

14.11. Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement, that he or it will in good faith

29

execute and deliver documents and take actions reasonably necessary to effectuate this Agreement.

14.12. All of the attached exhibits are incorporated by reference. The exhibits shall be: Exhibit A – Notice of Class Action Settlement and Final Approval Hearing; Exhibit B – Plan of Allocation; Exhibit C – Proposed Preliminary Approval Order; Exhibit D – Proposed Final Order.

14.13. No provision of the Agreement or its exhibits shall be construed against or interpreted to the disadvantage of any party to the Agreement because that party is deemed to have drafted or requested the provision.

14.14. <u>Principles of Interpretation</u>. The following principles of interpretation apply to this Agreement:

    14.14.1. <u>Singular and Plural</u>. Definitions apply to the singular and plural forms of each defined term.

    14.14.2. <u>Gender</u>. Definitions apply regardless of and equally to any gender of each defined term.

    14.14.3. <u>References to a Person</u>. References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided herein.

    14.14.4. <u>Terms of Inclusion</u>. Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.15. <u>Survival</u>. All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Agreement are contained in this Agreement. No Party is relying on any oral representations or oral agreements. All covenants, representations, and warranties in this Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

14.16. <u>Notices</u>. Any notice, demand, or other communication under this Agreement (other than the Settlement Notice, CAFA Notice, or other

notices given at the direction of the Court) shall be in writing and shall be addressed as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

IF TO CLASS REPRESENTATIVES:

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Tel.: 610.890.0200
Fax: 717.233.4103
markg@capozziadler.com

IF TO DEFENDANTS:

Eric S. Mattson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: 312.853.7000
Fax: 312.853.7036
emattson@sidley.com

Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

14.17. <u>Entire Agreement</u>. This Agreement and the attached exhibits constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Agreement. This Agreement supersedes any settlement terms or settlement agreements that were previously agreed upon, orally or in writing, by any of the Settling Parties in connection with this Action.

14.18. <u>Counterparts</u>. The Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Agreement shall be deemed an original signature for

purposes of this Agreement. The Agreement may be executed in counterparts, and each counterpart shall for all purposes be deemed an original, and all counterparts shall together constitute the same instrument.

14.19. <u>Binding Effect</u>. This Agreement binds and inures to the benefit of the Settling Parties and their assigns, heirs, administrators, executors, and successors.

14.20. <u>Dispute Resolution</u>. If a dispute arises about compliance with this Agreement after it has been approved and executed, the dispute will be mediated by a neutral party to be agreed upon by the Settling Parties, who will make a non-binding decision regarding the dispute. The cost of any such mediation shall be split equally between Plaintiffs and Defendants.

14.21. <u>Extensions of Time.</u> The Settling Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Agreement.

14.22. <u>Communication with Participants.</u> Nothing in this Agreement or the Settlement shall prevent or inhibit Defendants' ability to communicate with current or former participants of the Plan.

14.23. <u>Destruction/Return of Confidential Information</u>. Within 30 days after the Final Order, Class Representatives and Class Counsel shall fully comply with the Agreed Protective Order entered in this case. Further, the Settling Parties agree that the preliminary and final lists of Class Members are deemed Confidential. The Settling Parties shall have the right to continue to designate documents provided to any party in connection with this Agreement as Confidential pursuant to this paragraph or pursuant to the Agreed Protective Order entered in this case.

The Settling Parties have executed this Agreement on the dates set forth below.

Date: July 25, 2024

Date: _8/1/2024_____

On Behalf of Plaintiffs, Individually and as Representatives of the Settlement Class:

On Behalf of Defendants:

DocuSigned by:

*Eric S. Mattson*

68252168C725428...

CAPOZZI ADLER, P.C.
Mark K. Gyandoh
James A. Wells
312 Old Lancaster Road
Merion Station, PA 19066
Tel.: (610) 890-0200
Fax: (717) 233-4103
markg@capozziadler.com
jayw@capozziadler.com

Donald R. Reavey
2933 North Front Street
Harrisburg, PA 17110
Tel.: (717) 233-4101
Fax: (717) 233-4103
donr@capozziadler.com

Counsel for Plaintiffs

SIDLEY AUSTIN LLP
Mark B. Blocker
Eric S. Mattson
Caroline A. Wong
Sudeep S. Dhanoa
One South Dearborn Street
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
mblocker@sidley.com
emattson@sidley.com
caroline.wong@sidley.com
sdhanoa@sidley.com

DICKINSON WRIGHT PLLC
Max A. Aidenbaum
Jared A. Christensen
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Tel.: (313) 223-3500
Fax: (844) 670-6009
maidenbaum@dickinsonwright.com
jchristensen@dickinsonwright.com

Counsel for Defendants

EXHIBIT A

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| MELVIN DAVIS, DAKOTA KING, SCOTT E. VOLLMAR, CORY L. HARRIS, and BOBBY R. GARRETT, III, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAGNA INTERNATIONAL OF AMERICA, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-11060-NGE-EAS<br><br>Hon. Nancy G. Edmunds<br><br>Magistrate Elizabeth A. Stafford |

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

*A federal court has authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

### PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS

You are receiving this Notice of Class Action Settlement ("Notice") because records indicate that you were a participant in the Magna Group of Companies Retirement Savings Plans (the "Plan") at some point between April 30, 2014 and [the date of entry of the Preliminary Approval Order]. Your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to learn about the lawsuit, the terms of the proposed Settlement, your right to object to the proposed Settlement, and the deadline for objecting.**

The complete terms of the Settlement appear in a Class Action Settlement Agreement (the "Agreement"). Capitalized terms used in this Notice, but not defined in this Notice, have the meanings assigned to them in the Agreement. The Agreement and additional information about this lawsuit and the Settlement are available at [WEB ADDRESS].

The Court in charge of this case is the United States District Court for the Eastern District of Michigan. The people who sued on behalf of themselves and the Plan are called the "Named Plaintiffs," and the people they sued are called "Defendants." Defendants are Magna International of America, Inc., the Board of Directors of Magna International of America, Inc., the Magna International of America, Inc. Investment Committee, and the United States Pension and Retirement Savings Committee.

The case is known as *Davis v. Magna International of America, Inc.*, Case No. 2:20-cv-11060.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IN ORDER TO OBTAIN A PAYMENT.** | If the Settlement is approved by the Court and if you are a member of the Settlement Class who is entitled to receive a payment under the Agreement, you will not need to file a claim in order to receive a Settlement payment. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you currently have a positive account balance in the Plan and are a Settlement Class Member, your share of the Net Settlement Amount will be deposited into your Plan account. If you are a Former Participant (*i.e.*, no longer a participant in the Plan) and are a Settlement Class Member, the money will be paid directly to you by the Settlement Administrator. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY _____.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and the attorneys for the Settling Parties to explain why you object to the Settlement. |
| **YOU MAY ATTEND THE FINAL APPROVAL HEARING TO BE HELD ON _____.** | If you submit a written objection to the Settlement before the Court-approved deadline, you may (but do not have to) attend the Final Approval Hearing and present your objections to the Court. You may also attend the Final Approval Hearing even if you do not file a written objection, but you will be allowed to speak at the Final Approval Hearing only if you timely file a written objection and a Notice of Intention to Appear, as described in the answer to Question 16 below. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information about this case and this Notice may be obtained by contacting the following Class Counsel:

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
Merion Station, PA 19066
Telephone: (610) 890-0200

Class Counsel has established a toll-free phone number to receive your comments and questions: XXX-XXX-XXXX. You may also send an email to settlement@capozziadler.com. In the subject line, please write "Magna Settlement." You should contact Class Counsel with any questions regarding this Settlement, not the Court, Magna, or counsel for the Defendants.

| WHAT THIS NOTICE CONTAINS |
|---|

SUMMARY OF SETTLEMENT ......................................................................................................... 2
BASIC INFORMATION ..................................................................................................................... 3
    1.   WHY DID I GET THIS NOTICE PACKAGE? ................................................................. 3
    2.   WHAT IS THE ACTION ABOUT? ................................................................................... 4
    3.   WHY IS THIS CASE A CLASS ACTION? ....................................................................... 4
    4.   WHY IS THERE A SETTLEMENT? .................................................................................. 4
    5.   HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? ........................... 4
THE SETTLEMENT BENEFITS—WHAT YOU MAY GET .......................................................... 5
    6.   WHAT DOES THE SETTLEMENT PROVIDE? ............................................................... 5
    7.   HOW MUCH WILL MY PAYMENT BE? ......................................................................... 5
    8.   HOW MAY I RECEIVE A PAYMENT? ............................................................................ 6
    9.   WHEN WOULD I GET MY PAYMENT? ......................................................................... 6
    10.  CAN I GET OUT OF THE SETTLEMENT? ..................................................................... 6
THE LAWYERS REPRESENTING YOU .......................................................................................... 7
    11.  DO I HAVE A LAWYER IN THE CASE? ........................................................................ 7
    12.  HOW WILL THE LAWYERS BE PAID? ......................................................................... 7
    13.  HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? ................... 7
THE FINAL APPROVAL HEARING ................................................................................................. 7
    14.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ......................... 8
    15.  DO I HAVE TO COME TO THE HEARING? .................................................................... 8
    16.  MAY I SPEAK AT THE HEARING? ................................................................................. 8
IF YOU DO NOTHING ........................................................................................................................ 8
    17.  WHAT HAPPENS IF I DO NOTHING AT ALL? ............................................................. 8
GETTING MORE INFORMATION ................................................................................................... 8
    18.  CAN I GET MORE DETAILS ABOUT THE SETTLEMENT? ........................................ 8

**SUMMARY OF SETTLEMENT**

QUESTIONS? VISIT **[WEB ADDRESS]** OR CALL TOLL-FREE XXX-XXX-XXXX
DO NOT CONTACT THE COURT OR MAGNA WITH YOUR QUESTIONS.

This lawsuit (the "Action") is a class action in which Named Plaintiffs Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III claim that the Defendants allowed the Plan to pay unreasonably high fees. A copy of the First Amended Complaint ("Complaint"), which contains the current description of the Named Plaintiffs' claims, as well as other documents filed in the Action, are available at **[WEB ADDRESS]** or from Class Counsel. Defendants have denied and continue to deny all of the claims and allegations in the Action and deny any liability or wrongful conduct of any kind. Defendants believe they administered the Plan properly, prudently, and in the best interests of Plan participants at all times.

A Settlement Fund consisting of $2,900,000 in cash (the "Gross Settlement Amount") is being established in the Action. The Gross Settlement Amount will be deposited into an escrow account, and together with any interest earned will constitute the Settlement Fund. Payment of any taxes, approved attorneys' fees and litigation expenses, Case Contribution Awards to Named Plaintiffs, and the costs of administering the Settlement will be paid out of the Settlement Fund. After the payment of those fees, expenses, and awards, the amount that remains will constitute the Net Settlement Amount. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court.

**POTENTIAL OUTCOME OF THE ACTION**

Defendants strongly dispute each of the claims asserted in the Action and deny that they ever engaged in any wrongdoing, violation of law, or breach of duty. The Named Plaintiffs would face an uncertain outcome if the Action were to continue. The settlement was reached while the Action and a request for an interlocutory appeal were pending. If the settlement had not been reached, the case may have continued, including by going to trial. If the case proceeded to trial, Defendants would present evidence that they reasonably, prudently, and loyally managed the Plan's fees and fulfilled all of their fiduciary obligations. As a result, continued litigation could result in a judgment in favor of the Defendants and against the Named Plaintiffs and Class. Even if the Named Plaintiffs and Class prevailed, they might win less than the benefits obtained as part of the Settlement, or no recovery at all.

The Named Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial. The Defendants deny all claims and contentions by the Named Plaintiffs. The Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plan has suffered any damages for which the Defendants could be held legally responsible. Having considered the uncertainty, costs, and risks inherent in any litigation, particularly in complex cases, the Named Plaintiffs and Defendants have agreed to the Settlement.

**ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION**

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of one-third of the Settlement Amount (a maximum amount of $966,667), plus reimbursement of expenses not to exceed $100,000. Any amounts approved by the Court will be paid from the Settlement Fund.

**WHAT WILL THE NAMED PLAINTIFFS GET?**

The Named Plaintiffs will share in the allocation of the Net Settlement Amount on the same basis as all other members of the Settlement Class. In addition, the Named Plaintiffs will ask the Court to award up to $10,000 to each of them as Case Contribution Awards (*i.e.*, a total of $30,000 of Case Contribution Awards) for their participation in the Action and representation of the Settlement Class. Any such awards will be paid solely from the Settlement Fund.

**BASIC INFORMATION**

| 1.  WHY DID I GET THIS NOTICE PACKAGE? |
|---|

You or someone in your family may have been a participant in or a beneficiary of the Plan at some point between April 30, 2014 and [the date of entry of the Preliminary Approval Order].

The Court directed that this Notice be sent to you because, if you fall within the definition of the Settlement Class, you have a right to know about the Settlement and the options available to you before the Court decides whether to approve the Settlement.

### 2.   WHAT IS THE ACTION ABOUT?

The Named Plaintiffs claim that Defendants breached fiduciary duties of prudence and loyalty owed to participants in and beneficiaries of the Plan. They made this claim under a federal law known as "ERISA," or the Employee Retirement Income Security Act. The Named Plaintiffs claim that Defendants allowed the Plan to pay unreasonably high fees for investment options and recordkeeping services. In simple terms, "recordkeeping" refers to administrative services provided to retirement plan participants, such as providing account statements or a participant website.

Defendants deny all of the claims and allegations in the Action and deny that they ever engaged in any imprudent, disloyal, or otherwise wrongful conduct. If the Action were to continue, the Defendants would continue to assert defenses, including:

- Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;
- Defendants reasonably and prudently managed the Plan's investment options and fees, as well as all recordkeeping fees, and fulfilled all of their fiduciary obligations;
- The Plan's investment options were and are reasonable, prudent, and sound investment options for Plan participants;
- The Plan's investment options and recordkeeping services were not selected or retained for the purpose of benefiting Defendants or a third party;
- None of Defendants' actions caused the Plan or its participants to suffer any loss.

Class Counsel has reviewed the evidence in the case and the potential risks and benefits of continued litigation and believes that the Settlement is in the best interest of the class.

### 3.   WHY IS THIS CASE A CLASS ACTION?

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people with similar claims. Everyone with similar claims makes up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the conduct alleged in this Action is claimed to have affected participants in the Plan from April 30, 2014 through [the date of entry of the Preliminary Approval Order] in a similar way, the Named Plaintiffs filed this case as a class action.

### 4.   WHY IS THERE A SETTLEMENT?

As in any litigation, all parties face an uncertain outcome. On the one hand, continuing the case against the Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in Plaintiffs obtaining no recovery at all or obtaining a recovery that is less than the amount of the Settlement. Based on these factors, the Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class Members.

### 5.   HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?

You are a member of the Settlement Class if you fall within the definition of the Settlement Class approved by the Court:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014 through [the date of entry of the Preliminary Approval Order].

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

**THE SETTLEMENT BENEFITS—WHAT YOU MAY GET**

| 6.   WHAT DOES THE SETTLEMENT PROVIDE? |
|---|

If the Settlement becomes Final, a Settlement Fund consisting of $2,900,000 will be established. The amount of money that will be allocated among members of the Settlement Class, after the payment of any taxes and Court-approved costs, fees, and expenses, including attorneys' fees and expenses of Class Counsel, any Court-approved Case Contribution Awards to be paid to Named Plaintiffs, and payment of expenses incurred in calculating the Settlement payments and administering the Settlement, is called the "Net Settlement Amount." The Net Settlement Amount will not be known until these other amounts are determined. The Net Settlement Amount will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. The Plan of Allocation describes how Settlement payments will be distributed to Settlement Class Members who receive a payment.

If the Settlement is approved by the Court, all Settlement Class Members will release any claims related to the allegations in the lawsuit and will be prohibited from bringing or pursuing any other lawsuits or other actions based on those claims. This means, for example, that Settlement Class Members will not have the right to sue the Released Parties for failure to prudently or loyally select and monitor the Plan's investment options or fees, or related matters, that occurred during the period from April 30, 2014 to [the date of entry of the Preliminary Approval Order] (the "Class Period"). The complete terms of the Settlement, including the definitions of the Released Parties and Released Claims, are set forth in the Agreement, which may be obtained at **[WEB ADDRESS]** or by contacting Class Counsel listed on Page 2 above.

| 7.   HOW MUCH WILL MY PAYMENT BE? |
|---|

Each Settlement Class Member's share will be calculated according to a Court-approved Plan of Allocation by a third-party vendor ("Settlement Administrator") selected by Class Counsel. In general, your share of the Settlement will be calculated as follows:

- First, the Settlement Administrator will obtain Plan account balances for each Settlement Class Member as of (i) April 30, 2014, or June 30, 2014, whichever balance is more practical to obtain, (ii) December 31 of each subsequent full calendar year of the Class Period up to and including 2023, and (iii) June 30, 2024. For any Class Member who had a balance in their account at or after the beginning of the Class Period, but liquidated their account before the end of the June 30, 2024, the earliest reasonably available balance of their account during the Class Period and the balance as of the end of the last quarter when they participated in the Plan will be the balances used for purposes of calculating an award under the Plan of Allocation. Each Class Member's account balances for each year of the Class Period based on the account balances as of these dates will be summed. This summed amount will be that Class Member's "Balance."

- Second, the Balances of all Class Members will be summed.

- Third, each Class Member's share of the Net Settlement Amount in proportion to that Class Member's Balance as compared to the sum of the Balances of all Class Members will be determined by (i) dividing the Class Member's Balance by the sum of all Class Members' Balances and (ii) multiplying the result by the Net Settlement Amount. The resulting amounts shall be known as the "Preliminary Entitlement Amounts."

- Each Class Member whose Preliminary Entitlement Amount is less than $10 will receive a distribution of $10 (the "De Minimis Amount") from the Net Settlement Amount. For the remaining Class Members, the remaining amount of the Net Settlement Amount shall be allocated using the same approach described in above. The resulting calculations will be the "Final Entitlement Amounts" for each Class Member. The sum of the Final Entitlement Amounts for each Class Member will equal the Net Settlement Amount.

**You will not be required to produce records that show your Plan activity**. If you are entitled to a share of the Settlement Fund, your share will be determined based on the Plan's records for your account. If you have questions about the allocation of the Net Settlement Amount, please contact Class Counsel listed on Page 2 above.

## 8.   HOW MAY I RECEIVE A PAYMENT?

You do not need to file a claim. If you currently have an account in the Plan, any amounts you are entitled to receive will be added to your Plan account. If you no longer have an account in the Plan, any amounts you are entitled to receive will be sent to you via a check from the Settlement Administrator.

All payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants will be valid for 180 days from the date of issue. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above.

Each Class Member who receives a payment under this Agreement will be responsible for payment of any federal, state, or local taxes resulting from or attributable to their payment.

## 9.   WHEN WOULD I GET MY PAYMENT?

The Settlement cannot be completed unless several events occur. These events include final approval of the Settlement by the Court, approval of the Settlement by an independent fiduciary to the Plan, transfer of the Net Settlement Amount to the Plan, and calculation of the amount of the Settlement owed to each Settlement Class Member. If objections are made to the Settlement or appeals are taken by objectors who oppose the Settlement, this process may take a long time to complete, possibly several years.

**There will be no payments if the Agreement is terminated.**

The Agreement may be terminated for several reasons, including if (1) the Court does not approve or materially modifies the Agreement, or (2) the Court approves the Agreement but the approval is reversed or materially modified by an appellate court. If the Agreement is terminated, the Action will proceed again as if the Agreement had not been executed.

The Settlement is not conditioned on the Court's approval of attorneys' fees or the reimbursement of expenses/costs sought by Class Counsel, the Case Contribution Awards sought by the Named Plaintiffs, or any appeals solely related to those issues.

## 10.   CAN I GET OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement**. The Settlement Class has been certified as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has determined that the requirements of that rule have been satisfied. That means Settlement Class Members cannot exclude themselves from the Settlement. As a Settlement Class Member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under this Agreement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court to reject it. For more information on how to object to the Settlement, see the answer to Question 13 below.

**THE LAWYERS REPRESENTING YOU**

| **11. DO I HAVE A LAWYER IN THE CASE?** |
|---|

The Court has appointed the law firm of Capozzi Adler, P.C. as Class Counsel in the Action. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12. HOW WILL THE LAWYERS BE PAID?** |
|---|

Class Counsel will file a motion for the award of attorneys' fees of not more than $966,667, plus reimbursement of no more than $100,000 in expenses they incurred in prosecuting the Action. These requests will be considered at the Final Approval Hearing described below.

**OBJECTING TO THE ATTORNEYS' FEES**

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

| **13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?** |
|---|

If you are a Settlement Class Member, you can object to any or all parts of the Settlement. You can explain why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement in *Davis v. Magna International of America, Inc.*, Case No. 2:20-cv-11060 (E.D. Mich.). Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement. **You must file your objection with the Clerk of the Court of the United States District Court for the Eastern District of Michigan so that it is received no later than _____.** The address is:

Clerk of the Court
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 599
Detroit, Michigan 48226

The objection must refer prominently to the case name: *Davis v. Magna International of America, Inc.*, Case No. 2:20-cv-11060.

A copy of your objection must also be provided to Class Counsel and Defense Counsel at the following addresses:

| <u>Class Counsel</u> | <u>Defense Counsel</u> |
|---|---|
| Mark K. Gyandoh | Eric S. Mattson |
| Capozzi Adler, P.C. | Sidley Austin LLP |
| 312 Old Lancaster Road | One South Dearborn Street |
| Merion Station, PA 19066 | Chicago, IL 60603 |
| markg@capozziadler.com | emattson@sidley.com |

**THE FINAL APPROVAL HEARING**

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may participate in the Final Approval Hearing, **which may be held telephonically or by video conference,** and you may ask to speak if you have timely asserted an objection, but you do not have to participate in the Final Approval Hearing in order to have your written objection considered. **If you have an objection, you must ensure that it is received in writing by the Court by no later than _____.**

QUESTIONS? VISIT **[WEB ADDRESS]** OR CALL TOLL-FREE XXX-XXX-XXXX
DO NOT CONTACT THE COURT OR MAGNA WITH YOUR QUESTIONS.

**14.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Final Approval Hearing currently is scheduled for _____ on _____, at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 811, Detroit, Michigan 48226 before the Hon. Nancy G. Edmunds, or any other courtroom the Court may designate. **The Court may adjourn or reschedule the Final Approval Hearing without further notice to the Settlement Class and also may schedule the hearing to be done by telephone or video conference. If you wish to attend, you should confirm the date and time of the Final Approval Hearing with Class Counsel before doing so.** At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also rule on the requests for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs. The parties do not know how long these decisions will take or whether appeals will be filed.

**15.  DO I HAVE TO COME TO THE HEARING?**

No, but you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time and it is received by the Court, the Court will consider your objection when it decides whether to approve the Settlement. You also may pay your own lawyer to attend the Final Approval Hearing, but that is also not required.

**16.  MAY I SPEAK AT THE HEARING?**

If you submit a timely written objection, you may (but do not have to) attend the Final Approval Hearing and explain your objections to the Court. You may attend the Final Approval Hearing even if you do not file a written objection, but you will be allowed to speak at the Final Approval Hearing only if you file a timely written objection <u>and</u> you file a Notice of Intention to Appear, as described in this paragraph. To file a Notice of Intention to Appear, you must file with the Court a letter or other paper called a "Notice of Intention to Appear at Final Approval Hearing in *Davis v. Magna International of America, Inc.*, Case No. 2:20-cv-11060." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be received by the attorneys listed in the answer to Question 13 above no later than _____, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

**IF YOU DO NOTHING**

**17.  WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing and you are a Settlement Class Member, you will participate in the Settlement as described above in this Notice.

**GETTING MORE INFORMATION**

**18.  CAN I GET MORE DETAILS ABOUT THE SETTLEMENT?**

Yes. This Notice summarizes the proposed Settlement. The complete terms are set forth in the Agreement. You can find the Agreement by visiting **[WEB ADDRESS]**, checking the Court's docket, making a written request to Class Counsel listed on Page 2 above, sending an email to settlement@capozziadler.com, or calling the toll-free number, xxx-xxx-xxxx. If you make a written request, please write "Magna Settlement" in the subject line. You are encouraged to read the complete Agreement.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, MAGNA, OR COUNSEL FOR MAGNA ABOUT THIS NOTICE. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS. INSTEAD, CONTACT CLASS COUNSEL OR THE SETTLEMENT ADMINISTRATOR AT XXX-XXX-XXXX, OR VISIT [WEB ADDRESS].**

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MELVIN DAVIS, DAKOTA KING, SCOTT E. VOLLMAR, CORY L. HARRIS, and BOBBY R. GARRETT, III, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAGNA INTERNATIONAL OF AMERICA, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-11060-NGE-EAS<br><br>Hon. Nancy G. Edmunds<br><br>Magistrate Elizabeth A. Stafford |

## PLAN OF ALLOCATION

### I.      DEFINITIONS

Except as indicated below, the capitalized terms used in this Plan of Allocation shall have the meanings ascribed to them in the Settlement Agreement.

### II.      CALCULATION OF ALLOCATION AMOUNTS

A.      Per paragraph 8.2.1 of the Settlement Agreement, the Recordkeeper shall provide the Settlement Administrator with the data reasonably necessary to determine the amount of the Net Settlement Amount to be distributed to each

1

member of the Settlement Class ("Settlement Class Member" or "Class Member") in accordance with this Plan of Allocation.

   B. The data reasonably necessary to perform calculations under this Plan of Allocation is as follows: the balances for each Class Member in their Plan account on (i) April 30, 2014, or June 30, 2014, whichever balance is more practical to obtain, (ii) December 31 of each subsequent full calendar year of the Class Period up to and including 2023, and (iii) June 30, 2024.  For any Class Member who had a balance in their account at or after the beginning of the Class Period, but liquidated their account before the end of June 30, 2024, the earliest reasonably available balance of their account during the Class Period and the balance as of the end of the last quarter when they participated in the Plan will be the balances used for purposes of calculating an award under this Plan of Allocation.

   C. The Net Settlement Amount will be allocated as follows:

    1. Calculate the sum of each Class Member's account balances for each year of the Class Period based on the data as of the dates above. This amount shall be that Class Member's "Balance."

    2. Sum the Balances of all Class Members.

    3. Determine each Class Member's share of the Net Settlement Amount in proportion to that Class Member's Balance as compared to the sum of the Balances of all Class Members by (i) dividing the Class Member's Balance by the sum of all Class Members' Balances and (ii) multiplying the result by the Net Settlement Amount. The resulting amounts shall be known as the "Preliminary Entitlement Amounts."

D.     Each Class Member whose Preliminary Entitlement Amount is less than $10 will receive a distribution of $10 (the "De Minimis Amount") from the Net Settlement Amount. For the remaining Class Members, the Settlement Administrator shall allocate the remaining amount of the Net Settlement Amount using the same approach described in II.C above. The resulting calculations shall be the "Final Entitlement Amounts" for each Class Member. The sum of the Final Entitlement Amounts for each Class Member must equal the Net Settlement Amount.

E.     **Settlement Class Members With Accounts In the Plan.** For Class Members with an Active Account (an account with a positive balance) as of the date of the calculation of the Final Entitlement Amount, each Class Member's Final Entitlement Amount will be allocated into their Plan account (unless that Plan account has been closed in the period between the calculation of the Final Entitlement Amount and the payment of the Final Entitlement Amount, in which case that Class Member will receive their allocation in accordance with II.F, below).

As promptly as reasonably possible after deposit of the Net Settlement Amount into the Plan (per Section 5.2.5 of the Settlement Agreement), the Settlement Administrator shall send the Recordkeeper or Authorized Administrator the information or data needed for allocating into each Settlement Class Member's account under the Plan his or her Class Member's Final Entitlement Amount. The

deposited amount shall be invested by the Recordkeeper or Authorized Administrator pursuant to the Settlement Class Member's investment elections on file for new contributions. If the Class Member has no election on file, it shall be invested in any default investment option designated by the Plan, and if the Plan has not designated any default investment options, in a target date fund commensurate with the Class Member's retirement age or similar fund under the Plan.

F.    **Settlement Class Members Without Accounts Under the Plan.** Former Participants shall be paid directly by the Settlement Administrator by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue.

G.    The Settlement Administrator shall utilize the calculations required to be performed under this Plan of Allocation for making the required distributions of the Final Entitlement Amount, less any required tax withholdings or penalties, to each Class Member. If the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make necessary changes to the Plan of Allocation to ensure that the totals do not exceed the Net Settlement

Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

H.    If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it may make such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of distributions does not exceed the Net Settlement Amount.

I.    No sooner than 14 days after the expiration of all undeposited checks issued pursuant to this Plan of Allocation, any amount remaining in the Qualified Settlement Fund shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants. Unless otherwise expressly provided for in the Settlement Agreement, no part of the Settlement Fund may be used to reimburse any Defendant or otherwise offset costs, including Settlement-related costs, incurred by any Defendant.

J.    Neither the Released Parties, Defense Counsel, nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to Class Members, including Former Participants.

## III.   QUALIFICATIONS AND CONTINUING JURISDICTION

The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

EXHIBIT C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MELVIN DAVIS, DAKOTA KING,
SCOTT E. VOLLMAR, CORY L.
HARRIS, and BOBBY R.
GARRETT, III, individually and on
behalf of all others similarly situated,

                 Plaintiffs,

     v.

MAGNA INTERNATIONAL OF
AMERICA, INC., et al.,

                 Defendants.

Case No. 2:20-cv-11060-NGE-EAS

Hon. Nancy G. Edmunds

Magistrate Elizabeth A. Stafford

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, MAINTAINING CLASS CERTIFICATION FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND <u>SCHEDULING A DATE FOR A FINAL APPROVAL HEARING</u>

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), with respect to the Magna Group of Companies Retirement Savings Plans (the "Plan").[1] The terms of the Settlement are set out in the Settlement Agreement, fully executed as of _____, 2024, by counsel on behalf of the Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Maintaining Class Certification for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Final Approval Hearing filed on **July 26, 2024**, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement warrants the issuance of notice to Settlement Class Members. Upon reviewing the Settlement Agreement and the matter having come before the Court at the _____ hearing, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.   **Certification of the Settlement Class** – The Court previously granted Plaintiffs' Motion for Class Certification (ECF No. 104) and appointed Class Representatives and Class Counsel. For purposes of Settlement, and pursuant to

---

[1]   All capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Settlement Agreement.

Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court modifies the previously certified Class Period as follows. The Court makes no other modifications to the certified class. The "Settlement Class" shall be defined as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014 through the date of entry of this Preliminary Approval Order.

2. The Court appoints Plaintiffs Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III, as Class Representatives for the Settlement Class, and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

3. **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

a) The Settlement was negotiated vigorously and at arm's length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand, including during a settlement conference conducted by Magistrate Judge Stafford on May 3, 2024;

b) Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d) The amount of the Settlement ($2,900,000) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the settlement proceeds is efficient, relying on Defendants' or the Recordkeeper's records and requiring no filing of claims. The Settlement terms related to attorneys' fees do not raise questions about the fairness of the Settlement, and there are no agreements, apart from the Settlement Agreement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The settlement amount is within the range of settlement values obtained in similar cases;

e) At all times, the Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f) The proposed Plan of Allocation is fair, reasonable, and adequate.

4. **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section

468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any money from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information necessary for settlement administration as set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the

Settlement Agreement, determine, withhold, and pay to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to ensure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as a fiduciary of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. These powers include investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all

investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund; and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders the Court may find it necessary to issue.

5. **Final Approval Hearing** – A hearing is scheduled for _____ [at least 120 days after preliminary approval] to make a final determination concerning, among other things:

- Any objections to the Settlement or any aspects of it;

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application for Attorneys' Fees and Costs and Case Contribution Awards to the Class Representatives are fair and reasonable, and should be approved.

6.      **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement. The Court finds that this form of notice fairly and adequately: (a) describes the terms and effects of the Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Class Members that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and Case Contribution Awards for the Class Representatives; (c) gives notice to the Settlement Class of the time and place of the Final Approval Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

7.      **Settlement Administrator** – The Court approves the appointment of Analytics LLC ("Analytics") as the Settlement Administrator for the Settlement. The Settlement Administrator shall:

- By no later than _____ (forty-five days after entry of this Order), cause the Settlement Notice, with any non-substantive

modifications agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each Class Member who can be identified through reasonable effort. Before mailing the Settlement Notice, Analytics shall conduct an advanced address research (via skip-trace databases) to identify current mailing address information for Class Members. Additionally, Analytics must update the Class Member address information using data from the National Change of Address ("NCOA") database. After mailing the Settlement Notice, Analytics shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send that document one additional time.

- By no later than _____ (thirty days after entry of this Order), cause the Settlement Notice to be published on the website identified in the Settlement Notice, which will also host and make available copies of Settlement-related documents, including the Settlement Agreement.

The Court finds that the contents of the Settlement Notice and the process described in this order and in the Agreement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

8.  **Petition for Attorneys' Fees, Litigation Costs, and Case**

9

**Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs, and Case Contribution Awards to the Class Representatives, and all briefs in support of those requests, shall be filed no later than _____ (thirty days before the date for filing objections specified in this Order).

9. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____ (thirty days before the date for filing objections specified in this Order).

10. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any Class Action Fairness Act ("CAFA") notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for Case Contribution Awards for the Class Representatives. An objector must file with the Court a statement of his, her, or its objection, specifying the reasons for each objection, including any legal support and evidence the objector wishes to bring to the Court's attention or introduce in support of the objection. The address and case information for filing objections with the Court are as follows:

Clerk of the Court
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 599
Detroit, Michigan 48226

Re: *Davis v. Magna International of America, Inc.*,
Case No. 2:20-cv-11060

The objector or his, her, or its counsel (if any) must file any objection and supporting materials with the Court and provide copies to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____ (thirty days before the date of the Final Approval Hearing specified in this Order). If an objector hires an attorney to object pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than _____ (thirty days before the date of the Final Approval Hearing specified in this Order). Any member of the Settlement Class or other Person who does not timely file a written objection complying with this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than _____ (seven days before the date of the Final Approval Hearing specified in this Order). There shall be no reply briefs.

11

11.    Any additional briefs the Parties wish to file in support of the Settlement shall be filed no later than _____ (seven days before the date of the Final Approval Hearing specified in this Order).

12.    **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Final Approval Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than _____ (seven days before the date of Final Approval Hearing specified in this Order). Any objector, or their counsel, who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Final Approval Hearing, except for good cause shown.

13.    **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notice shall be paid exclusively from the Qualified Settlement Fund.

14.    **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in

any court or tribunal asserting any of the Released Claims against any Released Party, including any Defendant.

15.     **Continuance of Final Approval Hearing** – The Court reserves the right to reschedule the Final Approval Hearing without further written notice to the Class Members and also may schedule the hearing to be conducted by telephone or video conference.

SO ORDERED this _____ day of _____, 2024.


_____
Hon. Nancy G. Edmunds
United States District Judge

EXHIBIT D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| MELVIN DAVIS, DAKOTA KING, SCOTT E. VOLLMAR, CORY L. HARRIS, and BOBBY R. GARRETT, III, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>MAGNA INTERNATIONAL OF AMERICA, INC., et al.,<br><br>        Defendants. | Case No. 2:20-cv-11060-NGE-EAS<br><br>Hon. Nancy G. Edmunds<br><br>Magistrate Elizabeth A. Stafford |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This Action came before the Court for hearing on _____ to determine the fairness of the proposed Settlement. Due notice having been given and the Court having fully considered the matters before it,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Capitalized terms used in this Final Approval Order and Judgment shall have the same meanings ascribed to them in the Settlement Agreement (ECF No. ____).

1.    The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

1

2. The Court previously granted Plaintiffs' Motion for Class Certification (ECF No. 104) and appointed Class Representatives and Class Counsel. The Court modified the previously certified class period in its Preliminary Approval Order and herein finally approves the Settlement Class. The Court made no other modifications to the certified class. Accordingly, for purposes of Settlement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Settlement Class is defined as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014 through [the date of entry of the Preliminary Approval Order].

3. The Court maintains the appointment of Plaintiffs Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III, as Class Representatives for the Settlement Class, and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

4. The Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to the Class Representatives, and the Plan of Allocation. Notice was given in accordance with the Preliminary Approval Order (ECF No. ___). Notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated website, and provided due notice of these proceedings and of the matters set forth in this Final Approval Order and

Judgment, and included sufficient information about the procedure for making objections. That notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and due process.

5.     The Court approves the Settlement and orders that the Settlement shall be consummated and implemented.

6.     Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a)     The Settlement was negotiated vigorously and at arm's length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand, including during a settlement conference conducted by Magistrate Judge Stafford on May 3, 2024;

(b)     Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)     If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)     The amount of the Settlement ($2,900,000) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial,

and appeal. The method of distributing the Class Settlement Amount is efficient and requires no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e)     At all times, Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f)     The Court has considered and overruled any filed objections to the Settlement to the extent there were any.

7.     The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

8.     All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

10.     The releases and covenants not to sue set forth in the Settlement Agreement, including Article 7 of the Settlement Agreement, together with the

definitions in the Settlement Agreement relating to those release and covenants, are expressly incorporated into this order and judgment. The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan and each of the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, even if the Class Member discovers facts in addition to or different from those which the Class Member or Class Counsel now knows or believes to be true with respect to the Action and the Released Claims, and regardless of whether or not each Class Member receives a monetary benefit from the Settlement, whether or not each Class Member actually received the Settlement Notice, and whether or not Class Members objected to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs.

11.     The Class Representatives, Class Members, and the Plan settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing

party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

12. The Class Representatives, the Class Members, and the Plan, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing any Released Party in any action or proceeding alleging any of the Released Claims.

13. Every Class Member releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The operative complaint and all claims asserted in the Action are dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

15.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to applications for awards of attorneys' fees and Case Contribution Awards to the Class Representatives, and reimbursements of litigation costs.

16.     Any motion to enforce this Final Approval Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order and Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action involving alleged violation of the Settlement Agreement.

17.     If the Settlement Agreement is terminated, this Final Approval Order and Judgment shall be rendered null and void and shall be vacated, and this Action shall for all purposes with respect to the Settling Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

18.     With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

19.     Within 21 days following the distribution of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of the payment or contribution.

20.     Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order and Judgment.

SO ORDERED on _____, 2024.


_____
Hon. Nancy G. Edmunds
United States District Judge