UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DAVIS, et al.,

       Plaintiffs,                                     No. 20-11060

v.                                             Honorable Nancy G. Edmunds

MAGNA INTERNATIONAL OF AMERICA, INC.,
    et al.

       Defendants.
_____/

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, MAINTAINING CLASS CERTIFICATION FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SCHEDULING A DATE FOR A FINAL APPROVAL HEARING**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), with respect to the Magna Group of Companies Retirement Savings Plans (the "Plan").[1] The terms of the Settlement are set out in the Settlement Agreement, fully executed as of August 1, 2024, by counsel on behalf of the Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Maintaining Class Certification for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Final Approval Hearing filed on **July 26, 2024**, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement warrants the

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Settlement Agreement.

issuance of notice to Settlement Class Members. Upon reviewing the Settlement Agreement and the matter having come before the Court at the August 27, 2024, hearing, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Certification of the Settlement Class** – The Court previously granted Plaintiffs' Motion for Class Certification (ECF No. 104) and appointed Class Representatives and Class Counsel. For purposes of Settlement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court modifies the previously certified Class Period as follows. The Court makes no other modifications to the certified class.  The "Settlement Class" shall be defined as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014 through the date of entry of this Preliminary Approval Order.

2. The Court appoints Plaintiffs Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III, as Class Representatives for the Settlement Class, and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

3. **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

> a) The Settlement was negotiated vigorously and at arm's length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand, including during a settlement conference conducted by Magistrate Judge Stafford on May 3, 2024;

2

b) Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d) The amount of the Settlement ($2,900,000) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the settlement proceeds is efficient, relying on Defendants' or the Recordkeeper's records and requiring no filing of claims. The Settlement terms related to attorneys' fees do not raise questions about the fairness of the Settlement, and there are no agreements, apart from the Settlement Agreement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The settlement amount is within the range of settlement values obtained in similar cases;

e) At all times, the Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f) The proposed Plan of Allocation is fair, reasonable, and adequate.

4. **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. Defendants shall have no withholding,

3

reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any money from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information necessary for settlement administration as set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with

4

respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to ensure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as a fiduciary of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. These powers include investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund; and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders the Court may find it necessary to issue.

5

5.    **Final Approval Hearing** – A hearing is scheduled for July 7, 2025, to make a final determination concerning, among other things:

- Any objections to the Settlement or any aspects of it;
- Whether the Settlement merits final approval as fair, reasonable, and adequate;
- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;
- Whether the proposed Plan of Allocation should be granted final approval; and
- Whether Class Counsel's application for Attorneys' Fees and Costs and Case Contribution Awards to the Class Representatives are fair and reasonable, and should be approved.

6.    **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement. The Court finds that this form of notice fairly and adequately: (a) describes the terms and effects of the Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Class Members that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and Case Contribution Awards for the Class Representatives; (c) gives notice to the Settlement Class of the time and place of the Final Approval Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

7. **Settlement Administrator** – The Court approves the appointment of Analytics LLC ("Analytics") as the Settlement Administrator for the Settlement. The Settlement Administrator shall:

- By no later than October 14, 2024, cause the Settlement Notice, with any non-substantive modifications agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each Class Member who can be identified through reasonable effort. Before mailing the Settlement Notice, Analytics shall conduct an advanced address research (via skip-trace databases) to identify current mailing address information for Class Members. Additionally, Analytics must update the Class Member address information using data from the National Change of Address ("NCOA") database. After mailing the Settlement Notice, Analytics shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send that document one additional time.
- By no later than September 30, 2024, cause the Settlement Notice to be published on the website identified in the Settlement Notice, which will also host and make available copies of Settlement-related documents, including the Settlement Agreement.

The Court finds that the contents of the Settlement Notice and the process described in this order and in the Agreement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

8. **Petition for Attorneys' Fees, Litigation Costs, and Case Contribution**

**Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs, and Case Contribution Awards to the Class Representatives, and all briefs in support of those requests, shall be filed no later than November 6, 2024.

9. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than November 6, 2024.

10. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any Class Action Fairness Act ("CAFA") notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for Case Contribution Awards for the Class Representatives. An objector must file with the Court a statement of his, her, or its objection, specifying the reasons for each objection, including any legal support and evidence the objector wishes to bring to the Court's attention or introduce in support of the objection. The address and case information for filing objections with the Court are as follows:

Clerk of the Court<br>
Theodore Levin U.S. Courthouse<br>
231 W. Lafayette Blvd., Room 599<br>
Detroit, Michigan 48226<br>
<br>
Re: *Davis v. Magna International of America, Inc.*,<br>
Case No. 2:20-cv-11060

The objector or his, her, or its counsel (if any) must file any objection and supporting materials with the Court and provide copies to Class Counsel and Defense

Counsel at the addresses in the Settlement Notice no later than December 6, 2024. If an objector hires an attorney to object pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than December 6, 2024. Any member of the Settlement Class or other Person who does not timely file a written objection complying with this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than December 30, 2024. There shall be no reply briefs.

11. Any additional briefs the Parties wish to file in support of the Settlement shall be filed no later than December 30, 2024.

12. **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Final Approval Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than December 30, 2024. Any objector, or their counsel, who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Final Approval Hearing, except for good cause shown.

13. **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notice shall be paid exclusively from the Qualified Settlement Fund.

14. **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class

Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against any Released Party, including any Defendant.

15.   **Continuance of Final Approval Hearing** – The Court reserves the right to reschedule the Final Approval Hearing without further written notice to the Class Members and also may schedule the hearing to be conducted by telephone or video conference.

SO ORDERED.

                                    s/ Nancy G. Edmunds
                                    Nancy G. Edmunds
                                    United States District Judge

Dated: August 28, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2024, by electronic and/or ordinary mail.

                                    s/ Marlena Williams
                                    Case Manager