# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MELVIN DAVIS, DAKOTA KING, SCOTT E. VOLLMAR, CORY L. HARRIS, and BOBBY R. GARRETT, III, individually and on behalf of all others similarly situated,

Case No. 2:20-cv-11060-NGE-EAS

Hon. Nancy G. Edmunds
Magistrate Elizabeth A. Stafford

Plaintiffs,

v.

MAGNA INTERNATIONAL OF AMERICA, INC., et al.,

Defendants.

## PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS TO THE PLAINTIFFS

Plaintiffs Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III ("Plaintiffs"), through their counsel, move the Court for an Order:

1.     Awarding Class Counsel $966,667 in attorneys' fees, an amount equal to 33 1/3% of the Settlement Fund of $2,900,000;

2.     Reimbursing Class Counsel $100,000.00 for reasonable litigation expenses incurred while litigating this matter;

3.      Awarding $10,000 to each Class Representative (Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III) in recognition of the Class Representatives' assistance in the prosecution of the litigation; and

4.      For such other relief as the Court may deem just and proper.

The grounds for this Motion are set forth in the following papers filed contemporaneously herewith:

(a) Memorandum of Law in support of Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses and Case Contribution Awards to the Plaintiffs; and

(b)     Declaration of Plaintiffs' Counsel and Plaintiffs.

Attached hereto is the proposed Order Awarding Plaintiffs' Counsel Attorneys' Fees and Reimbursement of Expenses and Plaintiffs' Case Contribution Awards.

Dated:  November 6, 2024               Respectfully submitted,

                                       **CAPOZZI ADLER, P.C.**

                                       */s/ Mark K. Gyandoh*
                                       Mark K. Gyandoh
                                       James A. Maro
                                       James A. Wells
                                       312 Old Lancaster Road
                                       Merion Station, PA 19066
                                       Telephone: (610) 890-0200
                                       Facsimile: (717) 233-4103
                                       Email: markg@capozziadler.com

jamesm@capozziadler.com
jayw@capozziadler.com

**MUHIC LAW LLC**
Peter A. Muhic
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Phone: (856) 324-8252
Fax:   (717) 233-4103
Email: peter@muhiclaw.com

**ANTHONY L. DELUCA, PLC**
Anthony L. DeLuca (P-64874)
14950 East Jefferson Avenue, Suite 170
Gross Pointe Park, MI 48230
Phone: (313) 821-5905
Fax: (313) 821-5906
Email: anthony@aldplc.com

*Attorneys for Plaintiffs, the Plan*
*and the Proposed Class*

## __CERTIFICATE OF SERVICE__

I hereby certify that on November 6, 2024, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By:  _/s/ Mark K. Gyandoh_____
      Mark K. Gyandoh, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| MELVIN DAVIS, DAKOTA KING, SCOTT E. VOLLMAR, CORY L. HARRIS, and BOBBY R. GARRETT, III, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>MAGNA INTERNATIONAL OF AMERICA, INC., et al.,<br><br>               Defendants. | Case No. 2:20-cv-11060-NGE-EAS<br><br>Hon. Nancy G. Edmunds<br>Magistrate Elizabeth A. Stafford |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS TO THE <u>PLAINTIFFS</u>**

## **<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION ..................................................................................1

II.   BACKGROUND ...................................................................................3

III.  STANDARD OF REVIEW ..................................................................5

IV.   ARGUMENT.........................................................................................6

    A. Plaintiffs' Request for Attorney's Fees Is Reasonable ...........................6

        1.   The Plaintiff Class Benefitted from Counsel's work.................6

        2.   The value of the services on an hourly basis demonstrates the fairness of the requested fees ................................................8

        3.   The services were undertaken on a contingent fee basis ..........10

        4.   Society benefits by incentivizing attorneys to litigate ERISA class actions ................................................................11

        5.   This litigation was complex ....................................................12

        6.   The professional skill and standing of counsel involved on both sides warrants the requested fee award.......................14

    B.   Other Considerations Merit Approval of The Fee Request ...............15

        1.   Awards in Similar Cases.........................................................15

        2.   The Lone Objections to Attorneys' Fees Further Supports the Adequacy of Plaintiffs' Request .........................................17

        3.   Time Limitations Imposed by the Client or the Circumstances .....................................................................18

    C.   The Court Should Reimburse Plaintiffs' Counsel for Expenses Incurred ...........................................................................................19

      D.     The Requested Case Contribution Awards For Plaintiffs Are Reasonable ........................................................................................21

V.     CONCLUSION...............................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abbott v. Lockheed Martin Corp.*,
No. 06-cv-701, 2015 WL 4398475 (S.D. Ill. July 17, 2015)....................................13

*In Re AT&T Corp.*,
455 F.3d 160, (3d Cir. 2006) ....................................................................................21

*Beesley v. International Paper*,
No: 06-cv-703, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014)......................................23

*Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*,
504 F. Supp. 3d 265 (S.D.N.Y. 2020) ................................................................2, 16

*Bell v. Pension Comm. of ATH Holding Co., LLC*,
No. 15-cv-02062, 2019 WL 4193376 (S.D. Ind. Sept. 4, 2019) ...............................2

*In re Beverly Hills Fire Litig.*,
639 F. Supp. 915 (E.D. Ky. 1986) ...........................................................................20

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980) .............................................................................................5, 20

*Borders v. Alternate Solution Health Network, LLC*,
No. 20-cv-1273, 2021WL 4868512 (S.D. Ohio May 17, 2021).........................8, 17

*In re Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*,
778 F.2d 890 (1st Cir. 1985).....................................................................................10

*In Re Broadwing, Inc. ERISA Litigation*
252 F.R.D. (S.D. Ohio 2006) .........................................................................*Passim*

*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003) ....................................................18, 20, 22, 23

*Carr v. Guardian Healthcare Holdings, Inc.*,
No. 20-cv-6292, 2022 WL 501206 (S.D. Ohio Jan. 19, 2022)..............11, 12, 15, 23

*Cates v. Trustees of Columbia Univ.*,
No. 16-cv-06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021) .............................2

*Cendant Corp. PRIDES Litig.*,
243 F.3d 722 (3d Cir. 2001).................................................................................9, 21

*Clark v. Duke Univ.*,
No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019).............................2

*Cook v. Niedert*,
142 F.3d 1004, 1016 (7th Cir. 1998)......................................................................23

*Davis v. J.P. Morgan Chase & Co.*,
827 F. Supp. 2d 172 (W.D.N.Y. 2011)...................................................................10

*Donald v. Teachers Insurance and Annuity Insurance Ass'n of America*,
No. 15-cv-08040 (S.D.N.Y.).....................................................................................2

*Dover v. Yanfeng US Automotive Interior Systems I LLC*,
No. 20-cv-11643, 2023 WL 2309762 (E.D. Mich. Mar. 1, 2023)..............13, 22, 23

*Eslava v. Gulf Telephone Co., Inc.*,
No. 04-cv-0297, 2007 WL 4105977 (S.D. Ala. Nov. 16, 2007) ............................16

*Estes v. Willis & Brock Foods*, Inc.,
No. 18-cv-00197, 2022 WL 697976 (E.D. Ky. Mar. 8, 2022) ...............................11

*Fegley v. Higgins,*
19 F.3d 1126, (6th Cir. 1994) ................................................................................12

*Feinberg v. T. Rowe Price Group, Inc.*,
610 F.Supp.3d 758 (2022) ......................................................................................16

*Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.,*
No. 15-cv-22782, 2017 WL 7798110 (S.D. Fla. Dec. 18, 2017) .......................2, 16

*Ganci v. MBF Inspection Services, Inc.,*
No. 15-cv-2959, 2019 WL 6485159 (S.D. Ohio Dec. 3, 2019) ...............6, 7, 11, 22

*Garner Prop. & Mgmt., LLC v. City of Inkster,*
No. 17-cv-13960, 2020 WL 4726938 (E.D. Mich. Aug. 14, 2020) .......................17

*Gascho v. Global Health Fitness Holdings, LLC,*
822 F.3d 269(6th Cir. 2016) ..................................................................................11

*Gordan v. Massachusetts Mut. Life Ins. Co.,*
No. 13-cv-30184, 2016 WL 11272044 (D. Mass. Nov. 3, 2016)...........................16

*Gresky v. Checker Notions Co. Inc.,*
No. 21-cv-01203, 2022 WL 3700739 (N.D. Ohio Aug. 26, 2022) .........................22

*Griffin v. Flagstar Bancorp, Inc.,*
No. 10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)................*Passim*

*Hay v. Gucci America, Inc.,*
No. 17-cv-7148 (D.N.J.) ...........................................................................................2

*Karpik v. Huntington Bancshares Inc.,*
No. 17-cv-1153, 2019 WL 7482134 (S.D. Ohio Feb. 18, 2021)....................*Passim*

*Kelly v. Johns Hopkins Univ.,*
No. 16-cv-2835, 2020 WL 434473 (D. Md. Jan. 28, 2020) ...............................2, 16

*Krueger v. Ameriprise,*
No. 11-cv-02781, 2015 WL 4246879 (D. Minn. July 13, 2015).....................13, 21

*Kruger v. Novant Health, Inc.,*
No. 14-cv-208, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016)..............................16

*In re Marsh ERISA Litig.,*
265 F.R.D. 128 (S.D.N.Y. 2010) ............................................................................21

*Marshall v. Northrop Grumman Corp.,*
No. 16-cv-6794, 2020 WL 5668935 (C.D. Cal. Sep. 18, 2020).........................2, 16

*Mayer v. Driver Solutions, Inc.*,
No. 10-cv-1939, 2012 WL 3578856 (E.D. Pa. Aug. 17, 2012)...............................23

*Moulton v. U.S. Steel Corp.*,
581 F.3d 344 (6th Cir. 2009) ...................................................................................6

*Mullins v. Data Management Co.*,
No. 20-cv-214, 2021 WL 2820560 (S.D. Ohio June 21, 2021).........................12, 17

*New Eng. Carpenters Health Benefits Fund v. First Databank*,
No. 05-cv-11148, 2009 WL 2408560 (D. Mass. Aug. 3, 2009)..............................10

*Nolan v. Detroit Edison Co.,*
No. 18-cv-13359, 2022 WL 16743866 (E.D. Mich. Nov. 7, 2022) ........................23

*In re Packaged Ice Antitrust Litig.,*
Case No. 08-md-01952, 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011)..............17

*Pinnell v. Teva Pharmaceuticals USA, Inc.*,
No. 19-cv-05738, 2021 WL 5609864 (E.D. Pa. June 11, 2021) ..............................2

*Pledger v. Reliance Trust Co.*,
No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021)...........................2, 16

*In re Prandin Direct Purchaser Antitrust Litigation,*
No. 10-cv-12141, 2015 WL 1396473 (E.D. Mich. Jan. 20, 2015)....................17, 22

*Ramos v. Banner Health*,
No. 15-cv-2556, 2020 WL 6585849 (D. Colo. Nov. 10, 2020) .........................2, 16

*Rawlings v. Prudential-Bache Props., Inc.,*
9 F.3d 513 (6th Cir. 1993) ...................................................................................5, 6

*In re RJR Nabisco Sec. Litig.*,
No. 88-cv-7905, 1992 WL 210138 (S.D.N.Y. Aug. 24, 1992) ................................9

*Schapker v. Waddell & Reed Fin., Inc.*,
No. 17-cv-2365 (D. Kan. Apr. 8, 2019)........................................................2, 16, 23

*In re Schering-Plough Corp. Enhance ERISA Litig.*,
No. 08-cv-1432, 2012 WL 1964451 (D.N.J. May 31, 2012) ...................................13

*In re Se. Milk Antitrust Litig.*,
No. 07-cv-208, 2013 WL 2155387 (E.D. Tenn. May 17, 2013) ...........................17

*Shaw v. Interthinx, Inc.*,
No. 13-cv-01229, 2015 WL 1867861 (D. Colo. Apr. 21, 2015) .................9, 10, 18

*Shy v. Navistar Int'l Corp.*,
No. 92-cv-00333, 2022 WL 2125574 (S.D. Ohio June 13, 2022)............................5

*Smith v. Krispy Kreme Doughnut Corp.*,
No. 05-cv-187, 2007 WL 119157 (M.D.N.C. Jan. 10, 2007)...................................13

*Spano v. Boeing Co.*,
No. 06-cv-0743, 2016 WL 3791123 (S.D. Ill. Mar. 31, 2016)...........................2, 16

*Sprague v. Ticonic*,
307 U.S. 161 (1939)................................................................................................19

*Troudt, et al. v. Oracle Corp., et al.*,
No. 1:16-cv- (D. Colo, July 10, 2020)................................................................2, 23

*Tussey v. ABB, Inc.*,
No. 06-cv-04305, 2019 WL 3859763 (W.D. Mo. Aug. 16, 2019)......................2, 23

**STATUTES**

FED. R. CIV. P. 23 .....................................................................................................5

FED. R. CIV. P. 23(h) .............................................................................................5, 19

Fed. R Civ. P. 54 (d) ..............................................................................................19

**Other Sources**

Alba Conte, 1 *Attorney Fee Awards* § 2:19 (3d ed.)................................................19

Employee Retirement Income Security Act of 1974.......................................*Passim*

## I.    INTRODUCTION

Plaintiffs Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III ("Plaintiffs"), participants  in  the Magna Group of Companies Retirement Savings Plans (the "Plan"), respectfully submit this Memorandum of Law in support of Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses and Case Contribution Awards to the Plaintiffs. Plaintiffs file this Memorandum of Law at the same time as their Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement,[1] Maintaining Class Certification for Settlement Purposes and Approving of Plan of Allocation (the "Final Approval Memorandum").

Plaintiffs herein request an award of attorneys' fees of thirty-three and one third percent (33 1/3%) of the Settlement Amount, which is a maximum amount of $966,667.00. The Settlement Amount is $2,900,000.00. Courts routinely support

---

[1] The Settlement Agreement is attached as Exhibit 1 to the Declaration of Mark K. Gyandoh (the "Gyandoh Declaration" or "Gyandoh Decl.") in Support of Plaintiffs' Motions for Final Approval of Class Action Settlement, Maintaining Class Certification for Settlement Purposes and Approving Plan of Allocation and for Award of Attorneys' Fees and Reimbursement of Expenses and Case Contribution Awards to Plaintiffs. The Gyandoh Declaration further discusses the extensive efforts of Class Counsel in achieving this excellent result. The provisions of the Settlement Agreement, including all definitions and defined terms, are incorporated by reference herein. Thus, all capitalized terms not otherwise defined in this memorandum shall have the same meaning ascribed to them in the Settlement Agreement.

counsel fees of 33 1/3% in analogous class actions advanced under ERISA.[2]

In addition, Plaintiffs request reimbursement of out-of-pocket costs and expenses incurred in connection with the prosecution of this Action in the amount of $100,000 per the terms of the Settlement Agreement, which is significantly less than the amount of expenses actually incurred. Class Counsel also asks the Court to approve the payment of Case Contribution Awards in the amount of $10,000.00 each to the Plaintiffs in recognition of their contributions to this Action.

---

[2] *See, e.g.*, *Karpik v. Huntington Bancshares Inc.,* No. 17-cv-1153, 2019 WL 7482134, at *7 (S.D. Ohio Feb. 18, 2021); *Griffin v. Flagstar Bancorp, Inc.,* No. 10-cv-10610, 2013 WL 6511860, at *8 (E.D. Mich. Dec. 12, 2013); *Pledger v. Reliance Trust Co.*, No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021); *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 15-cv-22782, 2017 WL 7798110, at *4 (S.D. Fla. Dec. 18, 2017); *Kelly v. Johns Hopkins Univ.*, No. 16-cv-2835, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020); *Marshall v. Northrop Grumman Corp.,* No. 16-cv-6794, 2020 WL 5668935, at *3 (C.D. Cal. Sep. 18, 2020); *Tussey v. ABB, Inc.*, No. 06-cv-04305, 2019 WL 3859763, at *2 (W.D. Mo. Aug. 16, 2019); *Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 15-cv-02062, 2019 WL 4193376 (S.D. Ind. Sept. 4, 2019); *Clark v. Duke Univ.*, No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019); *Cates v. Trustees of Columbia Univ.*, No. 16-cv-06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021); *Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 270 (S.D.N.Y. 2020) (listing ERISA cases awarding one-third of settlement fund); *Ramos v. Banner Health*, No. 15-cv-2556, 2020 WL 6585849, at *4-5 (D. Colo. Nov. 10, 2020); *Schapker v. Waddell & Reed Fin., Inc.*, No. 17-cv-2365 (Final Approval Order and Judgment) (D. Kan. Apr. 8, 2019); *Pinnell v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-05738, 2021 WL 5609864, at *2 (E.D. Pa. June 11, 2021); *Hay v. Gucci America, Inc.,* No. 17-cv-7148 (D.N.J.); *Spano v. Boeing Co.*, No. 06-cv-0743, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016); *Troudt et al. v. Oracle Corp., et al.*, No. 1:16-cv-00175 (Order Granting Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards) ("Troudt Fee Order") (D. Colo, July 10, 2020); *Donald v. Teachers Insurance and Annuity Insurance Ass'n of America*, No. 15-cv-08040 (S.D.N.Y.).

## II.    BACKGROUND[3]

This settlement comes after hard fought litigation, including briefing related to Defendants' motion to dismiss the Complaint filed on August 7, 2020. *See* ECF No. 14. Plaintiffs vigorously opposed Defendants' motion to dismiss. *See* ECF No. 17. The Court denied Defendants' Motion to Dismiss on March 31, 2021. *See* ECF No. 30.  Thereafter, during class certification briefing, the Court dismissed the initial plaintiffs in this case, but gave the initial plaintiffs leave to add new plaintiffs.

Initial plaintiffs filed their Motion and Memorandum to Name New Class Representatives on April 26, 2023. *See* ECF No. 81. On May 16, 2023, the Court entered an Order Granting in Part Plaintiffs' Motion to Name New Class Representatives. *See* ECF No. 88. Then, on June 5, 2023, the Court issued an Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. *See* ECF No. 93. On June 7, 2023, plaintiffs filed the First Amended Complaint. *See* ECF No. 94.

On January 25, 2024, the Court issued an Opinion and Order Granting Plaintiffs' Motion for Class Certification. *See* ECF No. 104. Then, on January 26, 2024, the Court issued an Order of Reference to United States Magistrate Judge to

---

[3] To avoid unnecessary repetition, Plaintiffs incorporate and refer to the Gyandoh Declaration at ¶¶ 3-45 (detailing the procedural history, discovery practice, settlement negotiations, and settlement terms).

conduct a settlement conference. *See* ECF No. 105.

On February 8, 2024, Defendants filed a Petition for Permission to Appeal from a Class Certification Order with the United States Court of Appeals for the Sixth Circuit. *See* 6th Cir. ECF No. 1-2. Plaintiffs (Respondents) filed their Response in Opposition to Defendants' Petition for Permission to Appeal on February 21, 2024. *See* 6th Cir. ECF No. 13-1. On May 6, 2024, Defendants (Petitioners) filed an Unopposed Motion to Stay Proceedings on Petition for Permission to Appeal in Light of Impending Settlement. *See* 6th Cir., ECF No. 17. The Sixth Circuit Court of Appeals issued an Order on May 7, 2024, granting the Motion to Stay Proceedings. *See* 6th Cir. ECF No. 18.

Before filing the initial complaint, the initial plaintiffs conducted informal discovery by investigating publicly filed Plan documents, reviewing the Plan information of the initial plaintiffs, and consulting with experts. Gyandoh Decl., ¶ 30. On March 20, 2020, before filing suit, the initial plaintiffs requested numerous documents and information from Defendants pursuant to Section 104(b)(4) of ERISA. *Id*. at ¶ 31. Defendants responded by providing numerous documents on April 10, 2020, which the initial plaintiffs reviewed. *Id*. at ¶ 32. The Settling Parties also conducted extensive discovery. *Id.* Discovery led to the production of approximately 50,000 pages of documents and eight fact witness depositions. Gyandoh Decl., ¶¶ 32-44.  In addition, the Parties exchanged a total of five expert

reports, three for Plaintiffs, and two for Defendants, and all five experts were also deposed. *Id*.

The Parties voluntarily attended a mediation session on November 28, 2023 with Robert A. Meyer of JAMS, who is well-versed and experienced in mediating ERISA matters. Gyandoh Decl., ¶¶ 45-47; *see also* curriculum vitae of Mr. Meyer at https://www.jamsadr.com/meyer/. The mediation did not lead to a settlement. However, on May 3, 2024, the Parties attended a settlement conference with Magistrate Judge Elizabeth A. Stafford, where the Parties reached a settlement in principle.

## III. STANDARD OF REVIEW

Plaintiffs' attorneys in a class action may petition the court for compensation for any award to the class resulting from the attorneys' efforts. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980). Under FED. R. CIV. P. 23, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." FED. R. CIV. P. 23(h). "When awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). In the Sixth Circuit, "[t]ypically, in [ERISA] class actions such as this, Class Counsel are awarded a percentage of the settlement fund" rather than the lodestar method. *Shy v. Navistar Int'l Corp.*, No.

92-cv-00333, 2022 WL 2125574, at *8 (S.D. Ohio June 13, 2022) (listing cases).

Ultimately, the Sixth Circuit requires "only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances." *Rawlings*, 9 F.3d at 516. When considering attorneys' fee awards deducted from a common fund, courts in the Sixth Circuit:

> consider the following factors in determining whether the fee request is reasonable under the circumstances:
>
> > (1) the value of the benefit rendered to the plaintiff class;
> > (2) the value of the services on an hourly basis;
> > (3) whether the services were undertaken on a contingent fee basis;
> > (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;
> > (5) the complexity of the litigation; and
> > (6) the professional skill and standing of counsel involved on both sides."

*Ganci v. MBF Inspection Services, Inc.*, No. 15-cv-2959, 2019 WL 6485159, at *6 (S.D. Ohio Dec. 3, 2019) (citing *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009)). For the reasons stated below, the requested attorneys' fees are fair and reasonable under the circumstances of this matter.

## IV.   ARGUMENT

### A.    Plaintiffs' Request for Attorney's Fees Is Reasonable

#### 1.    The Plaintiff Class Benefited from Counsel's work

Class Counsel's efforts have created a $2,900,000.00 Gross Settlement Amount which is an excellent result when viewed in any light. In particular, the

6

Settlement represents approximately 31% of the Settlement Class's estimated maximum potential damages as calculated by Plaintiffs. *See* Gyandoh Decl. at ¶ 63; *see also Karpik v. Huntington Bancshares Inc.*, No. 17-cv-1153, 2019 WL 7482134, at *8 (S.D. Ohio Feb. 18, 2021) (holding "[t]he settlement represents approximately 30% of the total damages that Plaintiffs claimed at the mediation were associated with Defendants' alleged fiduciary breaches. *Id.* This is also consistent with other class action settlements" and listing cases holding the class benefited by Plaintiffs' counsel recovering between 5.5% and 25% of estimated damages). In ERISA breach of fiduciary duty cases, a settlement is "an excellent result given the uncertainties of the Plaintiffs' chances of ultimately prevailing on the issue of liability in this very uncertain area of ERISA and also given the challenges they face in establishing the operative date of imprudence." *Griffin*, 2013 WL 6511860, at *8. Here, Defendants continuously argued they were not liable.

Without this class action it is quite possible that individual plaintiffs would not have received any recovery. "Without a class action, the individual plaintiffs would not have had a strong incentive to pursue recovery because any monetary award would have been substantially outweighed by the costs to litigate their cases." *Ganci*, 2019 WL 6485159, at *7. Indeed, this Settlement was achieved after three (3) years of negotiations, motion practice, and fact and expert discovery

between experienced counsel on both sides. And lastly, the settlement benefits the Plan and individual Plaintiffs equitably. "The result that the attorneys have achieved fairly compensates Plaintiffs, since each Class Member is set to receive their *pro rata* share of the Net Settlement Fund." *Borders v. Alternate Solution Health Network, LLC*, No. 20-cv-1273, 2021WL 4868512, at *5 (S.D. Ohio May 17, 2021).

> ### 2. The value of the services on an hourly basis demonstrates the fairness of the requested fees

"The percentage of the fund is the preferred method in this ERISA case, as it most closely approximates how lawyers are paid in the private market and incentivizes lawyers to maximize the Class recovery, but in an efficient manner." *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381 (S.D. Ohio 2006). However, "[i]n this Circuit, the lodestar figure is used to confirm the reasonableness of the percentage of the fund award." *Id*. Considering the benefits of the Settlement, risks of continued litigation, and the experience of Class Counsel, the rates are reasonable. Plaintiffs' counsels' extensive efforts included, *inter alia*, the investigation of Plaintiffs' claims, the underlying events, the operation and administration of the Plan, and transactions alleged in the Complaint; review of documents in preparation for settlement negotiation, and the ultimate negotiation and memorialization of the Settlement terms, presentation of the Settlement to this Court, and effectuation of the Settlement. In total, Class Counsel along with their

co-counsel Muhic Law, LLC, and liaison counsel Anthony DeLuca, dedicated very substantial time and effort, expending a combined 1,197.70 hours of time to date, resulting in a total lodestar of $758,596.50.  *See* Gyandoh Decl. at ¶ 52.

These hours do not include time to be spent on the preparation for an interview with the Independent Fiduciary, preparation for and attendance at the Fairness Hearing, communications with Settlement Class members, and monitoring of Defendants' compliance with the Settlement. *See* Gyandoh Decl., ¶ 75. The hours spent were reasonable and necessary for the prosecution of the litigation. When comparing the percentage fee request to the submitted lodestar, the requested fee award is clearly reasonable as it results in a multiplier of 1.27.  This is well within the range endorsed by courts in ERISA cases. *See, e.g., In re Broadwing*, 252 F.R.D. at 381 ("A multiplier of between approximately 2.0 and 5.0 existed in the fee awards in this District"); *Griffin* , 2013 WL 6511860, at *8 (noting many ERISA cases award fees with multipliers above 1%); *Cendant Corp. PRIDES Litig*., 243 F.3d 722, 742 (3d Cir. 2001) (internal citations omitted) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *Shaw v. Interthinx, Inc.*, No. 13-cv-01229, 2015 WL 1867861, at *8 (D. Colo. Apr. 21, 2015) (collecting cases approving multipliers ranging from 1.87 to 4.6). Indeed, multipliers in class actions between 5x and 6x are frequently approved. *In re RJR Nabisco Sec. Litig*., No. 88-cv-7905, 1992 WL

210138 (S.D.N.Y. Aug. 24, 1992) (multiplier of 6x); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172 (W.D.N.Y. 2011) (5.3x multiplier); *In re Beverly Hills Fire Litig.*, 639 F. Supp. 915 (E.D. Ky. 1986) (5x multiplier); *In re Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*, 778 F.2d 890 (1st Cir. 1985) (6x multiplier)); *New Eng. Carpenters Health Benefits Fund v. First Databank*, No. 05-cv-11148, 2009 WL 2408560 (D. Mass. Aug. 3, 2009) (awarding a fee representing a multiplier of approximately 8.3 times the lodestar).

### 3. The services were undertaken on a contingent fee basis

The economical and logistical unattractiveness of this case required a legal team with significant expertise in ERISA class action litigation who could manage this case in a cost-effective and comprehensive way. The Plaintiffs would not have been able to pursue this litigation other than on a contingency fee basis and no competent plaintiffs' lawyer or law firm would take on such risky representation for less than one-third of any monetary recovery. "Courts have recognized the importance of such arrangements, noting that many workers cannot retain counsel at fixed hourly rates…yet they are willing to pay a portion of any recovery they may receive in return for successful representation." *Shaw*, 2015 WL 1867861, at *7. Class Counsel effectively and efficiently litigated this action from its inception until now. In that time, Class Counsel has never been paid for their work on this matter, taking the case on a wholly contingent basis. Instead, they faced the very

real risk, in the face of staunch opposition from highly qualified defense counsel, that they would receive nothing for their professional time spent, and cash outlays they invested in the case. Many courts find this factor weighs in favor of approving the requested fee. *See, e.g., Ganci*, 2019 WL 6485159, at *7 (approving fees because "Class Counsel represents that they took on this case pursuant to a contingency fee agreement. In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery."); *Carr v. Guardian Healthcare Holdings, Inc.*, No. 20-cv-6292, 2022 WL 501206, at *10 (S.D. Ohio Jan. 19, 2022) (same); *Estes v. Willis & Brock Foods*, Inc., No. 18-cv-00197, 2022 WL 697976, at *5 (E.D. Ky. Mar. 8, 2022) ("Counsel also took this case on a contingent fee, justifying fees as a reward for representing the class without the guarantee of compensation.").

### 4.    Society benefits by incentivizing attorneys to litigate ERISA class actions

Class actions are an important societal benefit because they deter misdeeds that would otherwise be cost prohibitive for individual plaintiffs to pursue. Courts in this Circuit have found "Class actions such as this 'have a value to society more broadly, both as deterrents to unlawful behavior—particularly when the individual injuries are too small to justify the time and expense of litigation—and as private law enforcement regimes that free public sector resources.'" *Ganci*, 2019 WL 6485159, at *7 (citing *Gascho v. Global Health Fitness Holdings, LLC*, 822 F.3d

11

269, 287(6th Cir. 2016)); *see also Mullins v. Data Management Co.*, No. 20-cv-214, 2021 WL 2820560, at *7 (S.D. Ohio June 21, 2021) ("In order for attorneys to take on these cases, which, in the class and collective action setting, are complex and difficult cases, attorneys must be fully compensated for their work. Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own.") Specifically, in ERISA cases, "[p]rotecting retirement funds of workers is of genuine public interest and, thus, supports a fully compensatory fee award." *In re Broadwing*, 252 F.R.D. at 381-82; *see also Carr*, 2022 WL 501206, at *10 ("an award of attorney fees . . . encourages the vindication of congressionally identified policies and rights.") (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)). Awarding attorneys' fees incentivizes the pursuit of future ERISA cases to society's benefit.

### 5.    This litigation was complex

District courts around the country and within this Circuit have granted the plaintiffs' motion for attorneys' fees because, "[i]t is well known that 'ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation.'" *Karpik*, 2019 WL 7482134, at *9. The fact that Defendants moved for reconsideration of the Court's motion to dismiss decision in light of two intervening Sixth Circuit breach of fiduciary duty cases evinces the complexity of ERISA cases. A district court within this Circuit reasoned in its order granting the

plaintiffs' motion for attorneys' fees in an analogous action:

> The duration and expense have not been insignificant and would only grow if this case proceeded to trial. As Plaintiffs point out in their motion, litigating an ERISA case of this type on the merits is a substantial undertaking, with significant risks, expenses, and delay. (ECF No. 86, PageID.2943.) Courts have recognized that "ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation." *Krueger v. Ameriprise*, No. 11-cv-02781, 2015 WL 4246879, at *1 (D. Minn. July 13, 2015); *see also Abbott v. Lockheed Martin Corp.*, No. 06-cv-701, 2015 WL 4398475, at *2 (S.D. Ill. July 17, 2015) (noting that ERISA 401(k) cases are "particularly complex"). Defendants have forcefully defended their actions with respect to the plan to date, and there is no reason to believe they would not continue to do so through trial and on appeal if necessary."

*Dover v. Yanfeng US Automotive Interior Systems I LLC*, No. 20-cv-11643, 2023 WL 2309762, at *4 (E.D. Mich. Mar. 1, 2023); *see also In re Broadwing*, 252 F.R.D. at 382 ("The type of claims brought here, breaches of duty by the Plan's fiduciaries, are based on rapidly evolving legal theories. There are significant conflicts between the approaches adopted by different trial courts and appellate courts and most law in this area was decided after this case was filed."); *Smith v. Krispy Kreme Doughnut Corp.*, No. 05-cv-187, 2007 WL 119157, at *2 (M.D.N.C. Jan. 10, 2007) ("ERISA law is a highly complex and quickly-evolving area of the law. The novelty and difficulty of the questions raised tends to support the reasonableness of the requested fee award."); *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. 08-cv-1432, 2012 WL 1964451, at *5 (D.N.J. May 31, 2012) (same); *Griffin*, 2013 WL 6511860, at *8

(same). ERISA class actions are complex matters to litigate, and this case was no exception.

Accordingly, this factor also supports Class Counsel's fee request.

### 6. The professional skill and standing of counsel involved on both sides warrants the requested fee award

Both Plaintiffs' counsel and Defendants' counsel are experienced in ERISA class actions of this type and approve of the Settlement. "The complexity of this ERISA litigation cannot be questioned, nor can the skill and expertise of counsel who are known nationally for their successful representation of ERISA clients in class action matters." *Griffin*, 2013 WL 6511860, at *8. Plaintiffs retained attorneys who are highly qualified, experienced, and able to litigate this matter. Capozzi Adler and Mark K. Gyandoh, Plaintiffs' Counsel in this Action readily meet these criteria. Mr. Gyandoh, Chair of the Fiduciary Practice Group at Capozzi Adler, is a highly qualified ERISA class action attorney and unequivocally recommends this Settlement. *See* Gyandoh Decl. at ¶¶ 88-89. Additionally, Capozzi Adler has been named Lead or Co-Lead interim Class Counsel in numerous breach of fiduciary duty class actions in this District and across the nation. *Id*. at ¶¶ 91-93.

In *Karpik*, an analogous ERISA case, the court held "a complex case such as this requires counsel with specialized skills" and "the experience of Class Counsel likely led to the outcome in this case and further supports the requested fee in this case." *Karpik*, 2019 WL 7482134, at *9. Throughout the litigation, Class Counsel

has used its experience and access to resources to investigate and litigate Plaintiffs'

underlying allegations, which ultimately led to the Settlement in this Action.

Courts within this Circuit and around the country have found this factor

weighs in favor of approval when Plaintiffs' counsel faced opposition from "large

and well-respected law firms with substantial experience defending ERISA class

actions." *Karpik*, 2019 WL 7482134, at *9; *see also In re Broadwing*, 252 F.R.D. at

382 ("These [Plaintiffs'] lawyers vigorously defended their clients against worthy

opponents in one of the regions'[] largest law firms."); *Carr*, 2022 WL 501206, at

*11 (approving fees and reasoning, "Plaintiff and Defendant are represented by

experienced counsel. All members of counsel here are highly qualified and have

substantial experience in federal litigation and collective/class action litigation.").

Counsel for Defendants, Sidley Austin LLP, are one of the preeminent firms in the

country defending analogous ERISA class actions. *See*

https://www.sidley.com/en/services/erisa-litigation. The pedigree and body of work

by Class Counsel and defense counsel in this Action weighs in favor of the requested

attorneys' fee award.

## B.   Other Considerations Merit Approval of The Fee Request

### 1.   Awards in Similar Cases

Courts within this circuit and nationwide have found an attorneys' fees

award of one-third of the settlement fund fair and reasonable in ERISA cases. *See,*

*e.g., Griffin*, 2013 WL 6511860, at *8 (holding the plaintiffs' counsels' "requested fee is consistent with standard fee awards as a percentage of the fund in ERISA actions which typically award between 30% and 33% on a percentage of the fund fee calculation."); *Pledger*, 2021 WL 2253497, at *7 (awarding attorneys' fees of one third the common fund because "[t]he percentage used to calculate the requested fee in this case is consistent with experienced attorneys who handle complex ERISA litigation, and has been found reasonable in numerous cases in federal district courts."); *Karpik*, 2019 WL 7482134, at *7 (same); *Fernandez,* 2017 WL 7798110, at *5 (S.D. Fla. Dec. 18, 2017) (same); *Eslava v. Gulf Telephone Co., Inc*., No. 04-cv-0297, 2007 WL 4105977, at *2 (S.D. Ala. Nov. 16, 2007); *Ramos*, 2020 WL 6585849, at *4-5 (same); *Schapker*, No. 17-cv-2365 (same); *Feinberg v. T. Rowe Price Group, Inc.*, 610 F.Supp.3d 758, 771 (2022); *Kelly v. Johns Hopkins Univ*., No. 16-cv-2835, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020); *Bekker*, 504 F. Supp. 3d at 270; *Marshall,* 2020 WL 5668935, at *3; *Spano,* 2016 WL 3791123 (same); *Kruger v. Novant Health, Inc*., No. 14-cv-208, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016) (same); *Gordan v. Massachusetts Mut. Life Ins. Co.*, No. 13-cv-30184, 2016 WL 11272044 (D. Mass. Nov. 3, 2016) (same).

Generally, in common fund complex class actions, "[m]any courts in the Sixth Circuit have held that attorneys' fees in the amount of 1/3 of the settlement

fund is reasonable." *Mullins,* 2021 WL 2820560, at *6; *see also Garner Prop. & Mgmt., LLC v. City of Inkster*, No. 17-cv-13960, 2020 WL 4726938, at *10 (E.D. Mich. Aug. 14, 2020) ("there is authority supporting the proposition that awarding proportional attorney fees of around one third of a settlement fund is not an abuse of discretion" and listing cases); *In re Se. Milk Antitrust Litig.*, No. 07-cv-208, 2013 WL 2155387, at *3 (E.D. Tenn. May 17, 2013); *In re Prandin Direct Purchaser Antitrust Litig.*, No. 10-cv-12141, 2015 WL 1396473, at *4 (E.D. Mich. Jan. 20, 2015); *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011); *Borders*, 2021 WL 4868512, at *5.

As discussed herein, ERISA is a highly complex and evolving body of law. Moreover, in the course of his 19-year nationwide ERISA practice, Mark Gyandoh worked with most if not all firms that have a national ERISA class action practice. In his experience, while there are invariably differences in rates between different firms – and even between rates for lawyers within the same firm with the same number of years of practice – Capozzi Adler's rates are broadly in line with rates of other firms with nationwide class action practices, that have been the basis for award of fees in courts around the country. *See* Gyandoh Decl. at ¶¶ 78-84.

### 2. No Objections to Attorneys' Fees Further Supports the Adequacy of Plaintiffs' Request

The Class Notice, which was mailed to over 68,689 potential Settlement Class Members, specified that Class Counsel would request attorneys' fees of up to 33

1/3% of the Class Settlement Amount. To date, there have been no objections to the requested attorneys' fees. There has been only one objection to the settlement filed by Mr. Michael Moon. *See* ECF No. 120; *see also* Final Approval Memorandum (discussing the objection). Mr. Moon's objection does not state that any particular aspect of this settlement is problematic, instead he believes he was mistakenly included as a participant in the Class Period and enjoyed his time at Magna. *Id*. Hence, the Class implicitly approves of the request for fees.

Moreover, opposing counsel does not oppose Plaintiffs' fee request. Courts in this Circuit have found that minimal objections indicates a fair and reasonable request for attorneys' fees. *See, e.g.*, *In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("A certain number of ... objections are to be expected in a class action.... If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.").

### 3. Time Limitations Imposed by the Client or the Circumstances

As reflected by the sheer number of hours devoted by the attorneys and staff involved in litigating this case, a substantial amount of their time was devoted to this case at the preclusion of other work. *See* Gyandoh Decl. at ¶¶ 68-75. Courts around the country consider this a factor supporting approval of attorneys' fees in complex class action cases because "[t]here is an inherent preclusion of other work in litigating a complex case such as this on a contingency fee basis." *Shaw,* 2015 WL

1867861, at *6. Class Counsel were "precluded by the ticking of the clock from taking certain other cases given that they [had] decided to take a chance on a possible recovery in a contingency fee rather than strictly working on paid hourly wages." *Id.* (citation omitted). There was "the possibility in a case of this kind that [Class Counsel], having given up other cases in order to actively pursue this case, will actually recover no payment for [their] time and efforts." *Id.*

As discussed above and in the Final Approval Memorandum, the risks of an unsuccessful result in this action, and therefore non-payment, were significant.

### C. The Court Should Reimburse Plaintiffs' Counsel for Expenses Incurred

Class Counsel should also be reimbursed the $100,000.00 in litigation expenses they advanced in prosecuting this case under FED. R. CIV. P. 23(h). As a leading treatise states:

> An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved. The equitable principle that all reasonable expenses incurred in the creation of a fund for the benefit of a class are reimbursable proportionately by those who accept benefits from the fund authorizes reimbursement of full reasonable litigation expenses as costs of the suit in contrast to the more narrowly defined rules of taxable costs of suit under Fed. R Civ. P. 54 (d). . . . The prevailing view is that expenses are awarded in addition to the fee percentage.

Alba Conte, 1 *Attorney Fee Awards* § 2:19 (3d ed.); *see also Sprague v. Ticonic,*

307 U.S. 161, 166-67 (1939) (recognizing a federal court's equity power to award costs from a common fund); *Carr*, 2022 WL 501206, at *11 ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement.").

Counsel in common fund cases may recover those expenses that would normally be charged to a fee-paying client. *See In re Cardizem,* 218 F.R.D. at 535 ("Under the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses.'"). Courts have deemed "reasonable and necessary expenses, includ[e] photocopying, postage, travel, lodging, filing fees and Pacer expenses, long distance telephone, telecopier, computer database research, depositions expenses, and expert fees and expenses." *In re Broadwing, Inc.,* 252 F.R.D. at 382; *see also Karpik*, 2019 WL 7482134, at *9; *Boeing*, 444 U.S. at 478.

Plaintiffs' counsel incurred expenses exceeding $100,000.00. The exact amount was $160,814.66 which included costs related to experts, filing fees, and legal research. *See* Gyandoh Decl. at ¶¶ 66-74. However, the Settlement Agreement caps the amount of recoverable expenses to $100,000.00. Counsel brought this case

without guarantee of reimbursement or recovery, so they had a strong incentive to keep costs at a reasonable level, and they did so.  *Krueger*, 2015 WL 4246879, at \*3 (citing *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010)) (recognizing counsel with contingent fee agreement has a "strong incentive to keep expenses at a reasonable level"). For example, Class Counsel minimized expenses by utilizing its own ERISA expertise, where necessary, controlling costs by eliminating travel expenses without sacrificing the national expertise they brought to benefit the Class. The expenses are reasonable and should be rewarded. *See, e.g., In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 732 n. 12 (3d Cir. 2001) (quoting the 1985 Task Force Report) ("common-fund doctrine [...] allows a person who maintains a lawsuit that results in the creation, preservation, or increase of a fund in which others have a common interest, to be reimbursed from that fund for litigation expense incurred"); *In Re AT&T Corp.*, 455 F.3d 160, 172 n. 8 (3d Cir. 2006) ("[e]xpenses are generally considered and reimbursed separately from attorneys' fees"); *In re Broadwing*, 252 F.R.D. at 380 ("Counsel who create a common fund for the benefit of a class are entitled to a payment of fees and expenses from the fund relative to the benefit achieved."). The costs Counsel expended to provide a benefit to the Class should be reimbursed.

### D.   The Requested Case Contribution Awards For Plaintiffs Are Reasonable

Plaintiffs request Class Representatives Mr. Vollmar, Mr. Harris, and Mr.

Garrett be granted a Case Contribution Award in compensation for the time and effort they expended in successfully prosecuting this case to a successful resolution. Such awards acknowledge representative plaintiffs' hard work and sacrifices in support of the class, as well as their promotion of the public interest. "Courts within the Sixth Circuit ... recognize that, in common fund cases and where the settlement agreement provides for incentive awards, class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled to by virtue of class membership alone." *Prandin Direct Purchaser*, 2015 WL 1396473, *5. Moreover, courts within this Circuit have approved awards for named plaintiffs in light of the risks they assume in representing the class. *See, e.g., Dover*, 2023 WL 2309762, at *6 ("the Court finds that plaintiffs' concerns regarding their future employment prospects are understandable."); *Ganci*, 2019 WL 6485159, at *8 (same); *Gresky v. Checker Notions Co. Inc.*, No. 21-cv-01203, 2022 WL 3700739, at *7 (N.D. Ohio Aug. 26, 2022); *Karpik*, 2019 WL 7482134, at *10; *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 535.

Here, Plaintiffs seek an award of $10,000 for each class representative, amounts that are well-deserved. Each of the Class Representatives has been closely involved in this litigation since its inception. They provided documents, reviewed the Complaint, produced documents and served answers to interrogatories, sat for

depositions and monitored Class Counsel and the progress of the litigation, including attending the settlement conference with Magistrate Judge Green. *See* Gyandoh Decl. at ¶ 99. Each Plaintiff has submitted a declaration in support of their request for case contribution awards. The declarations are attached to the Gyandoh Declaration as Exhibits 8 (Vollmar Declaration), Exhibit 9 (Harris Declaration) and 10 (Garrett Declaration). Courts also routinely find incentive awards fair when neither Defendants nor individual class members have opposed the awards after receiving notice. *See, e.g., Carr*, 2022 WL 501206, at *11; *Dover*, 2023 WL 2309762, at *6; *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 535.

Lastly, substantially larger awards have been approved as well within the ranges typically awarded in comparable cases. *See, e.g., Nolan v. Detroit Edison Co.,* No. 18-cv-13359, 2022 WL 16743866 (E.D. Mich. Nov. 7, 2022) (approved $15,000 award for class representative); *Mayer v. Driver Solutions, Inc.*, No. 10-cv-1939, 2012 WL 3578856, at *5 (E.D. Pa. Aug. 17, 2012) (same); *Troudt* Fee Order at 9 (awarding $25,000 to each of seven plaintiffs); *Schapker*, No. 17-cv-2365 (Final Approval Order and Judgment) (awarding $20,000 to the class representative); *Tussey,* 2012 WL 1113291, at *21 (awarding $25,000 to each class representative in ERISA 401(k) fee class action); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (upheld a $25,000 award to the class representative); *Beesley v. International Paper*, No: 06-cv-703, 2014 WL 375432, at *4 (S.D. Ill. Jan. 31, 2014) ($25,000 awarded

to each of the three named plaintiffs).

## V.    CONCLUSION

Plaintiffs respectfully request that the Court award attorneys' fees in the amount of $966,667.00, approve the reimbursement of litigation expenses in the amount of $100,000.00, and approve Case Contribution Awards in the amount of $10,000 to each of the three Plaintiffs.

Dated: November 6, 2024                  Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
James A. Maro
James A. Wells
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com
           jamesm@capozziadler.com
           jayw@capozziadler.com

**MUHIC LAW LLC**
Peter A. Muhic
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Phone: (856) 324-8252
Fax:   (717) 233-4103
Email: peter@muhiclaw.com

**ANTHONY L. DELUCA, PLC**
Anthony L. DeLuca (P-64874)
14950 East Jefferson Avenue, Suite 170

24

Gross Pointe Park, MI 48230
Phone: (313) 821-5905
Fax: (313) 821-5906
Email: anthony@aldplc.com

*Attorneys for Plaintiffs, the Plan
and the Proposed Class*

25

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2024, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


By:     */s/ Mark K. Gyandoh*
        Mark K. Gyandoh, Esq.

26