UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DAVIS, et al.,

       Plaintiffs,

v.

MAGNA INTERNATIONAL OF AMERICA, INC.,
   et al.

       Defendants.
_____/

Case No: 20-11060

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, MAINTAINING SETTLEMENT CLASS CERTIFICATION, AND APPROVING THE PLAN OF ALLOCATION [121] AND OVERRULING OBJECTIONS TO CLASS CERTIFICATION [120,124]**

This matter is before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement, Maintaining Class Certification for Settlement, and Approving the Plan of Allocation. (ECF No. 121.) Also before the Court are two filed Objections to the proposed settlement. (ECF Nos. 120; 124.) The Court will address the Motion for Attorney's Fees in a separate Opinion and Order. (ECF No. 122.)

On August 28, 2024, the Court issued an amended Order Granting Preliminary Approval of Class Action Settlement in this matter. (ECF No. 118.) The Court held a final approval hearing on January 7, 2025, at 10:30 a.m. Present at the hearing were Plaintiff's counsel, Defendant's counsel, and two non-objecting Class Members. For the following reasons, the Court grants Plaintiff's Motion. (ECF No. 121.)

1

I.  **BACKGROUND**

The facts explaining the issue in this case are set forth in detail in previous orders. (*See, e.g.*, ECF Nos. 79; 93). Briefly, Plaintiffs are individuals who invested in a 401k plan called the Magna Group of Companies Retirement Savings Plan (the "Plan") during their past employment with Magna International of America, Inc. ("Magna"). On April 30, 2020, Plaintiffs filed a putative class action complaint for damages allegedly caused when the fiduciaries of the Plan breached their duties under sections 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109 and 1132. Plaintiffs allege that mismanagement of the Plan cost the Plan and its participants millions of dollars by investing in poorly performing funds and by paying excess fees. (*See* ECF No. 94, PageID.10739.) Plaintiffs brought their claims against Defendants Magna, its Board of Directors, and Magna's Investment Committee and the United States Pension and Retirement Savings Committee.[1] The Court granted class certification on January 25, 2024, and granted preliminary approval of the settlement on August 28, 2024. (ECF Nos. 104; 118.)

The Settlement Agreement creates a Settlement Fund and provides that Manga (or its insurers) will pay a Gross Settlement Amount of $2,900,000. (ECF No. 114-1, Page ID.11186.) The Settlement Fund will be used to pay:

> (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Settlement Agreement.

> Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

(ECF No. 114-1, PageID.11186.)

After these deductions, distributions for each Class Member will be calculated according to the Plan of Allocation. (ECF No. 114-1, PageID.11225–9.) Under the allocation plan, a Settlement Administrator will determine each Class Member's share of the Settlement Amount in proportion to that Class Member's balance in their Plan Account during the Class Period as compared to the sum of the balances of all Class Members during that time. (ECF No. 114-1, PageID.11226.) No Class Member will be awarded less than the De Minimis Amount of $10. (ECF No. 114-1, PageID.11227).

The Court previously granted Plaintiffs' Motion for Class Certification and appointed Class Representatives and Class Counsel in its Preliminary Approval Order. (ECF Nos. 104; 114). The Court also modified the previously certified class period in its Preliminary Approval Order; the Court made no other modifications to the class. (ECF No. 114.) The Settlement Class is defined as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014 through August 28, 2024.

*Id.*

Class Notice was mailed to over 68,689 potential Settlement Class Members. (ECF No. 123-2, PageID.11497.) In total, only 2,192 Notices (approximately 3.19%) were ultimately undeliverable. (*Id.* at PageID.11498.) The Notice included the dedicated Settlement website address and toll-free telephone number that were maintained for Class Members seeking additional information about the Settlement. *Id.* Only two potential Class

3

Members responded to the Notice by filing Objections to the Settlement.[2] (ECF Nos. 120; 124; 125.) Class Counsel also filed a declaration on the implementation of Class Action Fairness Act ("CAFA") notice. (ECF No. 123-2.) The Notice and Settlement Administrator sent CAFA Notices to the U.S. Attorney General and the attorneys general of all States with Class Member residents on August 9, 2024. (*Id.* at PageID.11497.)

With Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III representing the class, Plaintiffs filed their Unopposed Motion for Final Approval on November 6, 2024. (ECF No. 121.) Parties appeared before the Court for a Final Approval Hearing of Settlement on January 7, 2025. While two Class Members came to observe, aware of the hearing because of the Notice they received, neither Objecting Class Member attended the proceeding.

**II.     Standard of Review**

To approve a settlement, a court must: (1) preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement. *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

**III.    ANALYSIS**

**A.     Notice**

Notice to the Settlement Class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Sixth Circuit has held that "due

---

[2] Tongsun Kim filed both ECF No. 124 on November 7, 2024, and ECF No. 125, a "Motion for Amended Written Object to Settlement" on November 15, 2024.

4

process requires that notice to the class be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 900 (6th Cir. 2019) (citations omitted). Additionally, the CAFA requires that each Defendant provide notice of a proposed class action settlement to "appropriate" federal and state officials. 28 U.S.C. § 1715.

The Court granted Preliminary Approval of the Settlement its August 28, 2024 Order. (ECF No. 117.) The Court also approved the Notice Plan when granting Preliminary Approval. *Id.* Notice was carried out according to the Plan, ultimately reaching 96.8% of the identified potential Class Members. (*See* ECF No. 123-2, PageID.11497, calculating the number of delivered Notices and dividing by the number sent.) The Court finds that Defendant properly notified state and federal officials pursuant to CAFA, and that the method, form, and content of the Notice satisfies Rule 23 and due process.

### B. Final Class Certification

The Court also preliminarily certified the Settlement Class in its Preliminary Approval of the Class Action Settlement and appointed Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III as Class Representatives for the Settlement Class. (ECF No. 117, PageID.11286.) Nothing has changed to alter the Court's conclusion that the Class satisfies the requirements of Federal Rule 23(b)(3), therefore the Court grants final certification of the Class for settlement purposes.

Accordingly, for purposes of the Settlement and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Settlement Class is defined as:

5

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 30, 2014 through August 28, 2024.

The Court maintains the appointment of Plaintiffs Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III, as Class Representatives for the Settlement Class, and Capozzi Adler, P.C., as Class Counsel.

### C. Fairness Hearing

"A fairness hearing contains several procedural safeguards: Parties to the settlement must proffer sufficient evidence to allow the district court to review the terms and legitimacy of the settlement, class members may object to the proposed settlement on the record, and class members have a right to participate in the hearing." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 635–36 (6th Cir. 2007) (citations omitted). A district court has wide latitude in satisfying these requirements. *Id.*

At the January 7, 2025 hearing, the Class presented ample evidence to aid the Court in evaluating the propriety of the Settlement.

### D. Final Settlement Approval

"Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *UAW*, 497 F.3d at 631 (citing Fed. R. Civ. P. 23)); see also Fed. R. Civ. P. 23(e)(2). When determining these requirements, courts in the Sixth Circuit consider seven factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest."

6

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 349 (6th Cir.2009) (quoting *UAW*, 497 F.3d at 631).

"The district court enjoys wide discretion in assessing the weight and applicability of these factors." *UAW*, 497 F.3d at 631.

### 1.   Risk Of Fraud or Collusion

There is a presumption by courts of the absence of fraud or collusion in class action settlements "unless there is evidence to the contrary." *In re Delphi Corp. Sec., Derivative & ERISA Litig.*, 248 F.R.D. 483, 501 (E.D. Mich. 2008). Here, the proposed Settlement was only achieved after years of contentious motion practice and months of arms-length negotiations with a neutral mediator and magistrate judge. The Court concludes there is no evidence that challenges this presumption that there is no risk of fraud or collusion.

### 2.   Complexity, Expense and Likely Duration of Litigation

"Most class actions are inherently complex, and settlement avoids the costs, delays and multitude of other problems associated with them." *Shy v. Navistar, Int. Corp.*, No. 3:92-CV-00333, 2022 WL 2125574, at *6 (S.D. Ohio June 13, 2022) (citation omitted). "The complexity inherent in class actions is amplified in ERISA class actions." *Karpik v. Huntington Bancshares Inc.*, No. 2:17-cv-1153, 2021 WL 757123, at *4 (S.D. Ohio Feb. 18, 2021). This Action has been litigated for over three and a half years, and the Parties have engaged in meaningful discovery. ERISA matters like those presented here are rarely litigated, and courts have considered this to be evidence of the benefit settlement provides to Plaintiffs in this area. *See In re Delphi Corp.*, 248 F.R.D. at 497. The Court finds that the Settlement Agreement provides a greater benefit to Class Members than the complexity, expense, and duration of continued litigation.

### 3.   Amount of Discovery Engaged in by the Parties

The Parties must engage in "sufficient and substantial discovery, both formal and informal, that allows them to understand their respective positions." *Shy*, 2022 WL 2125574, at *6. In evaluating this factor, Courts consider "not only court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced." *Carr v. Guardian Healthcare Holdings, Inc.*, 2022 WL 501206, at *5 (S.D. Ohio Jan. 19, 2022). Since initiating this action, the Settling Parties have conducted extensive discovery, producing approximately 59,564 pages of documents and two fact witness depositions and six expert depositions. (ECF No. 123, PageID.11403.) The parties agreed to the Settlement terms after vigorous arms-length negotiations between counsel experienced in ERISA class actions and with the aid of the two mediation sessions, first on November 28, 2023, with Mr. Robert Meyer, an experienced ERISA mediator, and at a settlement conference before Magistrate Judge Elizabeth Stafford on May 3, 2024. (ECF No. 123, PageID.11403–4.) The Court finds that the discovery conducted by the Parties supports the fairness, reasonableness, and adequacy of the settlement.

### 4. Likelihood Of Success on The Merits

"Weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement" is necessary to assess the fairness of a settlement compromise. *UAW*, 497 F.3d at 631. Courts must also determine "whether the parties are using settlement to resolve a legitimate legal and factual disagreement." *Id.* at 632. Risk is inherent in any litigation, but "risk is even more acute in the complex areas of ERISA law." *In re Delphi Corp.*, 248 F.R.D. 496–97. Additionally, "[e]ven if Plaintiffs

8

established a fiduciary breach, it is 'difficult' to measure damages in cases alleging imprudent or otherwise improper investments." *Karpik*, 2021 WL 757123, at *5.

Both parties have acknowledged that similar excessive recordkeeping fee cases under ERISA have inherent risks that support settlement as a mechanism to resolve a legitimate legal and factual dispute. (ECF No. 121, PageID.11335.) Plaintiffs' claimed damages amount to approximately $9.3 million, inclusive of interest. *Id.* Defendants dispute Plaintiffs' calculations, but still agree that 31.2% recovery of the potential damages, as calculated by Plaintiffs, is fair, reasonable, and adequate considering the likely maximum amount of recovery if the case was litigated to its conclusion on the merits. *Id.* The settlement as proposed by the Parties ensures a total damages amount of $2,900,000.00. The Court finds that the proposed Settlement offers fair and reasonable relief when weighed against the risks of litigation.

### 5. Opinions of Class Counsel and Class Representatives

The Sixth Circuit has observed that "when experienced counsel immersed in the legal and factual issues comprising a class action recommend approval of their class settlement, their recommendations are entitled to deference." *Shy*, 2022 WL 2125574, at *7 (quoting *Williams*, 720 F.2d 922 (1983)). Courts within the Sixth Circuit have similarly found this factor met when counsel on both sides believe the settlement is fair and reasonable. *See, e.g.*, *Borders v. Alternate Sol. Health Network, LLC*, No. 2:20-CV-1273, 2021 WL 4868512, at *3 (S.D. Ohio May 17, 2021). ("By agreeing to this settlement, counsel for both parties have indicated their shared belief that the Settlement Agreement is fair, reasonable, and adequate" and "[t]he Court gives great weight to the beliefs of experienced counsel").

Class Counsel and Plaintiffs Scott E. Vollmar, Cory L. Harris, and Bobby R. Garrett, III support approval of the Settlement. ECF No. 121, PageID.11322. The Parties are represented by highly experienced counsel with class and complex litigation, and the Settlement was reached under the guidance of an ERISA experienced mediator and a magistrate judge. (ECF No. 123, PageIDs.11403 and 4.) While Defendants do not agree with all averments and statements made in the Memorandum supporting the Motion for Final Approval, Defendants agree with the ultimate relief and submit that the Court should approve the Settlement in this matter. (*Id.* at PageID.11323.) Defendants reiterated their support at the January 7 hearing. These factors weigh in favor of finding the Settlement fair, reasonable, and adequate.

### 6. Reaction of Absent Class Members

"A certain number of … objections are to be expected in a class action." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003)). "Although the Court should consider objections to the settlement, the existence of objections does not mean that the settlement is unfair." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1018 (S.D. Ohio 2001)). "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Id.*; see also *Olden v. Gardner*, 294 Fed.Appx. 210, 217 (6th Cir.2008) (finding that 79 objections in a class of nearly 11,000 "tends to support a finding that the settlement is fair"). Those objecting to the proposed Settlement have a heavy burden of proving the unreasonableness of the settlement. *In re Telectronics*, 137 F. Supp. 2d at 1009.

The Notice resulted in two Objections to the Settlement, representing 0.003% of those who received Class Notice. (ECF No. 127, PageID.11777.) Class counsel

addressed each of the objections in turn and at the fairness hearing. (*See* ECF Nos. 121 at PageID.11339–40; 127 at PageID.11777.) The objections are summarized here:

- Michael Moon, ECF No. 120, filed on October 22, 2024 – Mr. Moon says he was not employed by Magna during the Class Period, and he was happy with his time there and did not wish to participate in litigation. He expressed no issue with the Settlement.

- Tongsun Kim, ECF No. 124, filed on November 7, 2024 and ECG No. 125 Amending her Objection – Ms. Kim is a former employee who objects to the Settlement because she seems to mistakenly believe that the Settlement will impact her claim for disability benefits due to work related injuries while employed by Magna. In her proposed amendment, Ms. Kim objects to the division of the Settlement Amount as unfair and asks the Court to grant her an award of $966,000.

Mr. Moon's filing does not object to the Settlement. The Court finds that Ms. Kim's objection addresses none of the required factors and therefore fails to show that the Settlement is unreasonable. For these reasons, the Court denies Ms. Kim's Pro Se Motion to Amend and overrules both Objections. Finally, considering the substance of the objections and the number of objections against the number of filed claims, the Court concludes that the overall response to the proposed Settlement Agreement was favorable.

### 7. Public Interest

There is an overriding public interest in settling litigation, particularly in class actions. *See, e.g.*, *Peck v. Air Evac EMS, Inc.*, No. CV 5: 18-615-DCR, 2019 WL 3219150, at *8 (E.D. Ky. 2019) ("There is a strong policy favoring settlement in class actions."); *Jones v. H&J Restaurants*, LLC, No. 19-cv-105, 2020 WL 6877577, at *3 (W.D. Ky. Nov. 23, 2020) ("Courts in this Circuit reason that settlement is often in the public interest because it puts an end to what are sometimes complex and unpredictable cases and because settlement promotes judicial economy."). The Court finds it is in the public

11

interest to pursue this action through settlement to promote uniformity in judgment and the efficient administration of justice.

### 8. Review by Independent Fiduciary

Article 2 of the preliminary Settlement Agreement provides for the retention of an Independent Fiduciary to determine the reasonableness of the settlement. (ECF No. 123-1, PageID.11432–3.) Defendants retained Fiduciary Counselors, a firm with extensive experience with settlements involving ERISA plans. (ECF No. 127, PageID.11780.) A supplemental brief filed on December 30, 2024, included a detailed report from Fiduciary Counselors approving and authorizing the Settlement on behalf of the Plan and in accordance with the preliminary Settlement Agreement and ERISA. (ECF No. 127-2.). The report determined that:

> The Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan, and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone.

(ECF No. 127-2, PageID.11800.)

At the final settlement hearing, Counsel for both sides noted that the Independent Fiduciary report had been completed since the hearing for preliminary settlement approval and was further evidence that the Settlement Agreement is fair, reasonable, and adequate.

The Court finds that the reasoning above weighs in favor of final approval of the Settlement Agreement. The Settlement Agreement is fair, reasonable, and adequate. The operative complaint and all claims asserted in the Action will be dismissed with prejudice

and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

## IV.     CONCLUSION

For the reasons set forth above, the Court **DENIES** the Pro Se Motion to Amend Objection (ECF No. 125) and **OVERRULES** the Objections to the Settlement. (ECF Nos. 120, 124.) The Court **GRANTS** Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation. (ECF No. 121.) The parties are directed to fund and distribute the Settlement Fund in accordance with the Settlement Agreement.

Each Settlement Class Member is bound by the Settlement Agreement and the releases set forth therein. The Parties may enforce the terms of the Settlement Agreement and their respective obligations pursuant to this Order of the Court.

Judgment of dismissal with prejudice shall be entered pursuant to this Order and the terms of the Settlement Agreement.

Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expense and Named Plaintiffs Case Contribution Awards (ECF No. 122) remains under advisement.

SO ORDERED.

                                          s/ Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: January 10, 2025

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2025, by electronic and/or ordinary mail.

        s/ Marlena Williams
        Case Manager