UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DAVIS, et al.,

               Plaintiffs,                               Case No: 20-11060

v.                                                  Honorable Nancy G. Edmunds

MAGNA INTERNATIONAL OF AMERICA, INC.,
       et al.

               Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD FOR REASONABLE ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS TO PLAINTIFFS [122]**

This matter is before the Court on Plaintiff's Motion for Award of Reasonable Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards to the Plaintiffs. (ECF No. 121.) As provided for in the Settlement Agreement the Court approved on January 10, 2025, Plaintiffs request: (1) an award of attorneys' fees of 33 1/3% of the Settlement Amount totaling $966,667.00; (2) reimbursement of out-of-pocket costs and expenses incurred in the amount of $100,000; and (3) awarding payment of Case Contribution Awards in the amount of $10,000.00 each to the three Class Representatives. (ECF Nos. 128; 122, PageID.11370.) For the following reasons, the Court GRANTS Plaintiffs' Motion.

**I.    BACKGROUND**

Plaintiffs are individuals who invested in a 401k plan called the Magna Group of Companies Retirement Savings Plan ("Plan") during their past employment with Magna

1

International of America, Inc. ("Magna").[1] On April 30, 2020, Plaintiffs initiated this action for damages allegedly caused when the fiduciaries of the Plan breached their duties under sections 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109 and 1132. The Court granted class certification on January 25, 2024. (ECF No. 104.) On August 28, 2024, the Court issued an amended Order Granting Preliminary Approval of Class Action Settlement in this matter. (ECF No. 118.) The Court held a final approval hearing on January 7, 2025, at 10:30 a.m. The facts and procedural history are discussed in further detail in the Court's Opinion and Order granting Plaintiff's Motion for Final Approval of Class Action Settlement. (ECF No. 128.)

The Final Settlement creates a Settlement Fund in the amount of $2,900,000.00. (ECF No. 114-1, Page ID.11186.) The Settlement Fund will be used to pay:

> (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

(ECF No. 114-1, PageID.11186.)

After the required deductions under the Settlement Agreement, distributions for each Class Member will be calculated according to the Plan of Allocation. (ECF No. 114-1, PageID.11225–9.) Under the allocation plan, a Settlement Administrator will determine the pro rata distribution of the Settlement Amount for each Class Member based on their

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Settlement Agreement.

2

individual Plan Account balance during the Class Period as compared to the sum of the balances of all Class Members during that time. (ECF No. 114-1, PageID.11226.) No Class Member will be awarded less than the De Minimis Amount of $10. (ECF No. 114-1, PageID.11227.)

Article 6 of the Settlement Agreement includes these anticipated fee amounts: "attorneys' fees not to exceed 33 1/3% or $966,667.00, a reimbursement of attorney expenses up to $100,000.00, and a maximum of $10,000.00 incentive awards for each of the Class Representatives (Named Plaintiffs) for their work in bringing the case forward." (ECF No. 123-1, PageID.11441.) Plaintiffs now move for the award of these amounts.

## II.    Standard of Review

Under Federal Rule 23, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." Fed. R. Civ. P. 23(h). In ERISA actions by a "participant" or a "beneficiary," the Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Sixth Circuit requires "only that awards of attorneys' fees by federal courts in common fund cases be reasonable under the circumstances." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). While courts "have discretion to calculate an award of attorneys' fees by using either (1) a percentage of the fund calculation, or (2) a lodestar/multiplier approach," applying a percentage-of-the-fund method in common fund cases is typical. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 532 (E.D. Mich. 2003) (citing *Rawlings*, 9 F.3d at 516–17). The percentage method more adequately acknowledges the result achieved and the special skill of the attorneys

in obtaining that result. *Id.* This method is typical for ERISA class actions in the Sixth Circuit. *Shy v. Navistar Int'l Corp.*, No. 3:92-CV-00333, 2022 WL 2125574, at *8 (S.D. Ohio June 13, 2022). The Court finds that applying the percentage-of-the-fund method is consistent with the majority trend in this jurisdiction and in similar cases, and that it is reasonable under the circumstances presented here.

## III.   ANALYSIS

### A.   Attorneys' Fees

When considering attorneys' fee awards deducted from a common fund, courts in the Sixth Circuit consider the following factors in determining whether the fee request is reasonable under the circumstances:

(1)   the value of the benefit rendered to the plaintiff class;
(2)   the value of the services on an hourly basis;
(3)   whether the services were undertaken on a contingent fee basis;
(4)   society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;
(5)   the complexity of the litigation; and
(6)   the professional skill and standing of counsel involved on both sides.

*Ganci v. MBF Inspection Services, Inc.*, No. 15-CV-2959, 2019 WL 6485159, at *6 (S.D. Ohio Dec. 3, 2019) (citing *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009)).

First, the result obtained on behalf of the Class supports the requested fee percentage. The Settlement represents approximately 31% of the Settlement Class's estimated maximum potential damages as calculated by Plaintiffs. (ECF No. 128, PageID.11811.) Additionally, the Court previously determined that the Settlement offered Plaintiffs fair and reasonable relief given the complexity of the ERISA law issues presented and the acute risk of continued litigation. (ECF No. 128, PageID.11809.)

Second, Class Counsel, along with their co-counsel Muhic Law, LLC, and liaison counsel Anthony DeLuca, dedicated substantial time and effort, expending a combined 1,197.70 hours of time to November 5, 2024, resulting in a total lodestar of $758,596.50. (ECF No. 123, PageIDs.11409; 11411.). Class Counsel's multiplier in this action is 1.27. (ECF No. 123, PageID.11412.) In this Circuit, the lodestar figure is used to confirm the reasonableness of the percentage-of-the fund award. *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381 (S.D. Ohio 2006) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)). Courts in this District have found fee awards ranging from a multiplier of between approximately 2.0 and 5.0 to be reasonable. *In re Broadwing*, 252 F.R.D. at 381. While the requested fee of $966,667.00 exceeds the lodestar amount of $758,596.50, a fee that exceeds the lodestar is important "to compensate Counsel for the risk they undertook of no payment if the case was unsuccessful." Id. at 381–82. Here, Plaintiffs' Counsel undertook representation of the Class on a contingent fee basis, bearing the risk of recovery inherent in litigation over the past three and a half years. (ECF No. 122, PageID.11378.) This weighs in favor of finding the request reasonable under the third factor.

The remaining factors also support the requested attorneys' fee. "Class actions such as this 'have a value to society more broadly, both as deterrents to unlawful behavior—particularly when the individual injuries are too small to justify the time and expense of litigation—and as private law enforcement regimes that free public sector resources.'" *Ganci*, 2019 WL 6485159, at *7 (citing *Gascho v. Global Health Fitness Holdings*, LLC, 822 F.3d 269, 287 (6th Cir. 2016)). For this reason, ensuring attorneys willing to represent employees in ERISA litigation are adequately compensated is in the

public interest. *Rankin v. Rots*, No. 02-CV-71045, 2006 WL 1791377 at *1–3 (E.D. Mich. 2006). (citations omitted). The well-known complexity of ERISA litigation also weighs in favor of adequate compensation for attorneys to ensure adequate representation for future claims in this area. Finally, in considering fee requests, courts consider the professional skill and standing of counsel. Plaintiffs retained Capozzi Adler, a firm named Lead or Co-Lead interim Class Counsel in numerous breach of fiduciary duty class actions in this District and across the nation. (ECF No. 123, PageID.11415–21.) Counsel for Defendants, Sidley Austin LLP, are one of the preeminent firms in the country defending analogous ERISA class actions. (ECF No. 122, PageID.11383.) This Settlement was achieved after three years of negotiations, motion practice, and fact and expert discovery between experienced counsel on both sides.

For these reasons, the Court finds that the requested fee meets the criteria established by the Sixth Circuit. Additionally, no Class Members have objected to the contemplated award of attorneys' fees, and the percentage sought is also reasonably within the range of percentage fee awards generally accepted in this District. *See e.g.*, *In re Cardizem*, 218 F.R.D. at 532 (recognizing that fees of 20–30% are generally awarded in this Circuit); *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 1996 WL 780512, at *16 (E.D. Mich. 1996) (recognizing that the acceptable range of fee awards is 20% to 50% of the common fund). Applying the percentage of the fund approach, the Court finds that the requested fee amount of 31 1/3% of the Settlement Fund is fair and reasonable.

### B.  Expenses

"Expense awards are customary when litigants have created a common settlement fund for the benefit of a class." *In re Delphi Corp. Sec., Derivative & ERISA Litig.*, 248

F.R.D. 483, 504 (E.D. Mich. 2008). "Under the common fund doctrine, class counsel are entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses." *In re Cardizem*, 218 F.R.D. at 535.

Plaintiffs seek reimbursement of costs and expenses in the amount of $100,000.00 for prosecuting the settled claims on behalf of the Class. Combined expenses were $160,814.66, which included costs related to experts, filing fees, and legal research. (ECF No. 122, PageID.11388.) Expenses are capped at $100,000.00 under the Settlement. (ECF No. 123, PageID.11412.). Class Representatives approve Counsel's request, and no Class Member has objected to the request for reimbursement of expenses. The Court finds it reasonable to authorize the reimbursement of expenses in the amount of $100,000.00.

### C.    Case Contribution Awards

The Sixth Circuit recognizes "[i]ncentive awards are typically awards to class representatives for their often extensive involvement with a lawsuit." Hadix v. Johnson, 322 F.3d 895, 897 (6th Cir. 2003). Incentive awards help encourage members of a class to become class representatives and reward individual efforts of these representatives taken on behalf of the class. *Id.* Courts within the Sixth Circuit deciding whether to approve an incentive award have considered the following factors:

> (1) the action taken by the Class Representatives to protect the interests of Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.

*M.R. v. Lyon*, No. 17-11184, 2018 WL 4179635, at *5 (E.D. Mich. 2018).

Here, the Court approved the Final Settlement based in part on the substantial benefit to the Class. (ECF No. ECF No. 128, PageID.11809.) The Class Representatives have been closely involved in this litigation, gathering and reviewing documents, sitting for depositions, participating in settlement negotiations, and monitoring Class Counsel and the progress of the case. (ECF No. 122, PageID.11390–2.) Mr. Harris and Mr. Garrett attended the settlement conference with Magistrate Judge Stafford. (*See* ECF No. ECF No. 127, PageID.11782. *See also* Plaintiff declarations, ECF Nos. 123-8–10.) While Class Representatives have not assumed substantial financial risk, they did provide significant assistance to Class Counsel over the course of this litigation, spanning over three years. This weighs in favor of approving the incentive award. *See M.R.*, WL 4179635 at *5. (finding incentive awards appropriate when benefit to the class and time and effort expended outweighed the absence of substantial financial risk). *See also Bowles v. Sabree*, No. CV 20-12838, 2022 WL 17582005, at *2 (E.D. Mich. 2022) (same). Additionally, when neither Defendants nor individual class members have opposed incentive awards after receiving Notice, Courts also consider the absence as a factor in favor of approval. *See Carr v. Guardian Healthcare Holdings, Inc.*, No. 2:20-CV-6292, 2022 WL 501206, at *11 (S.D. Ohio 2022); *In re Cardizem*, 218 F.R.D. at 535. Here, neither Defendants nor any Class Members have objected to representative awards.

An incentive award amount of $10,000 has been approved in many cases across the circuit. *See Carr*, 2022 WL 501206 at *11 (listing cases). As a percentage of the Settlement Award ($10,000.00 is 0.34% of the $2,900,000.00 Settlement Amount), the amount is also reasonable compared to similar awards. *See, e.g., Dover Glen Condo.*

8

*Ass'n v. Oakland Cnty.*, No. CV 22-11468, 2022 WL 17337815, at *5 (E.D. Mich. 2022) ("the requested amount of a $2,500 incentive award out of a $940,000 settlement (0.26%) is well within the normal range that is awarded."); *Brotherton v. Cleveland*, 141 F.Supp.2d 907, 913–14 (S.D. Ohio 2001) (granting a $50,000 incentive award out of a $5.25 million fund (0.95%)); *Nolan v. Detroit Edison Co.*, No. 18-cv-13359, 2022 WL 16743866 (E.D. Mich. 2022) (approving $15,000 award for class representative out of a $5,500,000.00 settlement (0.27%)).

For these reasons, the Court finds it reasonable to authorize the incentive awards in the amount of $10,000.00 for the Named Plaintiffs.

### D.  Review by Independent Fiduciary

Article 2 of the preliminary Settlement Agreement provides for the retention of an Independent Fiduciary to determine the reasonableness of the settlement. (ECF No. 123-1, PageID.11432–3.) Defendants retained Fiduciary Counselors, a firm with extensive experience with settlements involving ERISA plans. (ECF No. 127, PageID.11780.) A supplemental brief filed on December 30, 2024, included a detailed report from Fiduciary Counselors approving and authorizing the Settlement on behalf of the Plan and in accordance with the preliminary Settlement Agreement and ERISA. (ECF No. 127-2.). The report also found the requested attorneys' fees, expenses, and incentive awards are reasonable under ERISA.

For all of the above reasons, this Court finds that the attorneys' fees, reimbursement fees, and incentive award are appropriate.

### IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Award of Reasonable Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards to the Plaintiffs.

The Court awards and approves attorneys' fees in the amount of $966,667.00.

The Court approves the reimbursement of expenses in the amount of $100,000.00

The Court approves Case Contribution awards in the amount of $10,000.00 to the Named Plaintiffs in the action.

SO ORDERED.

                s/ Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: January 27, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2025, by electronic and/or ordinary mail.

                s/ Marlena Williams
                Case Manager